IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG | : |
| Plaintiff, | : Case No. 07-555 |
| v. | : |
| ING DIRECT | : |
| Defendant. | : |

## ANSWER

Defendant ING Bank, fsb ("ING Bank" or "Defendant"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned counsel, hereby responds to the corresponding paragraphs contained in the Complaint as follows:

1. The allegations of paragraph 1 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 1 alleges facts, ING Bank denies them.

2. ING Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies them.

3. Admitted.

4. Admitted only that Plaintiff was formerly employed by ING Bank at its facility located at 802 Delaware Avenue, Wilmington, Delaware. Denied that any discriminatory conduct occurred either in connection with Plaintiff's employment or termination of employment with ING Bank.

5.  Denied that any discriminatory conduct occurred in connection with Plaintiff's employment or termination of employment with ING Bank on August 16, 2005 or at any other time.

6.  Denied that any discriminatory conduct either has occurred or continues to occur in connection with Plaintiff's employment or termination of employment with ING Bank.

7.  Denied.

8.  Denied.

9.  Admitted only that the Equal Employment Opportunity Commission issued Plaintiff a Notice-of-Right-to-Sue letter. ING Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 and therefore denies them.

10.  Admitted that ING Bank hired Plaintiff as a Database Support Engineer III on April 11, 2005 and terminated his employment for poor performance on August 16, 2005. Also admitted that ING Bank did not pay Plaintiff for "pto" days upon the termination of his employment per company policy and the Standard Employment Terms and Conditions document executed by Plaintiff. Further admitted that after Plaintiff's termination, Defendant hired an individual younger than Plaintiff to assume the duties of Database Support Engineer III. All remaining allegations in paragraph 10 are denied.

11.  Denied that ING Bank discriminated against Plaintiff with respect to his race or any other legally protected classification.

12.  Admitted that Plaintiff attached certain documents to the Complaint. Denied that the documents Plaintiff attached to the Complaint either constitute a Charge of Discrimination as defined by 29 CFR § 1601.12 or that these documents are the Charge of Discrimination Plaintiff

filed with the Equal Opportunity Commission on November 22, 2006 regarding his employment with ING Bank. To the extent further response is required with regard to the letter attached to the Complaint, ING Bank admits only the following:

    a. ING Bank hired Plaintiff as a Database Support Engineer III effective on April 11, 2005;

    b. On May 24, 2005 ING Bank evaluated Plaintiff's performance. The performance evaluation form dated May 24, 2005 and attached to the Complaint speaks for itself;

    c. On June 22, 2005, ING Bank evaluated Plaintiff's performance. The performance evaluation form dated June 22, 2005 and attached to the Complaint speaks for itself;

    d. On July 11, 2005, ING Bank evaluated Plaintiff's performance. The performance evaluation form dated July 11, 2005 and attached to the Complaint speaks for itself;

    e. ING Bank terminated Plaintiff's employment for poor performance on August 16, 2005;

    f. Plaintiff's probationary period was extended an additional 30 days.

ING Bank lacks knowledge or information sufficient to form a belief as to the truth of all allegations in the documents attached to the Complaint regarding or related to Plaintiff's alleged traffic accident, injuries or medical condition and therefore denies them. All remaining allegations contained in the documents attached to the Complaint are denied.

    13. The allegations of paragraph 13 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 13 alleges facts, ING Bank denies them.

    14. The allegations of paragraph 14 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 14 alleges facts, ING Bank denies them.

WHEREFORE Defendant ING Bank prays that the Court dismiss the Complaint with prejudice, tax costs against Plaintiff and grant Defendant ING Bank such other and further relief as the Court deems proper and just.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to establish that Plaintiff satisfied his duty to mitigate or avoid damages allegedly sustained.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to support an award of some or all of the damages Plaintiff seeks.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks recovery of damages that he has not yet incurred, all such damages are speculative.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Plaintiff is not now, nor has he at any relevant time been, a qualified person with a disability.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant had no actual or constructive knowledge of many of the alleged concerns and/or complaints set forth in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

All of Defendant's decisions with respect to Plaintiff were made for legitimate, non-discriminatory reasons.

### NINTH AFFIRMATIVE DEFENSE

Defendant has adopted, publicizes, and enforces effective anti-discrimination policies and otherwise makes good faith efforts to comply with all applicable discrimination laws.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part because Plaintiff failed to file a charge timely with the Equal Employment Opportunity Commission.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part because Plaintiff failed to exhaust his administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff did not ask Defendant either verbally or in writing for a reasonable accommodation to perform his job as required by the Americans With Disabilities Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

Title VII of the Civil Rights Act of 1964, as amended, does not provide legal or equitable relief for discrimination on the basis of age or alleged disability.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff did request a reasonable accommodation, ING Bank satisfied any obligation it had to provide such an accommodation.


Dated: January 7, 2007

/s/ David P. Primack
David P. Primack (**I.D. No. 4449**)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com

OF COUNSEL:
David J. Woolf (*pro hac vice* admission pending)
Edward N. Yost (*pro hac vice* admission pending)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

Attorneys for Defendant ING Bank, fsb

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG | : |
| Plaintiff, | : Case No. 07-555 |
| v. | : |
| ING DIRECT | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of the foregoing Answer was timely served by first class mail, postage prepaid, upon the following:

> Xianhua Zhang
> 212 Yorktown Court
> Malvern, PA 19355

Dated: January 7, 2007

/s/ David P. Primack
David P. Primack (**I.D. No. 4449**)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com