## In the U.S. District Court for the District of Delaware

Xianhua Zhang
Plaintiff

vs.

ING Direct
Defendant



Case No. 07-555

Jury Trial Demanded

### Plaintiff, Xianhua Zhang's Pleading To Defendant ING Direct's Affirmative Defenses

1. Denied. Allegation is contradictory to the facts and groundless. Plaintiff has submitted plenty of evidences in Complaints.

2. Denied. Plaintiff was discharged illegally on August 16, 2005 by ING Direct and filed the charge with EEOC on May 30, 2006 that is within 300 day Time-Frame set by the law.

3. Denied. Plaintiff has submitted plenty of evidences in Complaints to prove that he is fully qualified for the job and much better than his much younger replacement.

4. Denied. Plaintiff has submitted plenty of evidences in Complaints.

5. Denied. Plaintiff has submitted plenty of evidences in Complaints. Because of Defendant's illegal discharge, Plaintiff has suffered lost of wage, benefits, personal time off pay and business off time pay. In addition, both Plaintiff and his family have suffered physically and emotionally.

6. Denied. ADA protects a person as legally disabled if the person falls into one of the following three categories: 1. Person has a physical or mental impairment that substantially limits a major life activity. 2. Person has a record or history of impairment. 3. Person is regarded by employer—even incorrectly—as having a disability. Based on evidences, all three categories work for my ADA claim because I am a qualified employee who had approved that I can perform the job of Database Support Engineer III successfully but was discharged due to my disabilities and the fact that Defendant considered my impairments as an unconquerable obstacle to work and type with speed that meets her requirements. The discharge definitely violates ADA law.

7. Denied. Plaintiff has submitted plenty of evidences in Complaints that are supported by his own experiences and Defendant's illegal discriminations.

8. Denied. Plaintiff has submitted plenty of evidences in Complaints that are supported by his own experiences and Defendant's illegal discriminations.

9. Denied. Facts speak louder than words.

10. Denied. Plaintiff was discharged illegally on August 16, 2005 by ING Direct and filed the charge with EEOC on May 30, 2006 that is within 300 day Time-Frame set by the law.

11. Denied. Plaintiff was never given a chance to exhaust his administrative during his short tenure with Defendant. Because Plaintiff is Asian American, Defendant discharged him rudely and gave him no chances for arguments. Plaintiff was not allowed to go back to him desk to pick up his personal belongings. The security guard even accompanied him to the rest room and marched him out to his car in the face of other people. Such actions damaged his reputation and conveyed a negative message to the public that he was dishonest and not be trusted to stay around or to leave ING Direct unaccompanied. In addition, Defendant promised Plaintiff to bring all his personal belongings without touching them during the discharge meeting when Plaintiff was confined to that small room. However, when Plaintiff found that many of his personal were missing and sent two emails to Defendant to try to get them back on 8/25/05 and 8/29/05 with no reply. All these showed Defendant's ugly face toward a minority worker. Such decision and manner not only violated EEOC race law but also violated Plaintiff's basic human rights. Here Plaintiff **challenges** Defendant: Do you always seize personal belongings of discharged people? Do you always not allow discharged people to pick up their personal belongings? Do you always search personal belongings of discharged people without them knowing and standing by? Do you always use security guard to accompany discharged people to the rest rooms and to leave the property? Do you always deny discharged people of PTO pay and business time off pay?

12. Denied. Plaintiff informed his manager about his disability/impairments during his first and second job evaluations and requested more time and practices to improve his typing skills and working speed as reasonable accommodation.

13. Denied. Title VII of the Civil Rights Act of 1964, as amended, does protect people from discrimination on the basis of age and disability.

14. Denied. Plaintiff did request reasonable accommodation. Defendant did nothing for it.

WHEREFORE, Plaintiff, Xianhua Zhang, prays that the Court grant judgment in his favor and against Defendant, ING Direct plus costs of this suit.

Respectfully submitted,

*Xianhua Zhang*
Xianhua Zhang
------------------------
Plaintiff

Date: 1/23/2008

2



Xianhua Zhang & Wei Liu
212 Yorktown Ct
Malvern PA 19355-8523

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570