IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG<br><br>Plaintiff,<br><br>v.<br><br>ING DIRECT<br><br>Defendant. | Case No. 07-555 (JJF) |

**DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS
DIRECTED TO PLAINTIFF XIANHUA ZHANG**

Defendant ING Bank, fsb ("ING Bank" or "Defendant"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned attorneys, hereby requests, pursuant to Federal Rules of Civil Procedure 26 and 34 and in accordance with the definitions and instructions set forth herein, that Plaintiff Xianhua Zhang produce for inspection and copying by April 9, 2008, the documents specified below.

**GENERAL INSTRUCTIONS**

1. In responding to these requests, you must make a diligent search of your records, papers, and materials in your possession, custody or control or otherwise available to you and furnish all information available to you or subject to your reasonable inquiry. If there is no information responsive to a particular request, so state in writing.

2. Each request is to be answered separately and as completely as possible and all information responsive thereto is to be produced. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to

PHLIT\693786\1

produce all information currently in your possession, custody or control or otherwise available to you.

3. These requests are continuing and if you obtain information from which you come to know that your response was incorrect or incomplete when made or that the response is no longer correct or complete, you must correct or supplement your answers, or both.

4. If you maintain that any document requested herein was at one time in existence, but is not in your possession or under your control or in existence currently, state whether it is missing or lost; has been destroyed; has been transferred to another; or has been otherwise disposed of. In each such instance, describe in detail the contents of the documents and state the location of any copies.

5. If any of the documents requested are not in your possession, identify the person you believe possesses such document.

6. If you object to the production of any information or portion thereof sought by these requests as privileged or otherwise protected from discovery, you must identify the privilege or protection asserted; the person asserting the privilege or protection; and the information sought to be withheld, including without limitation,

    a. In the case of a document, the author and/or signatory of the document; the date of the document; the addressee(s) and the general subject matter of the document; and

    b. In the case of a communication, identify the participants in the communication; the date of the communication; and the general subject matter of the communication.

7. If you object to any portion of a request, you shall produce all information responsive to all other portions of the request to which you assert no objection.

8. In interpreting these requests, definitions, and instructions, any masculine, feminine or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and the words "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

9. If, in responding to a request, you encounter a perceived ambiguity, either in the request itself or in any applicable definition or instruction, answer the request fully, and identify in your answer the perceived ambiguity and the construction thereof used in your answer.

10. Unless stated otherwise in a particular request, answer each request as of the date you serve them and produce all information created, communicated or relating to any transaction or occurrence that happened at any time on or after October 26, 2003.

## DEFINITIONS

Defendant ING Bank incorporates herein the definitions set forth in its First Set of Interrogatories Direct to Plaintiff, served contemporaneously herewith.

## REQUESTS

1. Any and all information, documents and things that support, reflect or relate in any way to any of the facts alleged in the Complaint or the May 24, 2006 letter that you sent to the EEOC.

2. All documents that support your claim that Defendant discriminated against you because of your alleged disability.

3. All documents that support your claim that Defendant discriminated against you because of your alleged age.

4. All documents that support your claim that Defendant discriminated against you because of your alleged race.

5. All documents related to ING Bank's hiring of you, including all offer letters, expression of intent and interview schedule.

6. Any and all documents that constitute, reflect or relate to any communication between you and ING Bank concerning any and all of the facts or matters alleged in the Complaint, including without limitation any and all documents that you have given or otherwise transmitted to ING Bank; that you have received or otherwise obtained from ING Bank; or that constitute, discuss or otherwise pertain in any way to correspondence, written or oral communications, conversations or other communications with ING Bank.

7. All documents that reflect, relate or refer to evaluation, diagnosis or treatment you have sought or received at any time on or after August 16, 2005, of or for any physical, psychological or emotional conditions, including without limitation, all test results, medical records, reports, correspondence, prescriptions, bills, statements and insurance forms.

8. All documents that reflect, relate or refer to evaluation, diagnosis or treatment you have sought or received at any time before August 16, 2005, of or for any psychological or emotional conditions, including without limitation, all test results, medical records, reports, correspondence, prescriptions, bills, statements and insurance forms.

9. To the extent not produced in response to any of the preceding requests, all documents concerning the disability that you allege that you have in the complaint.

This request includes all documents concerning the diagnosis and treatment of your condition and all test results, medical records, reports, correspondence, prescriptions, bills, statements and insurance forms.

10. All documents that evidence, relate or refer to the amount or source (or both) of any and all income, from whatever source derived, that you received on or after August 16, 2005, including without limitation all employment or independent contractor agreements, wage payment documents (pay stubs), your federal, state, and local income tax forms (including all schedules, attachments and supporting documents), Forms W-2, Forms 1099, unemployment compensation benefit documents, worker's compensation benefit documents, and short or long-term disability benefit documents or other insurance payment documents.

