IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG | : |
| Plaintiff, | : Case No. 07-555 (JJF) |
| v. | : |
| ING DIRECT | : |
| Defendant. | : |

## DEFENDANT ING BANK'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF XIANHUA ZHANG

Defendant ING Bank, fsb ("ING Bank" or "Defendant"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned attorneys, hereby requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Plaintiff Xianhua Zhang serve upon the undersigned counsel written responses, made under oath to the within interrogatories not later than April 9, 2008.

### GENERAL INSTRUCTIONS

1.  In responding to these interrogatories, you must make a diligent search of your records, papers, and materials in your possession, custody or control or otherwise available to you and furnish all information available to you or subject to your reasonable inquiry. If there is no information responsive to a particular interrogatory, so state in writing.

2.  Each interrogatory is to be answered separately and as completely as possible and all information responsive thereto is to be produced. The fact that investigation is continuing or that discovery is not complete shall not be used as an

excuse for failure to produce all information currently in your possession, custody or control or otherwise available to you.

3. These interrogatories are continuing and if you obtain information from which you come to know that your response was incorrect or incomplete when made or that the response is no longer correct or complete, you must correct or supplement your answers, or both.

4. If you object to the production of any information or portion thereof sought by these interrogatories as privileged or otherwise protected from discovery, you must identify the privilege or protection asserted; the person asserting the privilege or protection; and the information sought to be withheld, including without limitation,

    a) In the case of a document, the author and/or signatory of the document; the date of the document; the addressee(s) and the general subject matter of the document; and

    b) In the case of a communication, identify the participants in the communication; the date of the communication; and the general subject matter of the communication.

5. If you object to any portion of an interrogatory, you shall produce all information responsive to all other portions of the interrogatory to which you assert no objection.

6. In interpreting these interrogatories, definitions, and instructions, any masculine, feminine or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and the words "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

7. If, in responding to an interrogatory, you encounter a perceived ambiguity, either in the interrogatory itself or in any applicable definition or instruction, answer the

interrogatory fully, and include in your answer an identification of the perceived ambiguity and the construction thereof used in your answer.

8. Unless stated otherwise in a particular interrogatory, answer each interrogatory as of the date you serve them and produce all information created, communicated or relating to any transaction or occurrence that happened at any time on or after April 11, 2005.

9. If you exercise the option under Fed. R. Civ. P. 33(d) to produce documents in lieu of responding to any interrogatory, you shall produce such documents separately, designate the interrogatory or interrogatories to which the documents respond, and identify the file or other source from which you obtained the documents.

10. Identify, for each separate interrogatory, the person(s) who supplied the information provided.

## DEFINITIONS

1. The terms "Plaintiff," "you," and "your" refer to the named Plaintiff, Xianhua Zhang, and his attorneys and representatives.

2. The terms "ING Bank" and "Defendant" refer to ING Bank, fsb and its subsidiaries, parents and related entities, and includes, within the definition, their present and former directors, officers, employees, attorneys, agents and representatives.

3. The term "Complaint" refers to the court complaint that you filed against ING Bank in this case.

4. The term "person" means any natural person and any entity of any description whatsoever, including without limitation a sole proprietorship, partnership, corporation, association, joint venture or other organization.

5. The term "document" is used in the broadest possible sense and refers to all information stored in any form whatsoever, including data stored or contained in computers, on computer tapes, computer discs or any other computer-related storage device, audio recordings, video recordings, still photographs, and all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notes made on such copies or otherwise. Examples of documents include, but are not limited to, correspondence, memoranda, e-mails, notes (handwritten, typed or otherwise), affidavits, statements, letters, minutes, agendas, contacts, reports, studies, checks, statements, receipts, summaries, interoffice and intraoffice communications, ledgers, appointment calendars, offers, notations of any sort of conversation (including without limitation telephone conversations or meetings) and all drafts, alterations, modifications, changes or amendments of any of the foregoing, and any and all mechanical, magnetic or electronic recordings or reproductions of any kind of any of the foregoing.

6. The term "communication" means the transfer of information, ideas, opinions or thoughts by any means, whether oral, written, electronic or other, from or to any person.

7. The term "identify" means, with respect to a document, to state the document's title, author(s), addressee(s) and all other recipients, and the document's date, subject matter, and current location and custodian.

8. The term "identify" means, with respect to a person, to state the person's full name, and in the case of an entity other than a natural person, the nature of the entity; the person's last known residential address and telephone number; the person's last

known business address and telephone number; the employer, company or business affiliation at the date of the matter referred to; the title and duties in the employer, company or business with which the person was affiliated; and the person's current employer, company or business affiliation and title and duties therein.

9. The term "identify" means, with respect to a communication, to state the date, type, mode, and location of the communication; the identity of all parties to the communication; the substance of the communication; and a description of any documents reflecting or in any way relating to the communication.

10. The phrase "describe in detail" requires, with respect to an act, transaction, relationship, thing or occurrence:

    a) A full description of such act, transaction, relationship, thing or occurrence by reference to underlying facts (rather than to ultimate facts or conclusions of fact or law), including identification of dates, places, persons involved, and manner or means employed;

    c) Identification of the source or sources of information concerning such act, transaction, relationship, thing or occurrence, including the date on which you received or learned of such information;

    d) Identification and general description of each document reflecting, relating to, referring to or evidencing such act, transaction, relationship, thing or occurrence; and,

    e) Identification of each person likely to have knowledge of or information relating to such act, transaction, relationship, thing or occurrence.

