**In the U.S. District Court for the District of Delaware**

Xianhua Zhang
Plaintiff

vs.

ING Direct
Defendant



Case No. 07-555

Jury Trial Demanded

**Plaintiff's Responses to Interrogatories Set One from Defendant**

1. Yes. Kelley Yohe, Defendant's Team Lead Database Services repeatedly stated that she needs someone who can work fast and type fast on my job review meetings with her on 5/25/05, 6/22/05, 7/12/05 and other occasions despite the fact that those two requirements are not essential job functions for Database Support Engineer III and even though she had already known my serious impairments with right neck/shoulder caused by traffic accident.

   During discharge meeting on 8/16/05, Naomi Seramone HR Defendant also accused me of not working and typing fast although I repeated my request for more time to improve my typing speed and also stated that I had been promised with this request to have more time to work on typing speed. Discriminations against me by Defendant are mainly and further verified and supported by those evidences but not limited to -- the discharge process; seizure of my personal belongings, PTO and business time off pay and replacement for my job and etc.

2. Objection. This interrogatory exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. Nevertheless, I did work hard to apply for new jobs because I am the main home supporter and my son just went to college in 8/05.

3. I have been working with CDI as DBA-Oracle since the end of 11/05. This is a consulting job with hourly rate of $53 without any benefits.

4. No. I had done my best to find a new job after the unlawful discharge by ING Direct because I have a family to support and my son just went to college.

5. Objection. This interrogatory exceeds the scope of permissible discovery related to this case.

6. Kelley Yohe.

7. Kelley Yohe.

8. Kelley Yohe who put me on on-call schedule after that day. Members of Database Services team who was informed of on-call schedule. ING Direct employees who took part in that

company Probation Ending meeting held around 8/10/2005 and who set up my enrollment into Defendant sponsored company 401K program.

9. Kelley Yohe, Naomi Seramone and Yan Shi who brought my personal property in a paper box instead of in that small cabinet intact as promised by Defendant to that small meeting room when I was confined there.

10. The following health care providers have treated me for serious injuries caused by that 1/24/03 accident. No guarantee that all addresses are correct.
Dr. Harold White, 219 S Queen St Lancaster, PA 17603
Lancaster General Hospital, 555 N Duke St, Lancaster
Orthopedic Consultants, 703 Lampeter Rd Lancaster, PA 17602
Community Hospital of Lancaster, 1100 East Orange Street Lancaster, PA 17604
Ostrow & Associates, 325 Gordon Dr Exton, PA 19341
St. Peters Bone & Joint Surgery, 112 Piper Hill Drive, First Floor St. Peters, MO 63376
**St. Charles Sports & Physical Therapy**, 1840 Zumbehl Rd. St. Charles, MO 63303
Ruggiero Orthopaedic Assoc Ltd, 266 Lancaster Avenue Suite 200 Malvern, PA 19355
Advanced Spine Sports Therapy, 266 Lancaster Avenue Suite 200 Malvern, PA 19355
Rittenhouse Imaging, 1705 Rittenhouse Sq Philadelphia, PA 19103
Chestmont Neurosurgical, 958 County Line Road Bryn Mawr, PA 19010
Frazer Family Chiropractor and Wellness Center, 384 Lancaster Ave Ste A, PA 19355

11. None.

12. Objection. This interrogatory exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. Nevertheless, I did get $7472 of unemployment compensation after 8/16/05 and before I started to work for CDI as DBA-Oracle since the end of 11/05 with hourly rate of $53 without any benefits.

13. Yes. There have been serious impairments to my right neck and right shoulder caused by herniated discs at the C4-5 and C5-6 levels as a result of the accident on 1/24/2003. The pains are constant and will increase greatly with the use of my head, neck and right shoulder/arm since the accident. I can not move my neck, right shoulder/arm as freely as I did before the accident. I am right handed. My right hand used to be much stronger than my left hand. But now it becomes much weaker, slower and less deft after the accident that has caused me lots of restraints and troubles. For example, now I have to use my left hand primarily to drive. My typing speed is slower than I did before the accident. I can no longer use the mouse as long and as quickly as I did before the accident with my right hand and I have to switch use of mouse to my left hand from time to time. I have to take very short rests once a while during work due to the tiredness of right arm/shoulder and the distraction of pains. After more than five years of that accident, I am still receiving treatment and doing home exercise programs daily. Just like a fish stick in the throat, they are popped out discs in the neck and trouble me more severely around the clock. The plan to do neurological surgery as means to try to fix herniated discs is also an option if the injuries do not get improved or cured

14. Yes. I told Kelley Yohe about my injuries and serious impairments with request to get more time to improve my typing speed during my first job review meeting on 5/25/05. I also put

similar request in the field 'Areas to Focus On' on the form for the second job review. During the discharge meeting on 8/16/05, I repeated my request for more time to improve my typing speed and also stated that I had been promised with this request to have more time to work on typing speed but without getting any generosities.

15. I was doing home exercise programs required by doctors as part of treatment daily.

16. Objection. This interrogatory exceeds the scope of permissible discovery related to this case as it seeks information and documents protected by attorney client privilege.

17. Objection. This interrogatory exceeds the scope of permissible discovery related to this case as it seeks information and documents protected by attorney client privilege.

*Xianhua Zhang*
Xianhua Zhang
-------------------------------

Plaintiff

Date: 4/9/2008

CERTIFICATE OF SERVICE

I, Xianhua Zhang, hereby certify that a true and correct copy of Plaintiff's Responses to Interrogatories Set One from Defendant has been electronically and timely mailed upon the following:

David P. Primack   David.Primack@dbr.com – Attorney for Defendant
David J. Woolf     David.Woolf@dbr.com – Attorney for Defendant
Edward N. Yost    Edward.Yost@dbr.com – Attorney for Defendant


*Xianhua Zhang*
Xianhua Zhang
----------------------------
Plaintiff

Date: 4/9/2008



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, DE 19801-3570

U.S.M.S.
X-RAY



Xianhua Zhang & Wei Liu
212 Yorktown Ct
Malvern, PA 19355-8523