In the U.S. District Court for the District of Delaware

Xianhua Zhang
Plaintiff

vs.

ING Direct
Defendant



Case No. 07-555

Jury Trial Demanded

**Plaintiff's Interrogatories Directed to Defendant - Set No. 1**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Xianhua Zhang, serve the within Interrogatories on Defendant, ING Direct and make demand on Defendant to answer Interrogatories under oath within thirty (30) days of the date of service hereof.

### Instructions

1. These Interrogatories are considered to be continuing and should be modified or supplemented as Defendant obtains additional information of this case. If Defendant obtains information from which you come to know that your response was incorrect or incomplete when made or that the response is no longer correct or complete, you must correct or supplement your answers, or both.

2. The answers to these Interrogatories shall reflect the cumulative knowledge of all representatives, agents, attorneys and employees of Defendant whom they are addressed.

3. Where exact information cannot be furnished, estimated information is to be supplied. Where an estimate is to be used, it should be identified as such and accompanied by an explanation as to the basis on which the estimate is made and the reason the exact information cannot be furnished.

4. Where knowledge, information or documents in the possession of Defendant are requested, such request includes knowledge, information or documents in the possession of Defendant's agent, representative or attorneys.

5. If any document was, but no longer is, in Defendant's possession or subject to Defendant's control, state what disposition has been made of it.

6. In responding to these interrogatories, you must make a diligent search of your databases, emails, records, papers, and materials in your possession, custody or control or otherwise available to you and furnish all information available to you or subject to your reasonable inquiry. If there is no information responsive to a particular interrogatory, state in writing.

7. Each interrogatory is to be answered separately and as completely as possible and all information responsive thereto is to be produced. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to produce all information currently in Defendant's possession, custody or control or otherwise available to Defendant.

8. If Defendant objects to the production of any information or portion thereof sought by these interrogatories as privileged or otherwise protected from discovery, Defendant must identify the privilege or protection asserted; the person asserting the privilege or protection; and the information sought to be withheld, including without limitation:

a) In the case of a document, the author and/or signatory of the document; the date of the document; the addressee(s) and the general subject matter of the document; b) In the case of a communication, identify the participants in the communication; the date of the communication; and the general subject matter of the communication.

9. If Defendant objects to any portion of an interrogatory, Defendant shall produce all information responsive to all other portions of the interrogatory to which Defendant asserts no objection.

10. In interpreting these interrogatories, definitions, and instructions, any masculine, feminine or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and the words "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

11. If, in responding to an interrogatory, Defendant encounters a perceived ambiguity, either in the interrogatory itself or in any applicable definition or instruction, answer the interrogatory fully, and include in Defendant's answer an identification of the perceived ambiguity and the construction thereof used in the answer.

12. Unless stated otherwise in a particular interrogatory, answer each interrogatory as of the date Defendant serve them and produce all information created, communicated or relating to any transaction or occurrence when that happened.

13. If Defendant exercise the option under Fed. R. Civ. P. 33(d) to produce documents in lieu of responding to any interrogatory, Defendant shall produce such documents separately, designate the interrogatory or interrogatories to which the documents respond, and identify the file or other source from which Defendant obtained the documents.

14. Identify, for each separate interrogatory, the person(s) who supplied the information provided.

### Definitions

1. "Document" or "documents" includes, without limitation, writings and printed matter of any kind and description, emails, photographs and drawings, notes and records of oral communication, and recordings (tapes, discs or other) of oral communication. In all cases where originals are not available, "documents" also means copies of original documents and copies of non-identical copies.

2. "Identify" as applied to a person means to state the following: (a) full name; (b) title, if any; (c) present home address; (d) present business address; and (e) person, if any, for whom the person identified was acting at the time to which the Interrogatory relates.

3. "Identify" as applied to any writing means to state the following: (a) its date; (b) identity of its author(s); (c) identity of its sender(s); (d) identity of person(s), to whom it is addressed; (e) identity of recipient; (f) format; (g) title; (h) number of pages; (I) complete summary of contents; (j) identity of person(s) known or believed to have possession, custody or access to the writing.

4. "Identify" as applied to an oral statement, conversation or conference means to:
   (a) identify the person making each statement, the person to whom each statement was made, and all other persons present at the time of each statement; (b) state the date of such statement, conversation or conference; (c) state the place where such statement, conversation or conference was held; (d) if by telephone, identify the person receiving the telephone call, the person making the call, and the places where the persons participating in the call were located; and (e) state in detail the substance of each statement, conversation or conference.

5. "Explain" or "state" means to set forth every fact relevant to the answer to the Interrogatory and to set forth each such fact fully and unambiguously.

6. Term "Defendant," "you," and "your" refer to the named Defendant, ING Direct, and its employees, attorneys and representatives. Term "Plaintiff," refer to the named Plaintiff, Xianhua Zhang.

7. Term "communication" means the transfer of information, ideas, opinions or thoughts by any means, whether oral, written, electronic or other, from or to any person.

