IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| v. | : | |
| ING DIRECT | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS ADDRESSED
TO DEFENDANT – SET NO. 1**

Defendant ING Bank, fsb ("Defendant"), improperly referred to as ING Direct, by and through its undersigned attorneys, hereby responds and objects to Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 1.

**INTRODUCTION**

These Responses and Objections to Plaintiff's First Request for Production of Documents reflect Defendant's present knowledge based upon a reasonable search. Defendant reserves the right to amend or supplement these Responses and Objections as further review or the discovery of additional documents may warrant.

These Responses and Objections are made explicitly subject to, and without in any manner limiting, waiving, or otherwise compromising, the General Objections set forth below. Defendant has answered the Requests for Production of Documents as fully and specifically as is reasonably possible without undue burden to it.

PHLIT\706870\1

## GENERAL OBJECTIONS

The following General Objections shall be deemed to be incorporated into Defendant's responses to each and every document Request. These objections will not be waived by the furnishing of information responsive to a document Request. Defendant reserves the right to amend, supplement, or revise these General Objections.

1. Defendant objects generally to the Requests to the extent they purport to seek information protected by the attorney-client privilege, the work-product doctrine, or are otherwise privileged or protected from discovery.

2. Defendant objects generally to the Requests and the instructions and definitions to the extent they purport to impose duties and obligations upon Defendant beyond those imposed under the Federal Rules of Civil Procedure and local rules.

3. Defendant objects generally to the Requests insofar as they seek duplicative information or otherwise would impose undue burden.

4. Defendant objects generally to the Requests as overly broad, unduly burdensome and as seeking information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Requests to the extent that they are unclear, confusing, vague and/or ambiguous including Plaintiff's reference to producing "documents in detail."

## RESPONSES

1. All documents in details related to job ad for Database Support Engineer III posted by Defendant on www.dice.com and other media between 1/1/05 and 12/1/05.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

2. All documents in details related to job descriptions and requirements for Database Support Engineer III by Defendant.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

3. Resume of Plaintiff at the time of his employment application for Database Support Engineer III posted by Defendant.

**RESPONSE:**

Defendant will produce the resume provided to Defendant by Plaintiff.

4. Resume of Dan Lu who is the replacement of Plaintiff at the time of his employment application for Database Support Engineer III posted by Defendant.

**RESPONSE:**

Defendant objects to this Request based on Plaintiff's characterization of Mr. Lu as Plaintiff's "replacement." Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of this or any other applicable objections, Defendant will produce documents responsive to this Request.

5. All documents in details related to background checking report for Plaintiff at the time of his employment application for Database Support Engineer III posted by Defendant.

**RESPONSE:**

Defendant objects to this Request on the basis that the phrase "background checking report" is vague, undefined and subject to multiple interpretations. Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of this or any other applicable objections, Defendant will produce documents responsive to this Request.

6. All documents in details related to background checking report for Dan Lu who is the replacement of Plaintiff at the time of his employment application for Database Support Engineer III posted by Defendant.

**RESPONSE:**

Defendant objects to this Request on the basis that the phrase "background checking report" is vague, undefined and subject to multiple interpretations. Defendant further objects to this Request on the basis that it is overly broad, seeks highly personal information concerning another individual and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.   All documents in details related to Defendant's hiring of Plaintiff, including all but not limit to: offer letters, job titles, feedback from interviews and expression of intent and etc.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

8.   All documents in details related to Defendant's hiring of Dan Lu who is the replacement of Plaintiff, including all but not limit to: offer letters, job titles, feedback from interviews and expression of intent and etc.

**RESPONSE:**

Defendant objects to this Request based on Plaintiff's characterization of Mr. Lu as Plaintiff's "replacement." Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of this or any other applicable objections, Defendant will produce documents responsive to this Request.

9.   All documents in details related to jobs assigned to Plaintiff by Defendant from 4/11/05 to 8/16/05.

**RESPONSE:**

Defendant objects to this Request on the basis that "jobs assigned to Plaintiff" is vague, undefined and subject to multiple interpretations. Defendant further objects to this Request on the basis that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of this or any other applicable objections, Defendant will produce documents responsive to this Request.

