**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| XIANHUA ZHANG | : | |
| | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| | : | |
| v. | : | |
| | : | |
| ING DIRECT | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S RULE 37(a) MOTION TO COMPEL PLAINTIFF TO PROVIDE COMPLETE, NON-EVASIVE RESPONSES TO INTERROGATORIES 2, 3, 5, 16, 17 AND DOCUMENT REQUESTS 10, 11, 12, 17, 21, 22, AND 23

Defendant ING Bank, fsb ("ING"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned counsel, hereby moves this Honorable Court pursuant to Federal Rule of Civil Procedure 37(a)(2) to compel Plaintiff to provide complete, non-evasive responses to its First Set of Interrogatories numbered 2, 3, 5, 16, 17 and its First Set of Document Requests Directed to Plaintiff numbered 10, 11, 12, 17, 21, 22 and 23.  In support of this motion, Defendant states the following:

1.      On March 10, 2008 Defendant served its First Set of Interrogatories and Document Requests on pro se Plaintiff Xianhua Zhang.  See Exh. A.

2.      Plaintiff served responses to Defendant's interrogatories and document requests on April 9, 2008.  See Exh. B.

3.      Plaintiff failed to produce any documentation whatsoever in response to Document Requests 10, 11, 12 and 17, which request that Plaintiff produce

documentation of all of the income he received since his employment with Defendant ended on August 16, 2005; Plaintiff's attempts to obtain employment and all documents related to any employment Plaintiff obtained since his employment with Defendant ended on August 16, 2005; and all documents that evidence, refer or relate to any harm or damage Plaintiff believes he has suffered as a result of the conduct of ING Bank. These documents go to Plaintiff's claim for back pay and other damages and whether Plaintiff has met his obligation to mitigate his alleged damages.

4.     Plaintiff also refused to produce any documents in response to Document Requests Nos. 21, 22 and 23, which request that Plaintiff provide the documents he sent to the U.S. Equal Employment Opportunity Commission regarding this case; the documents he took with him from ING after his employment concluded; and documents that describe any prior civil or criminal litigation in which he was involved. These requests also seek relevant information and or information reasonably likely to lead to the discovery of admissible evidence.

5.     Plaintiff provided no information whatsoever in response to Interrogatory No., which requests information related to any and all employment Plaintiff had obtained since August 16, 2005. This interrogatory also goes to the damages/mitigation issue.

6.     In response to Interrogatory No. 2, which asks Plaintiff to "describe in detail the efforts you made to obtain work or employment," Plaintiff simply states, "I did work hard to apply for new jobs."

2

7.      Plaintiff provided no information at all in response to Interrogatory No. 5, which asks whether he has ever been a party to civil or criminal litigation and for the name of each lawsuit to which he has been a party, the docket number of the case and the court in which it was filed.  Prior lawsuit history is discoverable in employment cases.

8.      Plaintiff, despite being pro se, refused to respond to Interrogatory Nos. 16 and 17 on the basis of the attorney-client privilege.  These interrogatories ask the Plaintiff to identify with whom he has discussed his termination of employment or claims or other facts relevant to his lawsuit and to identify each person supplying information or assisting in the preparation of his answers to Defendant's interrogatories.  Again, Defendant is entitled to explore this information.

9.      On April 18, 2008, Defendant wrote a letter to Plaintiff outlining each of the deficiencies listed above and requesting that Plaintiff provide the missing information and documents within 10 days.  See Exh. C, 4/18/08 Letter from Yost to Zhang.

10.     On May 5, 2008, after receiving no response from Plaintiff, counsel for Defendant e-mailed Plaintiff and, while addressing Plaintiff's request to be reimbursed by Defendant for parking, mileage and time spent at his own deposition, Defense counsel asked Plaintiff to respond to its April 18, 2008 letter regarding Plaintiff's deficient discovery responses.  See Exh. D, 5/5/08 Email from Yost to Zhang.

11.     On May 7, 2008, still without any response from Plaintiff, counsel for Defendant again requested that Plaintiff address the deficiencies in his discovery responses

as outlined in its April 18, 2008 letter.  See Exh. E, 5/7/08 Email from Yost to Zhang.

12. Finally, on May 27, 2008, counsel for Defendant wrote Plaintiff and, for a fourth time, requested that Plaintiff address the deficiencies in his responses to Defendant's interrogatories and document requests.  See Exh. F, 5/27/2008 Letter from Yost to Zhang.

13. Thus, even though the meet and confer requirements of Local Rule 7.1.1 do not apply in this matter because Plaintiff is pro se, Defendant has tried no less than four times to resolve the above discovery issues with Plaintiff and now seeks the intervention of the Court only as a last resort.

14. The discovery requests at issue deal with Plaintiff's damages claims, Plaintiff's prior litigation history, potential fact witnesses, Plaintiff's current employment status (which relate directly to Plaintiff's back pay damages claims), and documents Plaintiff has taken from ING or submitted to the Equal Employment Opportunity Commission or Delaware Department of Labor.  There is no legitimate dispute that this information exists and is relevant to Plaintiff's claims and ING's defenses.

15.    For these reasons, ING respectfully requests that the Court grant its motion to compel.

Dated: June 3, 2008
                              _____/s/ David P. Primack___
                              David P. Primack (I.D. No. 4449)
                              DRINKER BIDDLE & REATH LLP
                              1100 N. Market Street
                              Wilmington, DE 19801-1254
                              (302) 467-4220

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700
Attorneys for Defendant ING Bank, fsb

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| XIANHUA ZHANG | : | |
| | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| | : | |
| v. | : | |
| | : | |
| ING DIRECT | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

AND NOW, this ___ day of _____, 2008, upon consideration of Defendant's Motion to Compel, all responses thereto, and for good cause shown, it is hereby ORDERED that the motion is granted.  Accordingly, it is FURTHER ORDERED that the plaintiff shall serve full and complete responses to Defendant's First Set of Interrogatories Directed to Plaintiff numbered 2, 3, 5, 16, 17 and Defendant's First Set of Document Requests Directed to Plaintiff numbered 10, 11, 12, 17, 21, 22 and 23 within seven days.


_____
Joseph J. Farnan, Jr., U.S.D.J.

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that, on this date, I caused a true and correct copy of

the foregoing document to be served on the plaintiff by electronic and first-class U.S. mail,

postage prepaid, at the following address:

> Xianhua Zhang
> 212 Yorktown Court
> Malvern, PA 19355

Dated: June 3, 2008                      _____/s/ David P. Primack___
                                         David P. Primack (I.D. No. 4449)
                                         DRINKER BIDDLE & REATH LLP
                                         1100 N. Market Street
                                         Wilmington, DE 19801-1254
                                         (302) 467-4220

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| v. | : | |
| ING DIRECT | : | |
| Defendant. | : | |

## DEFENDANT ING BANK'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF XIANHUA ZHANG

Defendant ING Bank, fsb ("ING Bank" or "Defendant"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned attorneys, hereby requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Plaintiff Xianhua Zhang serve upon the undersigned counsel written responses, made under oath to the within interrogatories not later than April 9, 2008.

