IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG<br><br>      Plaintiff,<br><br>v.<br><br>ING DIRECT<br><br>      Defendant. | Case No. 07-555 (JJF) |

## MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES

Defendant ING Bank, fsb, ("ING"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned counsel, hereby moves this Court in accordance with Local Rule 16.4 to clarify and establish a discovery deadline of July 18, 2008 and a dispositive motion deadline of August 18, 2008. In support thereof, ING avers as follows:

1. This matter, which involves allegations of age, race and disability discrimination regarding Plaintiff's former employment with ING, was originally assigned to Magistrate Judge Leonard P. Stark in November 2007.

2. On January 16, 2008, Judge Stark provided for the parties' consideration a proposed Scheduling Order, which proposed that all discovery be completed on or before June 16, 2008. *See* D.I. 10.

3. Before Judge Stark could finalize and issue the Order, this matter was transferred to this Court on February 1, 2008. There is currently no issued Order setting a discovery deadline.

4.  On March 10, 2008, Defendant served written discovery on Plaintiff and on April 18, 2008, began attempting to schedule Plaintiff's deposition. Since then, Defendant has encountered significant delays both in receiving responses to its discovery requests and in taking Plaintiff's deposition that have impaired its ability to complete discovery in this matter prior to the proposed discovery end date. The source of these delays at every turn has been Plaintiff's refusal to comply with the Federal Rules of Civil Procedure.

5.  For example, although requested by ING, Plaintiff has yet to provide Defendant with any documents or provide any information regarding his back pay and other damages claims and whether he has met his obligation to mitigate his alleged damages. These, and several other deficiencies in Plaintiff's responses to Defendant's discovery requests are the subject of a motion to compel, that we have filed with the Court. *See* D.I. 28.

6.  Plaintiff has also repeatedly refused to appear to be deposed despite defense counsel's five attempts over three months to schedule his deposition. Plaintiff's refusal to appear for his deposition will likely be the subject of a Motion to Compel to be filed early next week.[1]

7.  Even though the meet and confer requirements of Local Rule 7.1.1 do not apply in this matter because Plaintiff is *pro se*, we have asked Plaintiff for his consent to this extension, but he has refused it, albeit on the mistaken belief that the parties can continue to engage in third party and other discovery after the conclusion of the discovery period. *See* Exh. A, 6/3/08 Zhang to Yost Email.

---

[1] In a last attempt to avoid unnecessary motion practice, ING has given Plaintiff until close of business today to agree to be deposed within the next two weeks. Most recently, his deposition was scheduled for June 12, 2008 but Plaintiff cancelled several days before the deposition. Prior to that, Plaintiff insisted that any deposition be held at his house and that ING compensate him for travel expenses and lost work time as conditions for him sitting for deposition.

8. On June 3, 2008, ING requested via a letter to the Court's chambers that the discovery deadline be finalized and extended. *See* D.I. 29. ING now submits this motion in case the Court's preference is that ING raise issues addressed therein through formal motion.

9. Given Plaintiff's continued refusal to respond to discovery requests or appear for his deposition, coupled with the fast-approaching proposed discovery deadline and dispositive motion cut-off date, Defendant now moves the Court for an Order in the form attached to establish an extended discovery and dispositive motion deadlines.

Dated: June 13, 2008

_____
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
(302) 467-4200

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700
Attorneys for Defendant ING Bank, fsb

# **EXHIBIT A**

## Yost, Edward N.

**From:** Peter Zhang [peterzhang9999@yahoo.com]
**Sent:** Tuesday, June 03, 2008 1:03 AM
**To:** Yost, Edward N.
**Cc:** peter
**Subject:** Re: Zhang v. ING Bank

Mr. Yost,

I object to postpone the deadline of discovery. I think both parties have enough time to file new discovery requests before 6/16/2008. Replies to discovery requests and discovery requests toward third parties are not confined by this deadline as I understand.

Thanks,

Peter Zhang

----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Thursday, May 29, 2008 1:47:52 PM
Subject: Zhang v. ING Bank

Mr. Zhang,

Please find attached a letter which addresses the discovery deadline in the above-referenced matter. If you have any questions, or would like to discuss the contents of the letter, please do not hesitate to contact me.

<<PDF - Letter to Mr. Zhang re discovery deadline_v2.PDF>>

------------------------------------------------------------
Disclaimer Required by IRS Rules of Practice:
Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.
------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended

6/3/2008

addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail@dbr.com and delete the message.
Thank you very much.

------------------------------------------------------------

6/3/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG <br><br> Plaintiff, <br><br> v. <br><br> ING DIRECT <br><br> Defendant. | Case No. 07-555 (JJF) |

### ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of Defendant's Motion to Extend Discovery and Dispositive Motion Deadlines, all responses thereto, and for good cause shown, it is hereby ORDERED that the Motion is granted. Accordingly, it is FURTHER ORDERED that all discovery in this matter shall be completed by July 18, 2008 and all dispositive motions shall be filed on or before August 18, 2008.

_____
Joseph J. Farnan, Jr., U.S.D.J.

## CERTIFICATE OF SERVICE TO DEFENDANT
## AND TO CLIENT PURSUANT TO LOCAL RULE 16.4(b)

I, David P. Primack, hereby certify that, on this date, I caused a true and correct copy of the foregoing document to be served on ING Bank, fsb by electronic mail. I further certify that, on this date, I caused a true and correct copy of the foregoing document to be served on the plaintiff via electronic and first-class U.S. mail, postage prepaid, at the following address:

>Xianhua Zhang
>212 Yorktown Court
>Malvern, PA 19355

Dated: June 13, 2008

_____
David P. Primack