11. All documents relating to attempts you made to obtain employment or other work for compensation at any time on or after August 16, 2005, including but not limited to, all employment applications that you submitted, resumes that you submitted, correspondence that you sent or received, notes that you kept, offers of employment that you received, and/or refusals of employment that you received.

12. With regard to each and every employer for whom you have worked, provided services, and/or been offered employment with since August 16, 2005, all documents that reflect the date on which you started such employment, your position, work responsibilities or terms and conditions of employment or other work relationship with such employer.

13. All diaries, journals or notes that you made, retained or acquired, whether prepared by you or someone else, concerning or relating to your employment with ING

Bank and/or the events alleged in the Complaint or your May 24, 2006 letter to the EEOC.

14. All documents that evidence, refer, or reflect any and all complaints, whether formal or informal, that you or anyone on your behalf made to anyone at ING Bank concerning conduct you believed to be discriminatory or improper.

15. All documents that refer or relate in any way to your ability to perform your duties in any position you held or sought to hold at ING Bank.

16. All documents that evidence, relate or refer to the level of compensation and/or benefits that you received during your employment with ING Bank, including any such documents evidencing any increases or decreases in compensation and/or benefits.

17. All documents that evidence, refer or relate to any harm or damage you believe you have suffered as a result of the conduct of ING Bank, including alleged monetary, emotional or other harm.

18. All documents that support your allegation in the Complaint that you were terminated from employment with ING Bank on August 16, 2005, including any termination letters or notices that were provided to you.

19. All documents that support your belief, as expressed in paragraph 10 of the Complaint, that ING Bank terminated you because of your race, age and disability.

20. All documents that refer to, evidence, or constitute a request by you for any reasonable accommodation to which you maintain you were entitled.

21. All documents you or your attorneys or agents have submitted to or received from the United States Equal Employment Opportunity Commission ("EEOC"), the Delaware Department of Labor, or any other administrative agency, body or tribunal

concerning any of the allegations set forth in the Complaint, your employment with ING Bank or the termination of that employment.

22. All documents that you took with you and/or retained for any period of time after your employment with ING Bank concluded.

23. All documents that describe or identify any civil or criminal litigation in which you have been involved, whether as a witness or a party since August 15, 1995.

24. All documents that you reviewed and/or considered in responding to Defendant's First Set of Interrogatories or which you identified in response to such interrogatories.

25. All documents concerning your May 22, 2005 conversations with Kelley Yohe including any notes or emails that you have about that conversation.

26. All documents that describe your job performance while employed by ING Bank regardless of whether or not you agree with the documents. This request includes all formal and informal performance reviews that you received.

27. All documents that support your claim in the exhibits to the Complaint that your assignments "changed fundamentally" from after your first performance evaluation.

28. All documents concerning your June 22, 2005 conversation with Kelley Yohe, including all notes or emails that you have about the conversation.

29. All documents that you received from anyone at ING Bank concerning or describing the work you performed or were to perform during your employment at ING Bank.

30. All notes that you took concerning your employment with ING Bank and/or the work you performed at ING Bank.

31. All notes of any conversations that you had with Kelley Yohe or any other ING Bank employee.

32. All documents concerning your July 29, 2005 conversation with Kelley Yohe, including any notes or emails about the conversation.

33. All documents that support your claim in the exhibits to the Complaint that after July 29, 2005, you were "placed on-call and got other benefits such as personal time off, business card and 401(k)."

34. All documents concerning your August 16, 2005 conversation with Kelley Yohe and Naomi Seramone including any notes or emails about the conversation.

35. All documents that support your claim in the exhibits to the Complaint that ING Bank withheld your personal property after the termination of your employment from the company.

36. All documents that support your claim in the exhibits to the Complaint that the termination of your employment from ING Bank was a "heavy blow" both "mentally and physically" to you.

37. All documents that support your claim in the exhibits to the Complaint that ING Bank "hired a much younger man with much less experience" to replace you after your employment with ING Bank terminated.

38. All documents that support your claim in the exhibits to the Complaint that you received an oral performance evaluation from ING Bank and all documents that describe or refer to that evaluation.

39. All documents that support your claim in the exhibits to the Complaint that the ability to type quickly is not an "essential function for the job Database Support Engineer III."

40. All documents that support your claim in the exhibits to the Complaint that "onerous working requirements were 'constructively' [sic] created to make way to discharge" you.

41. All documents that support your claim in the exhibits to the Complaint that your "impairment is that [you] could not type very fast and work fast continually since [your] right hand is weak and needs some rest from time to time."

Dated: March 10, 2008

/s/ David P. Primack

David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

Attorneys for Defendant ING Bank, fsb

## CERTIFICATE OF SERVICE

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of the foregoing Defendant's First Set of Document Requests Directed to Plaintiff was timely served by first class mail, postage prepaid, upon the following:

>Xianhua Zhang
>212 Yorktown Court
>Malvern, PA 19355

Dated: March 10, 2008

_/s/ David P. Primack_
David P. Primack

PHLIT\693786\1