11. The phrase "state all facts" requires, with regard to a contention you have made against Defendant, that you:

    a) Specify each and every fact or other information that you believe supports or provides the foundation or basis for the contention in question;

    b) Identify each and every source of the information, including each date you received or learned of such information;

c)  Identify each document that reflects or relates in any way to such facts or other information; and

d)  Identify each person who is likely to have knowledge of such facts or other information.

## INTERROGATORIES

1.  Do you believe that ING Bank or any of its employees have made any statements that show an intent to unlawfully discriminate against you or that you were the victim of discrimination? If so, state separately, for each such statement, the substance of the statement, the date of the statement and the person(s) whom you contend made such statement.

**ANSWER:**

2.  Have you applied, since August 16, 2005, for a new job or other type of work for compensation? If so, describe in detail the efforts you made to obtain work or employment, including the date of each such effort, the name of the employer, the position or type of work for which you applied, the terms and conditions of the prospective employment or work relationship and the disposition and reason(s) for the disposition of your application.

**ANSWER:**

3. Have you held a job since August 16, 2005? If so, for each job you have held at any time since August 16, 2005 (including work you have performed as an independent contractor, consultant or self-employed person), identify the employer; the position held (and any changes thereto); your duties and responsibilities (and any changes thereto); the dates of employment (including any breaks in service) and the reason(s) any such employment ended; the salary at the commencement of your employment and each adjustment thereto (by date and amount); any additional compensation received (by type, date received, and amount); any benefits available to you in connection with each such employment; and the person to whom you reported.

**ANSWER:**

4. Did you limit your job search at all at any time after separating from ING Bank? If so, describe in detail each and every limitation or restriction you placed upon your search for work or employment following your separation from ING Bank, including but not limited to compensation, location of the job or work site, hours or number of hours of work, and restrictions of job duties and responsibilities.

**ANSWER:**

5. Have you ever been a party to litigation, civil or criminal (i.e., have you ever sued another person or company or been sued)? If so, state the full name of each lawsuit to which you have been a party, the docket number and the court in which it was filed.

**ANSWER:**

6. Identify each and every person who you allege participated in, witnessed or overheard statements made at the May 22, 2005 meeting to which you refer in the exhibits to the Complaint.

**ANSWER:**

7. Identify each and every person who you allege participated in, witnessed or overheard statements made at the June 22, 2005 meeting to which you refer in the exhibits to the Complaint.

**ANSWER:**

8. Identify each and every person who witnessed or heard or whom you believe witnessed or heard Ms. Yohe tell you on July 29, 2005 that you passed the introductory performance appraisal as you allege in the exhibits to the Complaint.

**ANSWER:**

9. Identify each and every person who you allege participated in, witnessed or overheard statements made at the August 16, 2005 meeting to which you refer in the exhibits to the Complaint.

**ANSWER:**

10. Have you sought treatment, or consulted with, or been treated by any medical provider, including, without limitation, a psychiatrist, psychologist, therapist, counselor or mental health professional, for any harm or damage alleged in the Complaint? If so, please state the name and address of each medical provider with whom you have consulted and/or who has rendered treatment to you, listing the dates and duration of any such consultation or treatment, and setting forth the name, date and amount of any medication prescribed to treat the alleged harm or damage.

**ANSWER:**

11. Have you ever sought treatment, or consulted with, or been treated by any medical provider, including, without limitation, a psychiatrist, psychologist, therapist, counselor or mental health professional, for any mental health-related reason, at any time during your lifetime? If so, please state the name and address of each medical provider you have consulted and/or who has rendered treatment to you, listing the dates and duration of any such consultation or treatment, the reason(s) for such treatment or consideration, and setting forth the name, date and amount of any medication prescribed.

**ANSWER:**

12. Have you earned any income since your separation from ING Bank on August 16, 2005? If so, identify any and all income received by you from any source between August 16, 2005, and the present date, including, without limitation, IRS form 1099 income, income derived from any government agency, employment related compensation, bequests, capital gains, rental income, or other source, identifying the exact amount of such income.

**ANSWER:**

13. Do you claim that you had a disability or any type of physical or mental limitation between April 11, 2005 and August 16, 2005? If so, please describe your disability or condition in detail including the date such condition began, any work or other restrictions resulting from the condition, the identities of any healthcare provider who diagnosed or treated you for such condition, and the current status of such condition.

**ANSWER:**

14. Did you request accommodation or change in your work duties as a result of your medical condition? If so, identify each request for an accommodation that you made to ING Bank, the date you requested the accommodation, the manner of communication (written document, oral statement, electronic communication, etc.), the person(s) to whom you requested the accommodation, any witnesses to your request(s), and all documents that constitute, refer to or relate to your request(s).

**ANSWER:**

15. For each medical provider for whom you have ever sought treatment for any condition or disability that you maintain you had between April 11, 2005 and August 16, 2005, please state the name and address of each medical provider you have consulted and/or who has rendered treatment to you, listing the dates and duration of any such consultation or treatment, the reason(s) for such treatment or consideration, and setting forth the name, date and amount of any medication prescribed.

**ANSWER:**

16. Identify each person with whom you have discussed your termination or your claims or other facts relevant to this lawsuit, and for each person, describe the substance of the discussion(s).

**ANSWER:**

17. Identify each person supplying information or assisting in the preparation of your answers to these Interrogatories and state that person's relationship to you.

**ANSWER:**

Dated: March 10, 2008

*/s/ David P. Primack*
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

Attorneys for Defendant ING Bank, fsb

## CERTIFICATE OF SERVICE

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of the foregoing ING Bank's First Set of Interrogatories Directed to Xianhua Zhang was timely served by first class mail, postage prepaid, upon the following:

                                      Xianhua Zhang
                                      212 Yorktown Court
                                      Malvern, PA 19355

Dated: March 11, 2008

_____
David P. Primack