8. Phrase "describe in details" requires, with respect to an act, transaction, relationship, thing or occurrence:

> a) A full description of such act, transaction, relationship, thing or occurrence by reference to underlying facts (rather than to ultimate facts or conclusions of fact or law), including identification of dates, places, persons involved, and manner or means employed; b) Identification of the source or sources of information concerning such act, transaction, relationship, thing or occurrence, including the date on which you received or learned of such information; c) Identification and general description of each document reflecting, relating to, referring to or evidencing such act, transaction, relationship, thing or occurrence; d) Identification of each person likely to have knowledge of or information relating to such act, transaction, relationship, thing or occurrence.

11. Phrase "state all facts" requires, with regard to a contention you have made against Plaintiff:

> a) Specify each and every fact or other information that you believe supports or provides the foundation or basis for the contention in question; b) Identify each and every source of the information, including each date you received or learned of such information; c) Identify each document that reflects or relates in any way to such facts or other information; d) Identify each person who is likely to have knowledge of such facts or other information.

### Interrogatories

1. Describe in details why Kelley Yohe, Defendant's Team Lead Database Services changed Plaintiff's job assignments fundamentally after Plaintiff's first job review with her on 5/25/05.

2. Describe in details why 'work fast' and 'type fast' is the most important requirement or very important requirement for Oracle Database Support Engineer III.

3. Describe in details why Kelley Yohe still insisted that Plaintiff should use perl that is mainly a tool used by programmers to work on the assignments after Plaintiff informed her that he is not good at perl but he can use shell to get same results.

4. Describe in details why perl is so important for Oracle Database Support Engineer III -- DBA. Describe in details why Defendant considered perl skill more important than Oracle DBA skills when evaluating Plaintiff's job performance. Describe in details whether Defendant treats other Database Support Engineers in the same way.

5. Describe in details why it took Kelley Yohe about 70 days to find that Plaintiff only 'have conceptual knowledge of ORACLE' for this DBA job requiring 'Four-year degree in related discipline with 7 years experience in systems development Minimum of 5 Years of working with Oracle /SQL Server Databases in an administrative and development support role.'?

6. Describe in details why Defendant thinks that Dan Lu -- the replacement of Plaintiff is a better fit for Oracle Database Support Engineer III than Plaintiff.

7. Describe in details Dan Lu's VERIFIED perl and Oracle database and DBA skills.

8. Describe in details how Defendant discharges employees. Does Defendant not allow discharged people to go back to their working area to gather their personal property? Does Defendant use security guards to confine discharged people? Does Defendant seize discharged people's personal property and Personal Time Off and Business Time Off pay?

9. Describe in details how Naomi Seramone HR Defendant told Plaintiff about the way to handle his personal property during discharge meeting on 8/16/05.

10. Describe in details who gave Naomi Seramone right to cheat Plaintiff by promising to bring that small cabinet storing Plaintiff's personal property without touching insides but later went through Plaintiff's personal property in it without Plaintiff permission and knowledge.

11. State all facts why Naomi Seramone not to bring that small cabinet storing Plaintiff's personal property without touching insides to Plaintiff so that he could get his personal property intact.

12. State all facts who gave Defendant right to go through Plaintiff's personal property without Plaintiff permission and knowledge and seize Plaintiff's personal property during discharge.

13. State all facts who gave Defendant right to use security guard to confine Plaintiff during discharge.

14. State all facts why Naomi Seramone still refused to return Plaintiff's personal property seized by Defendant during discharge after she got two emails from Plaintiff on 8/25/05 and 8/29/05.

15. State all facts who gave Defendant right to seize Plaintiff's Personal Time Off and Business Time Off pay.

16. Describe in details about the lead time Defendant requires employees to give before resigning from the company and lead time Defendant gives to discharged employees.

17. State all facts whether Defendant discharged Plaintiff exactly the same way it discharges other employees, including all but not limit to: Personal Time Off and Business Time Off pay, handling of personal property, lead time given, use of security guard etc.

18. Describe in details about Defendant's Personal Time Off and Business Time Off pay policy.

19. Describe in details about qualifications set by Defendant for its employees to be enrolled into Defendant sponsored company 401K program.

20. Describe in details about qualifications set by Defendant for its database engineers in Defendant's Database Services team to be on the on-call schedules.

*Xianhua Zhang*
**Xianhua Zhang**
------------------------------
**Plaintiff**

Date: 4/11/2008

4

CERTIFICATE OF SERVICE

I, Xianhua Zhang, hereby certify that a true and correct copy of the first set of Interrogatories Directed to Defendant has been electronically and timely mailed upon the following:

David P. Primack    David.Primack@dbr.com – Attorney for Defendant
David J. Woolf      David.Woolf@dbr.com – Attorney for Defendant
Edward N. Yost      Edward.Yost@dbr.com – Attorney for Defendant

*Xianhua Zhang*
Xianhua Zhang
----------------------------
Plaintiff

Date: 4/1/2008