10. All documents in details related to job assigned to Dan Lu who is the replacement of Plaintiff by Defendant from 9/1/05 to 4/1/08.

**RESPONSE:**

Defendant objects to this Request based on Plaintiff's characterization of Mr. Lu as Plaintiff's "replacement." Defendant further objects to this Request on the basis that "jobs assigned to Dan Lu" is vague, undefined and subject to multiple interpretations. Defendant also objects to this Request on the basis that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of this or any other applicable objections, Defendant will produce documents responsive to this Request.

11. All documents in details related to job assigned to other Defendant's Oracle Database Engineers besides Plaintiff in Database Services Team from 1/1/05 to 12/1/05.

**RESPONSE:**

Defendant objects to this Request on the basis that "jobs assigned to other Defendant's Oracle Database Engineers besides Plaintiff in Database Services Team" is vague, undefined and subject to multiple interpretations. Defendant further objects to this Request on the basis that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of this or any other applicable objections, Defendant will produce documents responsive to this Request.

12. All documents in details related to Plaintiff's job performance and skills by Defendant from 4/11/05 to 8/16/05.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

13. All documents in details related to three performance reviews for Plaintiff by Kelley Yohe, Defendant's Team Lead Database Services on 5/25/05, 6/22/05 and 7/12/05.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

14. All documents in details related to performance reviews for Dan Lu who is the replacement of Plaintiff by Defendant from 9/1/05 to 4/1/08.

**RESPONSE:**

Defendant objects to this Request based on Plaintiff's characterization of Mr. Lu as Plaintiff's "replacement." Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of this or any other applicable objections and subject to Plaintiff's execution of a confidentiality agreement, Defendant will produce documents responsive to this Request.

15. All documents in details related to Defendant's requirements for 'typing fast' and 'working fast' as an "essential function for the position Database Support Engineer III".

**RESPONSE:**

Defendant objects to this Request to the extent it seeks to characterize "Defendant's requirements." Subject to, and without waiver of this or any other applicable objections, Defendant will produce the position description for Database Support Engineer III – ORACLE and other documents that describe the functions of Plaintiff's former position.

16. All documents in details related to Plaintiff's conversation with Kelley Yohe, Defendant's Team Lead Database Services on 7/29/06.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

17. All documents in details related to Plaintiff's discharge meeting with Kelley Yohe and Naomi Seramone HR Defendant on 8/16/05.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

18. All documents in details related to two emails dated 8/25/2005 and 8/29/2005 Naomi Seramone got from Plaintiff to ask her to return Plaintiff's personal stuff seized by Defendant during discharge process.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

19. All documents in details related to Defendant's process and procedures to discharge people that include but not limit to: Whether a separation letter is required? Personal and Business time off pay? Lead time given? Handling of personal stuff? Time to stay in company after discharge meeting? Use of security guards? Etc.

**RESPONSE:**

After reasonable investigation, Defendant is not aware of the existence of any documents in its possession, custody or control that are responsive to this Request.

20. All documents in details related to Defendant's process and procedures to authorize security guards to confine freedom of those discharged people.

**RESPONSE:**

Defendant objects to this Request to the extent it assumes that Defendant authorizes "security guards to confine the freedom of . . . discharged people." Subject to and without waiving this objection, after reasonable investigation, Defendant is not aware of the existence of any documents in its possession, custody or control that are responsive to this Request.

21. All documents in details filed by Defendant related to answers to questionnaires requested by PA Bureau of UC Benefits and Allowances to Plaintiff's eligible for UC benefits.

**RESPONSE:**

Defendant will produce documents responsive to this Request.

22. All documents in details filed by Defendant with DE Department of Labor related to Plaintiff's discharge.

**RESPONSE:**

    Defendant will produce documents responsive to this Request.

23. All documents in details related to Defendant's Personal Time Off and Business Time Off database showing Plaintiff's total number of Personal Time Off and Business Time Off in hours on 8/16/2005.

**RESPONSE:**

    Defendant will produce documents responsive to this Request.

24. All documents in details related to invitation and email sent to Plaintiff by Defendant inviting him to attend company Probation Ending meeting held around 8/10/2005.