### GENERAL INSTRUCTIONS

1.      In responding to these interrogatories, you must make a diligent search of your records, papers, and materials in your possession, custody or control or otherwise available to you and furnish all information available to you or subject to your reasonable inquiry. If there is no information responsive to a particular interrogatory, so state in writing.

2.      Each interrogatory is to be answered separately and as completely as possible and all information responsive thereto is to be produced. The fact that investigation is continuing or that discovery is not complete shall not be used as an

excuse for failure to produce all information currently in your possession, custody or control or otherwise available to you.

3.    These interrogatories are continuing and if you obtain information from which you come to know that your response was incorrect or incomplete when made or that the response is no longer correct or complete, you must correct or supplement your answers, or both.

4.    If you object to the production of any information or portion thereof sought by these interrogatories as privileged or otherwise protected from discovery, you must identify the privilege or protection asserted; the person asserting the privilege or protection; and the information sought to be withheld, including without limitation,

>    a)    In the case of a document, the author and/or signatory of the document; the date of the document; the addressee(s) and the general subject matter of the document; and
>
>    b)    In the case of a communication, identify the participants in the communication; the date of the communication; and the general subject matter of the communication.

5.    If you object to any portion of an interrogatory, you shall produce all information responsive to all other portions of the interrogatory to which you assert no objection.

6.    In interpreting these interrogatories, definitions, and instructions, any masculine, feminine or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and the words "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

7.    If, in responding to an interrogatory, you encounter a perceived ambiguity, either in the interrogatory itself or in any applicable definition or instruction, answer the

interrogatory fully, and include in your answer an identification of the perceived ambiguity and the construction thereof used in your answer.

8.     Unless stated otherwise in a particular interrogatory, answer each interrogatory as of the date you serve them and produce all information created, communicated or relating to any transaction or occurrence that happened at any time on or after April 11, 2005.

9.     If you exercise the option under Fed. R. Civ. P. 33(d) to produce documents in lieu of responding to any interrogatory, you shall produce such documents separately, designate the interrogatory or interrogatories to which the documents respond, and identify the file or other source from which you obtained the documents.

10.     Identify, for each separate interrogatory, the person(s) who supplied the information provided.

## DEFINITIONS

1.     The terms "Plaintiff," "you," and "your" refer to the named Plaintiff, Xianhua Zhang, and his attorneys and representatives.

2.     The terms "ING Bank" and "Defendant" refer to ING Bank, fsb and its subsidiaries, parents and related entities, and includes, within the definition, their present and former directors, officers, employees, attorneys, agents and representatives.

3.     The term "Complaint" refers to the court complaint that you filed against ING Bank in this case.

4.     The term "person" means any natural person and any entity of any description whatsoever, including without limitation a sole proprietorship, partnership, corporation, association, joint venture or other organization.

5.     The term "document" is used in the broadest possible sense and refers to all information stored in any form whatsoever, including data stored or contained in computers, on computer tapes, computer discs or any other computer-related storage device, audio recordings, video recordings, still photographs, and all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notes made on such copies or otherwise. Examples of documents include, but are not limited to, correspondence, memoranda, e-mails, notes (handwritten, typed or otherwise), affidavits, statements, letters, minutes, agendas, contacts, reports, studies, checks, statements, receipts, summaries, interoffice and intraoffice communications, ledgers, appointment calendars, offers, notations of any sort of conversation (including without limitation telephone conversations or meetings) and all drafts, alterations, modifications, changes or amendments of any of the foregoing, and any and all mechanical, magnetic or electronic recordings or reproductions of any kind of any of the foregoing.

6.     The term "communication" means the transfer of information, ideas, opinions or thoughts by any means, whether oral, written, electronic or other, from or to any person.

7.     The term "identify" means, with respect to a document, to state the document's title, author(s), addressee(s) and all other recipients, and the document's date, subject matter, and current location and custodian.

8.     The term "identify" means, with respect to a person, to state the person's full name, and in the case of an entity other than a natural person, the nature of the entity; the person's last known residential address and telephone number; the person's last

PHLIT\693673\1        - 4 -

known business address and telephone number; the employer, company or business affiliation at the date of the matter referred to; the title and duties in the employer, company or business with which the person was affiliated; and the person's current employer, company or business affiliation and title and duties therein.

9.  The term "identify" means, with respect to a communication, to state the date, type, mode, and location of the communication; the identity of all parties to the communication; the substance of the communication; and a description of any documents reflecting or in any way relating to the communication.

10.  The phrase "describe in detail" requires, with respect to an act, transaction, relationship, thing or occurrence:

> a)  A full description of such act, transaction, relationship, thing or occurrence by reference to underlying facts (rather than to ultimate facts or conclusions of fact or law), including identification of dates, places, persons involved, and manner or means employed;

> c)  Identification of the source or sources of information concerning such act, transaction, relationship, thing or occurrence, including the date on which you received or learned of such information;

> d)  Identification and general description of each document reflecting, relating to, referring to or evidencing such act, transaction, relationship, thing or occurrence; and,

> e)  Identification of each person likely to have knowledge of or information relating to such act, transaction, relationship, thing or occurrence.

11.  The phrase "state all facts" requires, with regard to a contention you have made against Defendant, that you:

> a)  Specify each and every fact or other information that you believe supports or provides the foundation or basis for the contention in question;

> b)  Identify each and every source of the information, including each date you received or learned of such information;

        c)      Identify each document that reflects or relates in any way to such facts or other information; and

        d)      Identify each person who is likely to have knowledge of such facts or other information.

## INTERROGATORIES

1.    Do you believe that ING Bank or any of its employees have made any statements that show an intent to unlawfully discriminate against you or that you were the victim of discrimination? If so, state separately, for each such statement, the substance of the statement, the date of the statement and the person(s) whom you contend made such statement.

**ANSWER:**

2.    Have you applied, since August 16, 2005, for a new job or other type of work for compensation? If so, describe in detail the efforts you made to obtain work or employment, including the date of each such effort, the name of the employer, the position or type of work for which you applied, the terms and conditions of the prospective employment or work relationship and the disposition and reason(s) for the disposition of your application.