**RESPONSE:**

    After reasonable investigation, Defendant is unaware of any documents in its possession, custody or control that are responsive to this Request.

25. All documents in details related to company Probation Ending meeting held around 8/10/2005.

**RESPONSE:**

    After reasonable investigation, Defendant is unaware of any documents in its possession, custody or control that are responsive to this Request.

26. All documents in details showing that Plaintiff's enrollment into Defendant sponsored company 401K program.

**RESPONSE:**

    Defendant will produce documents responsive to this Request.

27. All documents in details showing qualifications for employees to be enrolled into Defendant sponsored company 401K program.

**RESPONSE:**

Defendant restates and incorporates its response to Request No. 26.

28. All documents in details showing that Plaintiff's approved vacation request for 8/18/05 and 8/19/05.

**RESPONSE:**

Defendant restates and incorporates its response to Request No. 23.

29. All documents in details showing on-call schedules for Defendant's Database Services team members from 4/01/05 to 04/01/06.

**RESPONSE:**

After reasonable investigation, Defendant is unaware of the existence of any documents in its possession, custody or control that are responsive to this Request.

30. All documents in details showing qualifications for Defendant's database engineers in Defendant's Database Services team to be on the on-call schedule.

**RESPONSE:**

After reasonable investigation, Defendant is unaware of the existence of any documents in its possession, custody or control that are responsive to this Request.

31. All documents in details showing correspondences between Defendant's Data Warehouse team and Defendant's Database Engineer team from 04/11/05 to 10/1/05.

**RESPONSE:**

Defendant objects to this Request because the phrases "Data Warehouse team" and "Database Engineer team" are vague and undefined. Defendant further objects to this Request on the basis that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. As written, the Request appears to seek all e-mail communication between the "Data Warehouse team" and "Database Engineer team" regardless of topic. Defendant will respond further in the event Plaintiff narrows the Request.

32. All documents in details showing rules and items of office supplies provided by Defendant for Plaintiff's and other employees' daily work.

**RESPONSE:**

After reasonable investigation, Defendant is unaware of any documents in its possession, custody or control that are responsive to this request.

33. All documents in details related to regulations or rules authorized by Defendant to seize personal stuff of Plaintiff and those people discharged by Defendant.

**RESPONSE:**

After reasonable investigation, Defendant is unaware of any documents in its possession, custody or control that are responsive to this request.

34. All documents in details related to regulations or rules authorized by Defendant not allow Plaintiff and those people discharged by Defendant to gather their personal stuff before they leave.

**RESPONSE:**

After reasonable investigation, Defendant is unaware of any documents in its possession, custody or control that are responsive to this request.

35. All documents in details related to correspondences between the Defendant and potential witnesses used by Defendant at the trial, between Defendant and its attorneys and between potential witnesses and Defendant's attorneys.

**RESPONSE:**

      Defendant objects to this Request on the basis that it seeks documents protected by the attorney-client privilege. By way of further response, Defendant has not yet identified any non-privileged documents responsive to this Request that it plans to use at trial. Subject to and without waiver of any applicable objections, Defendant will produce non-privileged documents responsive to this Request in accordance with the Federal Rules of Civil Procedure.

Dated: April 28, 2008          /s/ David P. Primack
                                            David P. Primack (I.D. No. 4449)
                                            DRINKER BIDDLE & REATH LLP
                                            1100 N. Market Street
                                            Wilmington, DE 19801-1254
                                            (302) 467-4220
                                            (302) 467-4201 fax
                                            Attorneys for Defendant/Counterclaim Plaintiff
                                            ING Bank, fsb

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| XIANHUA ZHANG | : |
| Plaintiff, | : |
| v. | : Case No. 07-555 (JJF) |
| ING DIRECT | : |
| Defendant. | : |

**CERTIFICATE OF SERVICE**

I, David P. Primack, do hereby certify that, on April 28, 2008, a true and correct copy of ***Defendant's Objections and Responses to Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 1*** was timely served by first class mail, postage prepaid, upon the following:

> Xianhua Zhang
> 212 Yorktown Court
> Malvern, PA 19355

Dated: April 28, 2008
/s/ David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com

PHLIT\706870\1