**ANSWER:**

3.     Have you held a job since August 16, 2005? If so, for each job you have held at any time since August 16, 2005 (including work you have performed as an independent contractor, consultant or self-employed person), identify the employer; the position held (and any changes thereto); your duties and responsibilities (and any changes thereto); the dates of employment (including any breaks in service) and the reason(s) any such employment ended; the salary at the commencement of your employment and each adjustment thereto (by date and amount); any additional compensation received (by type, date received, and amount); any benefits available to you in connection with each such employment; and the person to whom you reported.

**ANSWER:**

4.     Did you limit your job search at all at any time after separating from ING Bank? If so, describe in detail each and every limitation or restriction you placed upon your search for work or employment following your separation from ING Bank, including but not limited to compensation, location of the job or work site, hours or number of hours of work, and restrictions of job duties and responsibilities.

**ANSWER:**

5.    Have you ever been a party to litigation, civil or criminal (i.e., have you ever sued another person or company or been sued)? If so, state the full name of each lawsuit to which you have been a party, the docket number and the court in which it was filed.

**ANSWER:**

6.    Identify each and every person who you allege participated in, witnessed or overheard statements made at the May 22, 2005 meeting to which you refer in the exhibits to the Complaint.

**ANSWER:**

7.    Identify each and every person who you allege participated in, witnessed or overheard statements made at the June 22, 2005 meeting to which you refer in the exhibits to the Complaint.

**ANSWER:**

8.    Identify each and every person who witnessed or heard or whom you

believe witnessed or heard Ms. Yohe tell you on July 29, 2005 that you passed the

introductory performance appraisal as you allege in the exhibits to the Complaint.

**ANSWER:**


9.    Identify each and every person who you allege participated in, witnessed

or overheard statements made at the August 16, 2005 meeting to which you refer in the

exhibits to the Complaint.

**ANSWER:**

10.     Have you sought treatment, or consulted with, or been treated by any medical provider, including, without limitation, a psychiatrist, psychologist, therapist, counselor or mental health professional, for any harm or damage alleged in the Complaint? If so, please state the name and address of each medical provider with whom you have consulted and/or who has rendered treatment to you, listing the dates and duration of any such consultation or treatment, and setting forth the name, date and amount of any medication prescribed to treat the alleged harm or damage.

**ANSWER:**

11.     Have you ever sought treatment, or consulted with, or been treated by any medical provider, including, without limitation, a psychiatrist, psychologist, therapist, counselor or mental health professional, for any mental health-related reason, at any time during your lifetime? If so, please state the name and address of each medical provider you have consulted and/or who has rendered treatment to you, listing the dates and duration of any such consultation or treatment, the reason(s) for such treatment or consideration, and setting forth the name, date and amount of any medication prescribed.

**ANSWER:**

12.     Have you earned any income since your separation from ING Bank on August 16, 2005? If so, identify any and all income received by you from any source between August 16, 2005, and the present date, including, without limitation, IRS form 1099 income, income derived from any government agency, employment related compensation, bequests, capital gains, rental income, or other source, identifying the exact amount of such income.

**ANSWER:**

13.     Do you claim that you had a disability or any type of physical or mental limitation between April 11, 2005 and August 16, 2005? If so, please describe your disability or condition in detail including the date such condition began, any work or other restrictions resulting from the condition, the identities of any healthcare provider who diagnosed or treated you for such condition, and the current status of such condition.

**ANSWER:**

14.    Did you request accommodation or change in your work duties as a result of your medical condition?  If so, identify each request for an accommodation that you made to ING Bank, the date you requested the accommodation, the manner of communication (written document, oral statement, electronic communication, etc.), the person(s) to whom you requested the accommodation, any witnesses to your request(s), and all documents that constitute, refer to or relate to your request(s).

**ANSWER:**

15.    For each medical provider for whom you have ever sought treatment for any condition or disability that you maintain you had between April 11, 2005 and August 16, 2005, please state the name and address of each medical provider you have consulted and/or who has rendered treatment to you, listing the dates and duration of any such consultation or treatment, the reason(s) for such treatment or consideration, and setting forth the name, date and amount of any medication prescribed.

**ANSWER:**

16.     Identify each person with whom you have discussed your termination or your claims or other facts relevant to this lawsuit, and for each person, describe the substance of the discussion(s).

**ANSWER:**

17.   Identify each person supplying information or assisting in the preparation of your answers to these Interrogatories and state that person's relationship to you.

**ANSWER:**

Dated: March 10, 2008

_David P. Primack (I.D. No. 4449)_
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

Attorneys for Defendant ING Bank, fsb

**CERTIFICATE OF SERVICE**

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of

the foregoing ING Bank's First Set of Interrogatories Directed to Xianhua Zhang was

timely served by first class mail, postage prepaid, upon the following:

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

Dated: March 11, 2008

David P. Primack

CM/ECF LIVE - U.S. District Court:ded

**Discovery Documents**
1:07-cv-00555-JJF Zhang v. ING Direct
VACANTJUDGESHIP

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Primack, David on 3/10/2008 at 2:04 PM EDT and filed on 3/10/2008

| | |
|---|---|
| **Case Name:** | Zhang v. ING Direct |
| **Case Number:** | 1:07-cv-555 |
| **Filer:** | ING Direct |
| **Document Number:** | 20 |

**Docket Text:**
**INTERROGATORIES Propounded to Plaintiff Xianhua Zhang by ING Direct. (Attachments: # (1) Certificate of Service) (Primack, David)**

**1:07-cv-555 Notice has been electronically mailed to:**

David Phillip Primack    david.primack@dbr.com, amy.kinslow@dbr.com

**1:07-cv-555 Notice has been delivered by other means to:**

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/10/2008] [FileNumber=532375-0]
[9e49e03cdd9b88adcb554882d56d76cf2823b80df7c2fdf4cd245e23f82ba8b667d7
57a617c42fdb9d0eb5c8ec2b01f7ad6bec52c1d6a034b8c8cc053db54e44]]
**Document description:** Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/10/2008] [FileNumber=532375-1]
[a137700d024565f21bd77880450ab5c9153194c75b47486919f1d0a05914eb0356f3
9aa7da61dfca66f274e46696a3d252d7f4ee14949b04b001dc4f2f2bfd1b]]

3/10/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| | : | |
| v. | : | |
| | : | |
| ING DIRECT | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS
DIRECTED TO PLAINTIFF XIANHUA ZHANG**

Defendant ING Bank, fsb ("ING Bank" or "Defendant"), incorrectly

identified in the Complaint as ING Direct, by and through its undersigned attorneys,

hereby requests, pursuant to Federal Rules of Civil Procedure 26 and 34 and in

accordance with the definitions and instructions set forth herein, that Plaintiff Xianhua

Zhang produce for inspection and copying by April 9, 2008, the documents specified

below.

**GENERAL INSTRUCTIONS**

1.      In responding to these requests, you must make a diligent search of your

records, papers, and materials in your possession, custody or control or otherwise

available to you and furnish all information available to you or subject to your reasonable

inquiry.  If there is no information responsive to a particular request, so state in writing.

2.      Each request is to be answered separately and as completely as possible

and all information responsive thereto is to be produced.  The fact that investigation is

continuing or that discovery is not complete shall not be used as an excuse for failure to

PHLIT\693786\1

produce all information currently in your possession, custody or control or otherwise available to you.

3.     These requests are continuing and if you obtain information from which you come to know that your response was incorrect or incomplete when made or that the response is no longer correct or complete, you must correct or supplement your answers, or both.

4.     If you maintain that any document requested herein was at one time in existence, but is not in your possession or under your control or in existence currently, state whether it is missing or lost; has been destroyed; has been transferred to another; or has been otherwise disposed of. In each such instance, describe in detail the contents of the documents and state the location of any copies.

5.     If any of the documents requested are not in your possession, identify the person you believe possesses such document.

6.     If you object to the production of any information or portion thereof sought by these requests as privileged or otherwise protected from discovery, you must identify the privilege or protection asserted; the person asserting the privilege or protection; and the information sought to be withheld, including without limitation,

     a.     In the case of a document, the author and/or signatory of the document; the date of the document; the addressee(s) and the general subject matter of the document; and

     b.     In the case of a communication, identify the participants in the communication; the date of the communication; and the general subject matter of the communication.

7.     If you object to any portion of a request, you shall produce all information responsive to all other portions of the request to which you assert no objection.

8.    In interpreting these requests, definitions, and instructions, any masculine, feminine or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and the words "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

9.    If, in responding to a request, you encounter a perceived ambiguity, either in the request itself or in any applicable definition or instruction, answer the request fully, and identify in your answer the perceived ambiguity and the construction thereof used in your answer.

10.    Unless stated otherwise in a particular request, answer each request as of the date you serve them and produce all information created, communicated or relating to any transaction or occurrence that happened at any time on or after October 26, 2003.

## DEFINITIONS

Defendant ING Bank incorporates herein the definitions set forth in its First Set of Interrogatories Direct to Plaintiff, served contemporaneously herewith.

## REQUESTS

1.    Any and all information, documents and things that support, reflect or relate in any way to any of the facts alleged in the Complaint or the May 24, 2006 letter that you sent to the EEOC.

2.    All documents that support your claim that Defendant discriminated against you because of your alleged disability.

3.    All documents that support your claim that Defendant discriminated against you because of your alleged age.

4.      All documents that support your claim that Defendant discriminated against you because of your alleged race.

5.      All documents related to ING Bank's hiring of you, including all offer letters, expression of intent and interview schedule.

6.      Any and all documents that constitute, reflect or relate to any communication between you and ING Bank concerning any and all of the facts or matters alleged in the Complaint, including without limitation any and all documents that you have given or otherwise transmitted to ING Bank; that you have received or otherwise obtained from ING Bank; or that constitute, discuss or otherwise pertain in any way to correspondence, written or oral communications, conversations or other communications with ING Bank.

7.      All documents that reflect, relate or refer to evaluation, diagnosis or treatment you have sought or received at any time on or after August 16, 2005, of or for any physical, psychological or emotional conditions, including without limitation, all test results, medical records, reports, correspondence, prescriptions, bills, statements and insurance forms.

8.      All documents that reflect, relate or refer to evaluation, diagnosis or treatment you have sought or received at any time before August 16, 2005, of or for any psychological or emotional conditions, including without limitation, all test results, medical records, reports, correspondence, prescriptions, bills, statements and insurance forms.

9.      To the extent not produced in response to any of the preceding requests, all documents concerning the disability that you allege that you have in the complaint.

This request includes all documents concerning the diagnosis and treatment of your condition and all test results, medical records, reports, correspondence, prescriptions, bills, statements and insurance forms.

10.    All documents that evidence, relate or refer to the amount or source (or both) of any and all income, from whatever source derived, that you received on or after August 16, 2005, including without limitation all employment or independent contractor agreements, wage payment documents (pay stubs), your federal, state, and local income tax forms (including all schedules, attachments and supporting documents), Forms W-2, Forms 1099, unemployment compensation benefit documents, worker's compensation benefit documents, and short or long-term disability benefit documents or other insurance payment documents.

11.    All documents relating to attempts you made to obtain employment or other work for compensation at any time on or after August 16, 2005, including but not limited to, all employment applications that you submitted, resumes that you submitted, correspondence that you sent or received, notes that you kept, offers of employment that you received, and/or refusals of employment that you received.

12.    With regard to each and every employer for whom you have worked, provided services, and/or been offered employment with since August 16, 2005, all documents that reflect the date on which you started such employment, your position, work responsibilities or terms and conditions of employment or other work relationship with such employer.

13.    All diaries, journals or notes that you made, retained or acquired, whether prepared by you or someone else, concerning or relating to your employment with ING

Bank and/or the events alleged in the Complaint or your May 24, 2006 letter to the EEOC.

14.    All documents that evidence, refer, or reflect any and all complaints, whether formal or informal, that you or anyone on your behalf made to anyone at ING Bank concerning conduct you believed to be discriminatory or improper.

15.    All documents that refer or relate in any way to your ability to perform your duties in any position you held or sought to hold at ING Bank.

16.    All documents that evidence, relate or refer to the level of compensation and/or benefits that you received during your employment with ING Bank, including any such documents evidencing any increases or decreases in compensation and/or benefits.

17.    All documents that evidence, refer or relate to any harm or damage you believe you have suffered as a result of the conduct of ING Bank, including alleged monetary, emotional or other harm.

18.    All documents that support your allegation in the Complaint that you were terminated from employment with ING Bank on August 16, 2005, including any termination letters or notices that were provided to you.

19.    All documents that support your belief, as expressed in paragraph 10 of the Complaint, that ING Bank terminated you because of your race, age and disability.

20.    All documents that refer to, evidence, or constitute a request by you for any reasonable accommodation to which you maintain you were entitled.

21.    All documents you or your attorneys or agents have submitted to or received from the United States Equal Employment Opportunity Commission ("EEOC"), the Delaware Department of Labor, or any other administrative agency, body or tribunal

concerning any of the allegations set forth in the Complaint, your employment with ING Bank or the termination of that employment.

22.    All documents that you took with you and/or retained for any period of time after your employment with ING Bank concluded.

23.    All documents that describe or identify any civil or criminal litigation in which you have been involved, whether as a witness or a party since August 15, 1995.

24.    All documents that you reviewed and/or considered in responding to Defendant's First Set of Interrogatories or which you identified in response to such interrogatories.

25.    All documents concerning your May 22, 2005 conversations with Kelley Yohe including any notes or emails that you have about that conversation.

26.    All documents that describe your job performance while employed by ING Bank regardless of whether or not you agree with the documents.  This request includes all formal and informal performance reviews that you received.

27.    All documents that support your claim in the exhibits to the Complaint that your assignments "changed fundamentally" from after your first performance evaluation.

28.    All documents concerning your June 22, 2005 conversation with Kelley Yohe, including all notes or emails that you have about the conversation.

29.    All documents that you received from anyone at ING Bank concerning or describing the work you performed or were to perform during your employment at ING Bank.

30.    All notes that you took concerning your employment with ING Bank and/or the work you performed at ING Bank.

31.    All notes of any conversations that you had with Kelley Yohe or any other ING Bank employee.

32.    All documents concerning your July 29, 2005 conversation with Kelley Yohe, including any notes or emails about the conversation.

33.    All documents that support your claim in the exhibits to the Complaint that after July 29, 2005, you were "placed on-call and got other benefits such as personal time off, business card and 401(k)."

34.    All documents concerning your August 16, 2005 conversation with Kelley Yohe and Naomi Seramone including any notes or emails about the conversation.

35.    All documents that support your claim in the exhibits to the Complaint that ING Bank withheld your personal property after the termination of your employment from the company.

36.    All documents that support your claim in the exhibits to the Complaint that the termination of your employment from ING Bank was a "heavy blow" both "mentally and physically" to you.

37.    All documents that support your claim in the exhibits to the Complaint that ING Bank "hired a much younger man with much less experience" to replace you after your employment with ING Bank terminated.

38.    All documents that support your claim in the exhibits to the Complaint that you received an oral performance evaluation from ING Bank and all documents that describe or refer to that evaluation.

39.    All documents that support your claim in the exhibits to the Complaint that the ability to type quickly is not an "essential function for the job Database Support Engineer III."

40.    All documents that support your claim in the exhibits to the Complaint that "onerous working requirements were 'constructively' [sic] created to make way to discharge" you.

41.    All documents that support your claim in the exhibits to the Complaint that your "impairment is that [you] could not type very fast and work fast continually since [your] right hand is weak and needs some rest from time to time."

Dated: March 10, 2008

David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

Attorneys for Defendant ING Bank, fsb

**EXHIBIT B**

**In the U.S. District Court for the District of Delaware**

Xianhua Zhang
Plaintiff

Case No.  07-555

vs.

ING Direct
Defendant

Jury Trial Demanded

**Plaintiff's Responses to Interrogatories Set One from Defendant**

1. Yes. Kelley Yohe, Defendant's Team Lead Database Services repeatedly stated that she needs someone who can work fast and type fast on my job review meetings with her on 5/25/05, 6/22/05, 7/12/05 and other occasions despite the fact that those two requirements are not essential job functions for Database Support Engineer III and even though she had already known my serious impairments with right neck/shoulder caused by traffic accident.

   During discharge meeting on 8/16/05, Naomi Seramone HR Defendant also accused me of not working and typing fast although I repeated my request for more time to improve my typing speed and also stated that I had been promised with this request to have more time to work on typing speed. Discriminations against me by Defendant are mainly and further verified and supported by those evidences but not limited to -- the discharge process; seizure of my personal belongings, PTO and business time off pay and replacement for my job and etc.

2. Objection. This interrogatory exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. Nevertheless, I did work hard to apply for new jobs because I am the main home supporter and my son just went to college in 8/05.

3. I have been working with CDI as DBA-Oracle since the end of 11/05. This is a consulting job with hourly rate of $53 without any benefits.

4. No. I had done my best to find a new job after the unlawful discharge by ING Direct because I have a family to support and my son just went to college.

5. Objection. This interrogatory exceeds the scope of permissible discovery related to this case.

6. Kelley Yohe.

7. Kelley Yohe.

8. Kelley Yohe who put me on on-call schedule after that day. Members of Database Services team who was informed of on-call schedule. ING Direct employees who took part in that

1

company Probation Ending meeting held around 8/10/2005 and who set up my enrollment into Defendant sponsored company 401K program.

9. Kelley Yohe, Naomi Seramone and Yan Shi who brought my personal property in a paper box instead of in that small cabinet intact as promised by Defendant to that small meeting room when I was confined there.

10. The following health care providers have treated me for serious injuries caused by that 1/24/03 accident. No guarantee that all addresses are correct.
Dr. Harold White, 219 S Queen St Lancaster, PA 17603
Lancaster General Hospital, 555 N Duke St, Lancaster
Orthopedic Consultants, 703 Lampeter Rd Lancaster, PA 17602
Community Hospital of Lancaster, 1100 East Orange Street Lancaster, PA 17604
Ostrow & Associates, 325 Gordon Dr Exton, PA 19341
St. Peters Bone & Joint Surgery, 112 Piper Hill Drive, First Floor St. Peters, MO 63376
**St. Charles Sports & Physical Therapy**, 1840 Zumbehl Rd. St. Charles, MO 63303
Ruggiero Orthopaedic Assoc Ltd, 266 Lancaster Avenue Suite 200 Malvern, PA 19355
Advanced Spine Sports Therapy, 266 Lancaster Avenue Suite 200 Malvern, PA 19355
Rittenhouse Imaging, 1705 Rittenhouse Sq Philadelphia, PA 19103
Chestmont Neurosurgical, 958 County Line Road Bryn Mawr, PA 19010
Frazer Family Chiropractor and Wellness Center, 384 Lancaster Ave Ste A, PA 19355

11. None.

12. Objection. This interrogatory exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. Nevertheless, I did get $7472 of unemployment compensation after 8/16/05 and before I started to work for CDI as DBA-Oracle since the end of 11/05 with hourly rate of $53 without any benefits.

13. Yes. There have been serious impairments to my right neck and right shoulder caused by herniated discs at the C4-5 and C5-6 levels as a result of the accident on 1/24/2003. The pains are constant and will increase greatly with the use of my head, neck and right shoulder/arm since the accident. I can not move my neck, right shoulder/arm as freely as I did before the accident. I am right handed. My right hand used to be much stronger than my left hand. But now it becomes much weaker, slower and less deft after the accident that has caused me lots of restraints and troubles. For example, now I have to use my left hand primarily to drive. My typing speed is slower than I did before the accident. I can no longer use the mouse as long and as quickly as I did before the accident with my right hand and I have to switch use of mouse to my left hand from time to time. I have to take very short rests once a while during work due to the tiredness of right arm/shoulder and the distraction of pains. After more than five years of that accident, I am still receiving treatment and doing home exercise programs daily. Just like a fish stick in the throat, they are popped out discs in the neck and trouble me more severely around the clock. The plan to do neurological surgery as means to try to fix herniated discs is also an option if the injuries do not get improved or cured

14. Yes. I told Kelley Yohe about my injuries and serious impairments with request to get more time to improve my typing speed during my first job review meeting on 5/25/05. I also put

2

similar request in the field 'Areas to Focus On' on the form for the second job review. During the discharge meeting on 8/16/05, I repeated my request for more time to improve my typing speed and also stated that I had been promised with this request to have more time to work on typing speed but without getting any generosities.

15. I was doing home exercise programs required by doctors as part of treatment daily.

16. Objection. This interrogatory exceeds the scope of permissible discovery related to this case as it seeks information and documents protected by attorney client privilege.

17. Objection. This interrogatory exceeds the scope of permissible discovery related to this case as it seeks information and documents protected by attorney client privilege.

Xianhua Zhang
-------------------------------
Xianhua Zhang

Plaintiff

Date: 4/9/2008

3

CERTIFICATE OF SERVICE

I, Xianhua Zhang, hereby certify that a true and correct copy of Plaintiff's Responses to Interrogatories Set One from Defendant has been electronically and timely mailed upon the following:

David P. Primack    David.Primack@dbr.com – Attorney for Defendant
David J. Woolf      David.Woolf@dbr.com – Attorney for Defendant
Edward N. Yost      Edward.Yost@dbr.com – Attorney for Defendant


Xianhua Zhang
----------------------------
Plaintiff

Date: 4/9/2008

## In the U.S. District Court for the District of Delaware

Xianhua Zhang
Plaintiff

Case No.  07-555

vs.

ING Direct
Defendant

Jury Trial Demanded

### Plaintiff's Responses to Request for
### Production of Document Set One from Defendant

1.  Three performance reviews for Plaintiff by Kelley Yohe, Defendant's Team Lead Database
    Services; job offer letter; job description for Database Support Engineer III – Oracle (Database
    Administrator); ING Direct Standard Employment Terms and Conditions; ING Direct 401(K)
    and PS Plan; two emails I sent to Naomi Seramone HR Defendant and
    Employee+Handbook+2005-06.15. Evidences in Complaint, Plaintiff's Pleading to Defendant
    ING Direct's Affirmative Defenses, Plaintiff's Request for Production of Documents Addressed
    to Defendant and Plaintiff's Interrogatories Directed to Defendant and Plaintiff's Responses to
    Interrogatories Set One from Defendant.

2.  Same as No. 1.

3.  Same as No. 1.

4.  Same as No. 1.

5.  Offer letter. Evidences in Complaint, Plaintiff's Pleading to Defendant ING Direct's Affirmative
    Defenses, Plaintiff's Request for Production of Documents Addressed to Defendant and
    Plaintiff's Interrogatories Directed to Defendant.

6.  Same as No. 1.

7.  I am now still receiving treatment to cure my serious impairments caused by traffic accident on
    1/24/2003. Since Defendant is asking for Plaintiff's authorization to release all medical records
    related to this accident and Plaintiff is going to provide such authorization, there is no need for
    duplicate efforts to send those records.

8.  Same as No. 7.

9.  Same as No. 7.

10. Objection. This request exceeds the scope of permissible discovery related to this case as being
    broad, unreasonable, burdensome and unduly oppressive. Nevertheless, I did get $7472 of
    unemployment compensation after 8/16/05 and before I started to work for CDI as DBA-Oracle
    since the end of 11/05. This is a consultant job with hourly rate of $53 without any benefits.

1

11. Objection. This request exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive.

12. I have been working with CDI as DBA-Oracle since the end of 11/05. It is a normal and high level Oracle DBA job requiring many years of extensive Oracle database administration experience to manage complicated Oracle databases but no perl experience required like all other Oracle DBA jobs.

13. Same as No. 1.

14. Same as No. 1.

15. Same as No. 1.

16. Same as No. 5.

17. Same as No. 5. Monetary harm of $61079 that includes the following items calculated based on my annual salary $85000 and benefits: Bonus equal to 18% of salary for 4.25 months is $5418. Eight day of PTO pay is $2720. Four hours of business time off is $170. Profit sharing equal to 2% of salary is $602. ING Direct also kept many of my personal belongings such as staples, tape, pens (ING Direct does not provide any office supplies.) and many technical printings that I brought from home with value about $40. In addition, the salary for my unemployment period of 3.5 months with benefits – 18% bonus, 2% profit sharing and 7 days of PTO equal to $32129 plus cost of $20000 for health insurance from 9/05 up to now. Besides, the unlawful discharge was also a heavy blow to me mentally. The value of that loss and cost of health insurance for the future eight years will be decided by Judge and Jury during the trial.

18. Same as No. 1.

19. Same as No. 1.

20. Same as No. 1.

21. Objection. This request exceeds the scope of permissible discovery as it seeks information and documents protected by attorney client privilege.

22. Objection. This request exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive.

23. Objection. This request exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive.

24. Same as No. 1.

25. Same as No. 1.

2

26. Same as No. 1.

27. Same as No. 1.

28. Same as No. 1.

29. Same as No. 1.

30. Same as No. 1.

31. Same as No. 1.

32. Same as No. 1.

33. Same as No. 1.

34. Same as No. 1.

35. Same as No. 1.

36. Evidences in Complaint, Plaintiff's Pleading to Defendant ING Direct's Affirmative Defenses, Plaintiff's Request for Production of Documents Addressed to Defendant and Plaintiff's Interrogatories Directed to Defendant and Plaintiff's Responses to Interrogatories Set One from Defendant.

37. Same as No. 1.

38. Same as No. 1.

39. Same as No. 1.

40. Same as No. 1.

41. Answers to interrogatories 10, 13 and 14. See reply to Request No. 7. Evidences in Complaint, Plaintiff's Pleading to Defendant ING Direct's Affirmative Defenses, Plaintiff's Request for Production of Documents Addressed to Defendant and Plaintiff's Interrogatories Directed to Defendant and Plaintiff's Responses to Interrogatories Set One from Defendant.

Xianhua Zhang
-------------------------------
Plaintiff

Date: 4/9/2008

3

CERTIFICATE OF SERVICE

I, Xianhua Zhang, hereby certify that a true and correct copy of Plaintiff's Responses to Request for Production of Document Set One from Defendant has been electronically and timely mailed upon the following:

David P. Primack     David.Primack@dbr.com – Attorney for Defendant
David J. Woolf       David.Woolf@dbr.com – Attorney for Defendant
Edward N. Yost       Edward.Yost@dbr.com – Attorney for Defendant


                                                    *Xianhua Zhang*
                                                    Xianhua Zhang
                                                    ------------------------------
                                                    Plaintiff

Date: 4/9/2008

**EXHIBIT C**

**DrinkerBiddle&Reath**
L L P

Edward N. Yost
215-988-1122
edward.yost@dbr.com

April 18, 2008

**VIA ELECTRONIC MAIL AND
OVERNIGHT DELIVERY**

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

RE:    Zhang v. ING Direct, No. 07-555 (Dist. Del.)

Dear Mr. Zhang:

I write to address several open discovery issues, including the following:

(1)    We sent you a HIPAA release form on April 3, 2008 and asked
       you to complete a separate form for each physician you list in
       response to our interrogatories and return each form to us. David
       Woolf reminded you of our need for the completed forms on April
       10, 2008 and you indicated in your discovery responses that you
       would be providing them. As of today's date, you have not yet
       provided us with these forms. Please send us these completed
       forms as soon as possible so that we may obtain your medical
       records and explore the claims you make in the Complaint.
       Incidentally, if you are currently working at the CDI office located
       at 1717 Arch Street in Philadelphia, we can send someone to your
       office to pick up the HIPAA authorization forms (our office is less
       than a block away), which will ensure confidentiality.

(2)    We have not yet received your initial disclosures as required by
       Federal Rule of Civil Procedure 26(a)(1). Please provide this
       information as soon as possible.

(3)    Enclosed is a notice of your deposition. We are able to take your
       deposition in our Philadelphia office on May 7, 2008 or May 8,
       2008. Please let me know as soon as possible whether you are
       available to be deposed on either of these dates.

(4)    In response to interrogatory number 3, you identify CDI as your
       current employer but provide almost no information about that
       employment. We plan to subpoena your employment records
       from CDI under Federal Rule of Civil Procedure 45. Please
       consider this letter as our notification to you that we will be
       sending out that subpoena shortly.

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

*Established 1849*

PHLIT\706008\1

DrinkerBiddle&Reath
L L P

Xianhua Zhang
April 18, 2008
Page 2

(5)     You refer to "evidences in the Complaint" in several instances
        in response to document requests or interrogatories.  Please
        define for us what "evidences in the Complaint" means and
        provide any documents that constitute such evidence.

(6)     Your responses to our interrogatories and document requests are
        deficient in several respects.  These deficiencies are detailed for
        you below.  Please provide to me the information and documents
        requested below within 10 calendar days of the date of this letter.

In response to interrogatory number 2, which asks that you "describe in detail the
efforts you made to obtain work or employment," you simply state, "I did work hard to
apply for new jobs." This response is deficient.  Please supplement this response to
include the name of the employers you contacted, the date you contacted them, the terms
and conditions of the prospective employment and the disposition and reason(s) for the
disposition of your application.

You refuse to respond to Interrogatory number 5, which asks whether you have
ever been a party to civil or criminal litigation and asks that you state the full name of
each lawsuit to which you have been a party, the docket number and the court in which it
was filed.  The basis for your refusal is that the interrogatory "exceeds the scope of
permissible discovery related to this case." The type of information requested in
interrogatory number 5, however, is routinely both requested and provided in civil cases
such as your case.  Moreover, the federal rules of evidence specifically provide that
certain prior criminal convictions are admissible at trial under certain circumstances.  See
Fed. R. Evid. 608.

You provide us with the names of twelve (12) medical providers in response to
interrogatory number 10.  The interrogatory, however, requests that you list the medical
providers whom you have sought treatment or consulted with for any harm or damage
alleged in the Complaint.  Please confirm to us that are claiming that these medical
providers treated you for harm or damage you allegedly suffered as a result of the actions
of ING Bank.

In response to interrogatory numbers 16 and 17, you object to responding at all on
the basis of the attorney-client privilege.  It is our understanding that you are proceeding
in this case without the aid of legal counsel.  If you are represented by, or are consulting
with legal counsel in this case, we do not want to know the substance of any
conversations you had with this person.  We do need to know, however, who that person
is and the nature of their involvement in this case.

DrinkerBiddle&Reath
L L P

Xianhua Zhang
April 18, 2008
Page 3

As with your responses to our interrogatories, several of your responses to our document requests are deficient. Specifically, you have failed to provide any documentation whatsoever in response to document request number 10, which requests that you provide us with documentation of all of the income you received since August 16, 2005. This documentation is absolutely essential to litigate this case. Without it, we are cannot assess your alleged damages claim. Please send us all employment agreements, independent contractor agreements, pay stubs, federal state and local income tax forms, any W-2s you have, unemployment benefit documents, worker's compensation documents and short or long-term disability documents or other insurance payment documents that you have received on or after August 16, 2005.

You also have not provided any documents in response to document requests 11 or 12, which request all documents relating to your attempts to obtain employment and all documents with regard to any employment you have obtained since August 16, 2005. These requests are also directly related to any alleged damages you claim ING Bank owes you. Accordingly, please send us all employment applications that you submitted, resumes that you submitted, correspondence that you sent or received, notes that you kept, offers of employment that you received, and/or refusals of employment that you received as of August 16, 2005.

In response to document request number 17, you list your damages without providing any supporting documentation. As explained, above, this documentation is required to litigate this case. Thus, please send us any and all documents that evidence, refer or relate to any harm or damage you believe you have suffered as a result of the conduct of ING Bank, including alleged monetary, emotional or other harm.

Your objection to requests 21, 22 and 23, which requests that you provide the documents you sent to the U.S. Equal Employment Opportunity Commission regarding this case, the documents you took with you from ING Bank after your employment concluded, and documents that describe any civil or criminal litigation in which you were involved, is unfounded. These document requests are not overly broad or unreasonable as you claim. They are directly related to your claims and are necessary to litigate this case. Please provide this information as requested.

DrinkerBiddle&Reath
L L P

Xianhua Zhang
April 18, 2008
Page 4

Thank you for your anticipated cooperation in providing to us the necessary information and documentation described above.  If you would like to discuss these issues, please contact me at 215-988-1122.

Sincerely yours,

Edward N. Yost

ENY

cc:    David J. Woolf, Esquire

PHLIT\706008\1

**EXHIBIT D**

Message

## Yost, Edward N.

| | |
|---|---|
| **From:** | Yost, Edward N. |
| **Sent:** | Monday, May 05, 2008 9:18 AM |
| **To:** | 'Peter Zhang' |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | RE: Zhang v. ING Direct |

Mr. Zhang,

ING Bank has no obligation whatsoever to reimburse you for anything regarding your deposition. You have brought this suit against ING Bank. As a Plaintiff, you have an obligation to make yourself available to be deposed in a reasonable fashion. We have been more than accommodating to you in offering you three different locations to take your deposition, one of which is only 7.4 miles from your home. You, however, have failed to respond to ING Bank's April 15, 2008 letter outlining the deficiencies in your responses to our discovery requests and you have failed to respond to our repeated requests to pick a location to hold your deposition. Due to your refusal to comply with the discovery process, we will not be able to take your deposition on May 7 or May 8 as initially proposed. Thus, please provide us with several dates when you are available to be deposed over the next few weeks.

If you do not respond to our April 15, 2008 letter and fail to choose a location to be deposed, we will seek the intervention of the Court.

-----Original Message-----
**From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
**Sent:** Tuesday, April 29, 2008 10:48 PM
**To:** Yost, Edward N.
**Cc:** Woolf, David J. (Philadelphia Partner)
**Subject:** Re: Zhang v. ING Direct

Mr. Yost,

Will ING Direct or your firm reimbuse me my time away from job, parking and milage for the deposition at your office as required by law?

Thanks,

Peter Zhang

----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Tuesday, April 29, 2008 8:39:27 AM
Subject: RE: Zhang v. ING Direct

5/31/2008

Mr. Zhang:

While we again appreciate your offer to conduct your deposition in your home, we do not feel that your home is an appropriate location. We also feel that a telephone deposition is not appropriate given that you live only 7.4 miles from our Berwyn, PA office. In order to make this process as convenient for you as possible, we are willing to take your deposition in our Berwyn, PA office or our Philadelphia, PA office or our Wilmington, DE office. If you refuse all of these options, we will be forced to raise the issue with Judge Farnan. Please let me know as soon as possible whether you are willing to come to any of the above offices so that we may take your deposition.

> -----Original Message-----
> **From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
> **Sent:** Saturday, April 26, 2008 10:49 PM
> **To:** Yost, Edward N.
> **Cc:** Woolf, David J. (Philadelphia Partner)
> **Subject:** Re: Zhang v. ING Direct
>
> Mr. Yost,
>
>
> I do not think it is not formal to do deposition at my home. If you do not like it, I can do telephone deposition.
>
>
>
> Thanks,
>
>
>
> Peter Zhang
>
> ----- Original Message ----
> From: "Yost, Edward N." <Edward.Yost@dbr.com>
> To: Peter Zhang <peterzhang9999@yahoo.com>
> Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
> Sent: Wednesday, April 23, 2008 3:09:07 PM
> Subject: RE: Zhang v. ING Direct
>
> Mr. Zhang,
>
> While we appreciate your offer to take your deposition in your home, we feel that such an informal setting is not appropriate for these purposes. If you feel that Philadelphia is too far to travel, we can take your deposition in our office in Berwyn, PA, which is located only 7.4 miles from your home. Please inform me as soon as possible whether this arrangement is acceptable to you.
>
> The letter to which you refer below was written *after* your proper responses to our

Message

discovery requests were due. We allowed you 10 extra days to provide us the information requested in our discovery as a courtesy. Please provide the information requested in the letter within the timeframe described.

> -----Original Message-----
> **From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
> **Sent:** Tuesday, April 22, 2008 9:57 PM
> **To:** Yost, Edward N.
> **Subject:** Re: Zhang v. ING Direct
>
> Mr. Yost,
>
> There is no issue for me to do deposition. But your office is too far from my home. In addition, I am paid hourly. That means I will not be paid for those hours for depostion and on the ways. So I suggest to take depsoition at my home. I work from home. So there should no issues to do deposition at my home.
>
> I still am reviewing your letter. You ask me to provide further info within 10 days. Please let me know that you set this time based on which Fedreal Rule of Civil Procedures.
>
>
>
> Thanks,
>
>
>
> Peter Zhang
>
>
> ----- Original Message ----
> From: "Yost, Edward N." <Edward.Yost@dbr.com>
> To: Peter Zhang <peterzhang9999@yahoo.com>
> Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
> Sent: Friday, April 18, 2008 9:48:21 AM
> Subject: Zhang v. ING Direct
>
> Mr. Zhang,
>
> Please find attached a letter addressed to your attention regarding several discovery issues and a notice of your deposition. Please review the attached documents and call or write to me if you have any questions. Thank you.
> <<lhh101_.DOC>>  <<lhxz01_.DOC>>
>
>
> ----------------------------------------------------------------
> Disclaimer Required by IRS Rules of Practice:
> Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed

Message

under Federal tax laws.

-----------------------------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail@dbr.com and delete the message.
Thank you very much.

-----------------------------------------------------------------

**EXHIBIT E**

**Yost, Edward N.**

| | |
|---|---|
| **From:** | Yost, Edward N. |
| **Sent:** | Wednesday, May 07, 2008 5:55 PM |
| **To:** | 'Peter Zhang' |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | Zhang v. ING - Confidentiality Agreement |

**Attachments:** lj5d01_.DOC

lj5d01_.DOC (39 KB)

r. Zhang,

Attached is a confidentiality agreement and protective order regarding materials to be exchanged by the parties during the discovery process in the lawsuit you have brought against ING Bank. Once you have reviewed and signed the agreement, please return it to my attention. When we receive the signed agreement, we will produce to you documents related to Dan Lu's performance evaluations as you have requested.

Also, we sent you documents responsive to your discovery requests yesterday via overnight mail. Thus, your continued refusal to respond fully to our discovery requests is absolutely without basis. Thus, we demand that you immediately provide us with proper responses to our discovery requests as outlined in my previous letter to you.

Also, we propose to take your deposition on Monday, June 9, 2008 at 10:00 a.m. in either our Berwyn, Philadelphia or Delaware offices. Please inform me immediately which office at which you wish to appear.

**EXHIBIT F**



DrinkerBiddle&Reath
L L P

Edward N. Yost
215-988-1122
edward.yost@dbr.com

*Law Offices*

One Logan Square
18th and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

May 27, 2008

**VIA ELECTRONIC MAIL AND OVERNIGHT DELIVERY**

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

RE:     Zhang v. ING Direct, No. 07-555 (Dist. Del.)

Dear Mr. Zhang:

On April 18, 2008, I wrote you the attached letter, which detailed several deficiencies in your responses to our interrogatories and document requests. On May 7, 2008, I wrote you the attached e-mail which again requested that you provide us with complete responses to our discovery requests as outlined in the April 18, 2008 letter. As of today's date, despite our repeated requests, you have not supplemented any of your responses to our interrogatories and document requests that we identified were deficient. For example, you still have not provided us with any documents or information related to your job search efforts or income after your employment with ING Bank came to an end. You also have not provided us with any information or documents regarding your alleged damages. All of these documents and information are permitted under the Rules and required to litigate this case.

Thus, if we do not receive proper responses to our interrogatories and document requests as outlined in the April 18, 2008 letter by the end of this week, we will file a motion with the Court.

Sincerely yours,

Edward N. Yost

ENY

Enclosures

cc:     David J. Woolf, Esquire (w/out enclosures)

*Established 1849*

PHLIT\710974\1