IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| v. | : | |
| ING DIRECT | : | |
| Defendant. | : | |

## MOTION TO COMPEL APPEARANCE AT DEPOSITION

Defendant ING Bank, fsb ("ING"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned counsel, hereby moves this Court to compel Plaintiff Xianhua Zhang to present himself for deposition at the Wilmington, Philadelphia or Berwyn office of Drinker Biddle & Reath LLP, for a full day of no longer than seven (7) hours, excluding breaks, within ten (10) calendar days after the date of the Court's Order. In support thereof, ING avers as follows:

1.    Plaintiff Xianhua Zhang filed the above-captioned action on November 7, 2007 alleging age, race and disability discrimination in connection with the termination of his employment with ING.

2.    ING first noticed Plaintiff's deposition on April 18, 2008, and offered both May 7 and May 8, 2008 as potential dates. *See* Exh. A, 4/18/08 Yost Letter to Zhang.

3.    On April 22, 2008, Plaintiff refused to be deposed in defense counsel's office and requested that his deposition be conducted in his home because "[he] will not be paid for those hours for deposition and on the ways *[sic]*." *See* Exh. B, 4/18/08 Zhang Email to Yost.

4.    On April 23, 2008, defense counsel declined to take Plaintiff's deposition in his home and offered to depose him in their Berwyn, Pennsylvania office, which is located only 7.4 miles from Plaintiff's home. *See* Exh. C, 4/26/08 Email chain. Plaintiff responded on April 26, 2008, that if defense counsel refused to take his deposition at his home, he would "do [a] telephone deposition." *Id.*

5.    On April 29, 2008, defense counsel explained to Plaintiff that they were not willing to take his deposition in his home or conduct a telephone deposition and offered to take Plaintiff's deposition in either their Philadelphia, Wilmington or Berwyn offices. *See* Exh. D, 4/29/08 Email chain. Plaintiff responded by asking "[w]ill ING Direct or your firm reimburse me my time away from job, parking and mileage for the deposition at your office as required by law?" *Id.*

6.    On May 5, 2008, defense counsel informed Plaintiff that ING would not reimburse him for expenses associated with his deposition. *See* Exh. E, 5/5/08 Yost Email to Zhang. Defense counsel further explained to Plaintiff that due to his refusal to confirm his availability for May 7 or May 8, 2008, and his failure to respond properly to ING's discovery requests, ING was forced to reschedule his deposition. *Id.* Defense counsel then requested that Plaintiff provide several dates when he would be available to be deposed over the following two weeks. *Id.*

7.    On May 7, 2008, defense counsel offered to take Plaintiff's deposition on June 9, 2008 in either its Berwyn, Philadelphia or Wilmington offices. *See* Exh. F, 5/7/08 Yost Email to Zhang. Plaintiff did not respond to defense counsel's proposed date.

8.    On May 12, 2008, defense counsel again attempted to schedule Plaintiff's deposition and offered June 12, 2008 and either its Berwyn, or Philadelphia or Wilmington

offices to take the deposition. *See* Exh. G, 5/13/08 Email chain. Plaintiff replied: "I basically agree to go to your offices in Berwyn at 11 am on June 12, 2008 to take [my] deposition. But you need to provide those missing or readable documents first listed in my previous email. I will do my best to take deposition that date. If I cannot, I will let you know at least a couple of days earlier." *Id.* On May 13, 2008, counsel for ING requested that Plaintiff firmly commit to the June 12, 2008 date and agreed to work with Plaintiff to send him "readable" documents despite the fact that all documents produced to Plaintiff were legible. *Id.*

9.      On May 19, 2008, in response to Plaintiff's request, defense counsel sent Plaintiff several "blown-up" documents to make them easier for him to read and assured him that no documents were "missing" from its document production. *See* Exh. H, 5/19/2008 Yost Email to Zhang.

10.      On June 3, 2008, Plaintiff informed defense counsel that "[s]ince Defendant has not followed the rules to fulfill obligations on time during discovery process, there is no obligation for me to take the deposition defined by Defendant." *See* Exh. I, 6/3/2008 Zhang Email to Yost.

11.      Concerned about Plaintiff's response, on June 4, 2008, defense counsel asked Plaintiff to confirm whether or not he would attend his deposition on June 12, 2008 and agreed to address Plaintiff's claimed, but baseless, discovery issues. *See* Exh. J, 6/4/08 Yost Email to Zhang.

12.      On June 9, 2008, Plaintiff refused to be deposed until "Defendant fulfills their obligations in the discovery process." *See* Exh. K, 6/9/2008 Zhang Email to Woolf.

13.      On June 10, 2008, defense counsel twice attempted unsuccessfully to send Plaintiff a letter via email which detailed ING's response to all of Plaintiff's outstanding

discovery issues. *See* Exh. L, 6/11/08 Yost Letter to Zhang with Enclosures. On June 11, 2008, defense counsel sent Plaintiff a letter via federal express and enclosed the June 10, 2008 letter. *Id.* In the June 11, 2008 letter, defense counsel, for the fifth time, attempted to reschedule Plaintiff's deposition and offered him three additional dates – June 19, 24 and 26 – to take his deposition at either its Wilmington, Philadelphia or Berwyn office. Defense counsel also informed Plaintiff that if he did not select one of the three dates or otherwise provide a date when he would make himself available by Friday, June 13, 2008 at 5:00 p.m., ING would file a motion with the Court to compel his appearance. *Id.*

14.    Friday, June 13, 2008 passed without a response from Plaintiff. On Monday, June 16, 2008, Plaintiff emailed defense counsel, ignored the three dates offered and suggested that "we can do deposition later next month." *See* Exh. M, 6/16/08 Zhang Email to Yost. Plaintiff's latest response is more of the same strategy of delay and obstruction that has defined his conduct throughout this case.

15.    Plaintiff's insistence that his deposition be held at his home, his demand to be paid for mileage, parking and time spent in his own deposition, his refusal to appear until ING satisfies his unlimited and unreasonable discovery demands have turned the discovery process into a charade. Plaintiff's tactics are especially egregious given ING's patient compliance with the discovery process in the face of Plaintiff's antics. ING responded to Plaintiff's discovery requests on time, produced all responsive, non-privileged documents in its possession, custody or control to him, explained its responses time and again to him in minute detail and even produced "blown-up" documents to him to make it easier for him to read them. ING now turns to the Court as a last resort to move this case forward.

WHEREFORE, Defendant ING Bank respectfully requests that this Court enter an Order

compelling Plaintiff Xianhua Zhang to present himself for deposition at Drinker Biddle & Reath

LLP's Wilmington, Philadelphia or Berwyn office, for a full day of no longer than seven (7)

hours, excluding breaks, within the next ten (10) calendar days, or suffer such sanctions as the

Court might impose.

Dated: June 16, 2008

David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700
Attorneys for Defendant ING Bank, fsb

**EXHIBIT A**

**DrinkerBiddle&Reath**
L L P

Edward N. Yost
215-988-1122
edward.yost@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

April 18, 2008

**VIA ELECTRONIC MAIL AND
OVERNIGHT DELIVERY**

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

RE:    Zhang v. ING Direct, No. 07-555 (Dist. Del.)

Dear Mr. Zhang:

I write to address several open discovery issues, including the following:

(1)    We sent you a HIPAA release form on April 3, 2008 and asked
you to complete a separate form for each physician you list in
response to our interrogatories and return each form to us. David
Woolf reminded you of our need for the completed forms on April
10, 2008 and you indicated in your discovery responses that you
would be providing them. As of today's date, you have not yet
provided us with these forms. Please send us these completed
forms as soon as possible so that we may obtain your medical
records and explore the claims you make in the Complaint.
Incidentally, if you are currently working at the CDI office located
at 1717 Arch Street in Philadelphia, we can send someone to your
office to pick up the HIPAA authorization forms (our office is less
than a block away), which will ensure confidentiality.

(2)    We have not yet received your initial disclosures as required by
Federal Rule of Civil Procedure 26(a)(1). Please provide this
information as soon as possible.

(3)    Enclosed is a notice of your deposition. We are able to take your
deposition in our Philadelphia office on May 7, 2008 or May 8,
2008. Please let me know as soon as possible whether you are
available to be deposed on either of these dates.

(4)    In response to interrogatory number 3, you identify CDI as your
current employer but provide almost no information about that
employment. We plan to subpoena your employment records
from CDI under Federal Rule of Civil Procedure 45. Please
consider this letter as our notification to you that we will be
sending out that subpoena shortly.

*Established 1849*

PHLIT\706008\1

DrinkerBiddle&Reath
L L P

Xianhua Zhang
April 18, 2008
Page 2

(5)    You refer to "evidences in the Complaint" in several instances
in response to document requests or interrogatories. Please
define for us what "evidences in the Complaint" means and
provide any documents that constitute such evidence.

(6)    Your responses to our interrogatories and document requests are
deficient in several respects. These deficiencies are detailed for
you below. Please provide to me the information and documents
requested below within 10 calendar days of the date of this letter.

In response to interrogatory number 2, which asks that you "describe in detail the
efforts you made to obtain work or employment," you simply state, "I did work hard to
apply for new jobs." This response is deficient. Please supplement this response to
include the name of the employers you contacted, the date you contacted them, the terms
and conditions of the prospective employment and the disposition and reason(s) for the
disposition of your application.

You refuse to respond to Interrogatory number 5, which asks whether you have
ever been a party to civil or criminal litigation and asks that you state the full name of
each lawsuit to which you have been a party, the docket number and the court in which it
was filed. The basis for your refusal is that the interrogatory "exceeds the scope of
permissible discovery related to this case." The type of information requested in
interrogatory number 5, however, is routinely both requested and provided in civil cases
such as your case. Moreover, the federal rules of evidence specifically provide that
certain prior criminal convictions are admissible at trial under certain circumstances. See
Fed. R. Evid. 608.

You provide us with the names of twelve (12) medical providers in response to
interrogatory number 10. The interrogatory, however, requests that you list the medical
providers whom you have sought treatment or consulted with **for any harm or damage
alleged in the Complaint**. Please confirm to us that are claiming that these medical
providers treated you for harm or damage you allegedly suffered as a result of the actions
of ING Bank.

In response to interrogatory numbers 16 and 17, you object to responding at all on
the basis of the attorney-client privilege. It is our understanding that you are proceeding
in this case without the aid of legal counsel. If you are represented by, or are consulting
with legal counsel in this case, we do not want to know the substance of any
conversations you had with this person. We do need to know, however, who that person
is and the nature of their involvement in this case.

DrinkerBiddle&Reath
L L P

Xianhua Zhang
April 18, 2008
Page 3

As with your responses to our interrogatories, several of your responses to our document requests are deficient. Specifically, you have failed to provide any documentation whatsoever in response to document request number 10, which requests that you provide us with documentation of all of the income you received since August 16, 2005. This documentation is absolutely essential to litigate this case. Without it, we are cannot assess your alleged damages claim. Please send us all employment agreements, independent contractor agreements, pay stubs, federal state and local income tax forms, any W-2s you have, unemployment benefit documents, worker's compensation documents and short or long-term disability documents or other insurance payment documents that you have received on or after August 16, 2005.

You also have not provided any documents in response to document requests 11 or 12, which request all documents relating to your attempts to obtain employment and all documents with regard to any employment you have obtained since August 16, 2005. These requests are also directly related to any alleged damages you claim ING Bank owes you. Accordingly, please send us all employment applications that you submitted, resumes that you submitted, correspondence that you sent or received, notes that you kept, offers of employment that you received, and/or refusals of employment that you received as of August 16, 2005.

In response to document request number 17, you list your damages without providing any supporting documentation. As explained, above, this documentation is required to litigate this case. Thus, please send us any and all documents that evidence, refer or relate to any harm or damage you believe you have suffered as a result of the conduct of ING Bank, including alleged monetary, emotional or other harm.

Your objection to requests 21, 22 and 23, which requests that you provide the documents you sent to the U.S. Equal Employment Opportunity Commission regarding this case, the documents you took with you from ING Bank after your employment concluded, and documents that describe any civil or criminal litigation in which you were involved, is unfounded. These document requests are not overly broad or unreasonable as you claim. They are directly related to your claims and are necessary to litigate this case. Please provide this information as requested.

DrinkerBiddle&Reath
L L P

Xianhua Zhang
April 18, 2008
Page 4

    Thank you for your anticipated cooperation in providing to us the necessary information and documentation described above.  If you would like to discuss these issues, please contact me at 215-988-1122.

                                        Sincerely yours,

                                        Edward N. Yost

ENY

cc:    David J. Woolf, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| v. | : | |
| ING DIRECT | : | |
| Defendant. | : | |

### NOTICE OF PLAINTIFF'S DEPOSITION

To:    Xianhua Zhang, *pro se*
212 Yorktown Court
Malvern, PA 19355

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Defendant ING Direct, by its undersigned counsel, will take the deposition of Plaintiff Xianhua Zhang before a person duly authorized to administer oaths, at the offices of Drinker Biddle & Reath LLP, 1100 N. Market Street, Wilmington, DE 19801-1254, **beginning at 10:00 a.m., on May 7, 2008,** and continuing until completed.  The deposition will be recorded stenographically.

Dated: April 18, 2008

David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700
*Attorneys for Defendant ING Bank, fsb*

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that, on this date, I caused a true and correct copy of the foregoing Notice of Plaintiff's Deposition to be served on the plaintiff by electronic and first-class U.S. mail, postage prepaid, at the following address:

> Xianhua Zhang
> 212 Yorktown Court
> Malvern, PA 19355

Dated: April 18, 2008

David P. Primack

-2-

**EXHIBIT B**

## Yost, Edward N.

**From:**   Peter Zhang [peterzhang9999@yahoo.com]
**Sent:**   Tuesday, April 22, 2008 9:57 PM
**To:**    Yost, Edward N.
**Subject:** Re: Zhang v. ING Direct

Mr. Yost,

There is no issue for me to do deposition. But your office is too far from my home. In addition, I am paid hourly. That means I will not be paid for those hours for depostion and on the ways. So I suggest to take depsoition at my home. I work from home. So there should no issues to do deposition at my home.

I still am reviewing your letter. You ask me to provide further info within 10 days. Please let me know that you set this time based on which Fedreal Rule of Civil Procedures.

Thanks,

Peter Zhang

----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Friday, April 18, 2008 9:48:21 AM
Subject: Zhang v. ING Direct

Mr. Zhang,

Please find attached a letter addressed to your attention regarding several discovery issues and a notice of your deposition. Please review the attached documents and call or write to me if you have any questions. Thank you.
<<lhh101_.DOC>>  <<lhxz01_.DOC>>

----------------------------------------------------------------
Disclaimer Required by IRS Rules of Practice:
Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.
----------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or

disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail@dbr.com and delete the message.
Thank you very much.
----------------------------------------------------------------

**EXHIBIT C**

**Yost, Edward N.**

| | |
|---|---|
| **From:** | Peter Zhang [peterzhang9999@yahoo.com] |
| **Sent:** | Saturday, April 26, 2008 10:49 PM |
| **To:** | Yost, Edward N. |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | Re: Zhang v. ING Direct |

Mr. Yost,

I do not think it is not formal to do deposition at my home. If you do not like it, I can do telephone deposition.

Thanks,

Peter Zhang

----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Wednesday, April 23, 2008 3:09:07 PM
Subject: RE: Zhang v. ING Direct

Mr. Zhang,

While we appreciate your offer to take your deposition in your home, we feel that such an informal setting is not appropriate for these purposes. If you feel that Philadelphia is too far to travel, we can take your deposition in our office in Berwyn, PA, which is located only 7.4 miles from your home. Please inform me as soon as possible whether this arrangement is acceptable to you.

The letter to which you refer below was written *after* your proper responses to our discovery requests were due. We allowed you 10 extra days to provide us the information requested in our discovery as a courtesy. Please provide the information requested in the letter within the timeframe described.

-----Original Message-----
**From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
**Sent:** Tuesday, April 22, 2008 9:57 PM
**To:** Yost, Edward N.
**Subject:** Re: Zhang v. ING Direct

Mr. Yost,

There is no issue for me to do deposition. But your office is too far from my home. In addition, I am paid hourly. That means I will not be paid for those hours for depostion and on the ways. So I suggest to take depsoition at my home. I work from home. So there should no issues to do deposition at my home.

I still am reviewing your letter. You ask me to provide further info within 10 days. Please let me know that you set this time based on which Fedreal Rule of Civil Procedures.

Thanks,

Peter Zhang

----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Friday, April 18, 2008 9:48:21 AM
Subject: Zhang v. ING Direct

Mr. Zhang,

Please find attached a letter addressed to your attention regarding several discovery issues and a notice of your deposition. Please review the attached documents and call or write to me if you have any questions. Thank you.
<<lhh101_.DOC>> <<lhxz01_.DOC>>

------------------------------------------------------------
Disclaimer Required by IRS Rules of Practice:
Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.
------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail@dbr.com and delete the message.
Thank you very much.
------------------------------------------------------------

6/12/2008

**EXHIBIT D**

## Yost, Edward N.

| | |
|---|---|
| **From:** | Peter Zhang [peterzhang9999@yahoo.com] |
| **Sent:** | Tuesday, April 29, 2008 10:48 PM |
| **To:** | Yost, Edward N. |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | Re: Zhang v. ING Direct |

Mr. Yost,

Will ING Direct or your firm reimburse me my time away from job, parking and milage for the
deposition at your office as required by law?

Thanks,

Peter Zhang

----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Tuesday, April 29, 2008 8:39:27 AM
Subject: RE: Zhang v. ING Direct

Mr. Zhang:

While we again appreciate your offer to conduct your deposition in your home, we do not feel that your
home is an appropriate location.  We also feel that a telephone deposition is not appropriate given that
you live only 7.4 miles from our Berwyn, PA office.  In order to make this process as convenient for you
as possible, we are willing to take your deposition in our Berwyn, PA office or our Philadelphia, PA
office or our Wilmington, DE office.  If you refuse all of these options, we will be forced to raise the
issue with Judge Farnan.  Please let me know as soon as possible whether you are willing to come to any
of the above offices so that we may take your deposition.

> -----Original Message-----
> **From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
> **Sent:** Saturday, April 26, 2008 10:49 PM
> **To:** Yost, Edward N.
> **Cc:** Woolf, David J. (Philadelphia Partner)
> **Subject:** Re: Zhang v. ING Direct
>
> Mr. Yost,

6/12/2008

I do not think it is not formal to do deposition at my home. If you do not like it, I can do telephone deposition.


Thanks,


Peter Zhang


----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Wednesday, April 23, 2008 3:09:07 PM
Subject: RE: Zhang v. ING Direct

Mr. Zhang,

While we appreciate your offer to take your deposition in your home, we feel that such an informal setting is not appropriate for these purposes. If you feel that Philadelphia is too far to travel, we can take your deposition in our office in Berwyn, PA, which is located only 7.4 miles from your home. Please inform me as soon as possible whether this arrangement is acceptable to you.

The letter to which you refer below was written *after* your proper responses to our discovery requests were due. We allowed you 10 extra days to provide us the information requested in our discovery as a courtesy. Please provide the information requested in the letter within the timeframe described.

> -----Original Message-----
> **From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
> **Sent:** Tuesday, April 22, 2008 9:57 PM
> **To:** Yost, Edward N.
> **Subject:** Re: Zhang v. ING Direct
>
> Mr. Yost,
>
> There is no issue for me to do deposition. But your office is too far from my home. In addition, I am paid hourly. That means I will not be paid for those hours for deposition and on the ways. So I suggest to take depsoition at my home. I work from home. So there should no issues to do deposition at my home.
>
> I still am reviewing your letter. You ask me to provide further info within 10 days. Please let me know that you set this time based on which Fedreal Rule of Civil Procedures.

Thanks,


Peter Zhang


----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Friday, April 18, 2008 9:48:21 AM
Subject: Zhang v. ING Direct

Mr. Zhang,

Please find attached a letter addressed to your attention regarding
several discovery issues and a notice of your deposition. Please review
the attached documents and call or write to me if you have any
questions. Thank you.
<<lhh101_.DOC>> <<lhxz01_.DOC>>


-------------------------------------------------------------------
Disclaimer Required by IRS Rules of Practice:
Any discussion of tax matters contained herein is not intended or written to be used, and
cannot be used, for the purpose of avoiding any penalties that may be imposed under
Federal tax laws.
-------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you
are the intended addressee (or authorized to receive for the intended addressee), you may
not use, copy or disclose to anyone the message or any information contained in the
message. If you have received the message in error, please advise the sender at Drinker
Biddle & Reath LLP by reply e-mail@dbr.com and delete the message.
Thank you very much.
-------------------------------------------------------------------

**EXHIBIT E**

## Yost, Edward N.

**From:**     Yost, Edward N.
**Sent:**     Monday, May 05, 2008 9:18 AM
**To:**        'Peter Zhang'
**Cc:**        Woolf, David J. (Philadelphia Partner)
**Subject:** RE: Zhang v. ING Direct

Mr. Zhang,

ING Bank has no obligation whatsoever to reimburse you for anything regarding your deposition. You have brought this suit against ING Bank. As a Plaintiff, you have an obligation to make yourself available to be deposed in a reasonable fashion. We have been more than accommodating to you in offering you three different locations to take your deposition, one of which is only 7.4 miles from your home. You, however, have failed to respond to ING Bank's April 15, 2008 letter outlining the deficiencies in your responses to our discovery requests and you have failed to respond to our repeated requests to pick a location to hold your deposition. Due to your refusal to comply with the discovery process, we will not be able to take your deposition on May 7 or May 8 as initially proposed. Thus, please provide us with several dates when you are available to be deposed over the next few weeks.

If you do not respond to our April 15, 2008 letter and fail to choose a location to be deposed, we will seek the intervention of the Court.

> -----Original Message-----
> **From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
> **Sent:** Tuesday, April 29, 2008 10:48 PM
> **To:** Yost, Edward N.
> **Cc:** Woolf, David J. (Philadelphia Partner)
> **Subject:** Re: Zhang v. ING Direct
>
> Mr. Yost,
>
> Will ING Direct or your firm reimbuse me my time away from job, parking and milage for the deposition at your office as required by law?
>
>
> Thanks,
>
>
>
> Peter Zhang
>
>
> ----- Original Message ----
> From: "Yost, Edward N." <Edward.Yost@dbr.com>
> To: Peter Zhang <peterzhang9999@yahoo.com>
> Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
> Sent: Tuesday, April 29, 2008 8:39:27 AM
> Subject: RE: Zhang v. ING Direct

Mr. Zhang:

While we again appreciate your offer to conduct your deposition in your home, we do not feel that your home is an appropriate location. We also feel that a telephone deposition is not appropriate given that you live only 7.4 miles from our Berwyn, PA office. In order to make this process as convenient for you as possible, we are willing to take your deposition in our Berwyn, PA office or our Philadelphia, PA office or our Wilmington, DE office. If you refuse all of these options, we will be forced to raise the issue with Judge Farnan. Please let me know as soon as possible whether you are willing to come to any of the above offices so that we may take your deposition.

> -----Original Message-----
> **From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
> **Sent:** Saturday, April 26, 2008 10:49 PM
> **To:** Yost, Edward N.
> **Cc:** Woolf, David J. (Philadelphia Partner)
> **Subject:** Re: Zhang v. ING Direct
>
> Mr. Yost,
>
>
> I do not think it is not formal to do deposition at my home. If you do not like it, I can do telephone deposition.
>
>
>
> Thanks,
>
>
>
> Peter Zhang
>
>
> ----- Original Message ----
> From: "Yost, Edward N." <Edward.Yost@dbr.com>
> To: Peter Zhang <peterzhang9999@yahoo.com>
> Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
> Sent: Wednesday, April 23, 2008 3:09:07 PM
> Subject: RE: Zhang v. ING Direct
>
> Mr. Zhang,
>
> While we appreciate your offer to take your deposition in your home, we feel that such an informal setting is not appropriate for these purposes. If you feel that Philadelphia is too far to travel, we can take your deposition in our office in Berwyn, PA, which is located only 7.4 miles from your home. Please inform me as soon as possible whether this arrangement is acceptable to you.
>
> The letter to which you refer below was written *after* your proper responses to our

discovery requests were due.  We allowed you 10 extra days to provide us the information requested in our discovery as a courtesy.  Please provide the information requested in the letter within the timeframe described.

-----Original Message-----
**From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
**Sent:** Tuesday, April 22, 2008 9:57 PM
**To:** Yost, Edward N.
**Subject:** Re: Zhang v. ING Direct

Mr. Yost,

There is no issue for me to do deposition. But your office is too far from my home. In addition, I am paid hourly. That means I will not be paid for those hours for depostion and on the ways. So I suggest to take depsoition at my home. I work from home. So there should no issues to do deposition at my home.

I still am reviewing your letter. You ask me to provide further info within 10 days. Please let me know that you set this time based on which Fedreal Rule of Civil Procedures.



Thanks,



Peter Zhang


----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Friday, April 18, 2008 9:48:21 AM
Subject: Zhang v. ING Direct

Mr. Zhang,

Please find attached a letter addressed to your attention regarding several discovery issues and a notice of your deposition.  Please review the attached documents and call or write to me if you have any questions.  Thank you.
<<lhh101_.DOC>>  <<lhxz01_.DOC>>


----------------------------------------------------------------
Disclaimer Required by IRS Rules of Practice:
Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed

under Federal tax laws.
------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail@dbr.com and delete the message.
Thank you very much.
------------------------------------------------------------------

**EXHIBIT F**

**Yost, Edward N.**

| | |
|---|---|
| **From:** | Yost, Edward N. |
| **Sent:** | Wednesday, May 07, 2008 5:55 PM |
| **To:** | 'Peter Zhang' |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | Zhang v. ING - Confidentiality Agreement |

**Attachments:**    lj5d01_.DOC



lj5d01_.DOC (39
KB)

r. Zhang,

Attached is a confidentiality agreement and protective order regarding materials to be exchanged by the parties during the discovery process in the lawsuit you have brought against ING Bank. Once you have reviewed and signed the agreement, please return it to my attention. When we receive the signed agreement, we will produce to you documents related to Dan Lu's performance evaluations as you have requested.

Also, we sent you documents responsive to your discovery requests yesterday via overnight mail. Thus, your continued refusal to respond fully to our discovery requests is absolutely without basis. Thus, we demand that you immediately provide us with proper responses to our discovery requests as outlined in my previous letter to you.

Also, we propose to take your deposition on Monday, June 9, 2008 at 10:00 a.m. in either our Berwyn, Philadelphia or Delaware offices. Please inform me immediately which office at which you wish to appear.

**EXHIBIT G**

**Yost, Edward N.**

| | |
|---|---|
| **From:** | Yost, Edward N. |
| **Sent:** | Tuesday, May 13, 2008 10:49 AM |
| **To:** | 'Peter Zhang' |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | RE: Zhang v. ING Bank - Deposition |

Mr. Zhang,

Is there any reason you cannot firmly commit to June 12, 2008?  You may not be aware of this, but it is discourteous and improper to leave yourself a way to opt out of your deposition with only a few days notice.  Several people are going to rearrange their schedules to attend your deposition including Mr. Woolf, myself, an ING representative and a court reporter.  Thus, absent any emergency situation, we expect that you will be at our office in Berwyn on June 12, 2008 **at 10:00 a.m**.  We are not willing to start the deposition at 11:00 a.m. because we might not be able to finish your deposition on June 12, 2008, which will require us to recall you on another date and pose another inconvenience for all concerned.

Moreover, the issue you raise regarding "readable" documents is irrelevant regarding whether we are authorized to take your deposition.  We are entitled to take your deposition under the Rules without your continued efforts to place contingencies on whether or not you will arrive.  In any event, we will work with you to provide you with "readable" documents although the documents we produced to you were legible when they left our office.

We expect to see you on June 12, 2008 at 10:00 a.m. absent any emergency situation.


-----Original Message-----
**From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
**Sent:** Monday, May 12, 2008 11:55 PM
**To:** Yost, Edward N.
**Cc:** Woolf, David J. (Philadelphia Partner)
**Subject:** Re: Zhang v. ING Bank - Deposition

Mr. Yost,

I basically agree to go to your offices in Berwyn at 11 am on June 12, 2008 to take deposition. But you need to provide those missing or readable documents first listed in my previous email. I will do my best to take deposition that date. If I cannot, I will let you know at least couple of days earlier.


Thanks,


Peter Zhang

----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Monday, May 12, 2008 12:22:38 PM
Subject: Zhang v. ING Bank - Deposition

Mr. Zhang,

Repeated attempts to schedule your deposition have failed.  On several
occasions, we have offered you three different locations to take your
deposition - our offices in Berwyn, PA, Philadelphia, PA or Wilmington,
DE.  On each occasion, you have refused to be deposed in any of our
offices and repeatedly demanded that your deposition take place in your
home.

We are willing to depose you in any of the three offices listed above on
June 12, 2008.  Is it still your position that you will not consent to
be deposed in one of our offices?  Please inform me whether or not you
will consent to be deposed in one of our offices and whether you are
available to be deposed on June 12, 2008.  If I either do not hear from
you by then or you continue to refuse to be deposed in our office, we
will seek the intervention of the Court on Wednesday.

_____
Edward N. Yost
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Direct: (215) 988-1122
Main: (215) 988-2700
Fax: (215) 988-2757
edward.yost@dbr.com

# EXHIBIT H

## Yost, Edward N.

| | |
|---|---|
| **From:** | Yost, Edward N. |
| **Sent:** | Monday, May 19, 2008 3:56 PM |
| **To:** | 'Peter Zhang' |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | RE: Zhang v. ING - Confidentiality Agreement |

Mr. Zhang,

All of the documents produced to you are "readable." Nonetheless, my assistant has "blown-up" several documents to make them easier for you to read. To ensure that the documents remain as clear as possible, I am sending them to you via regular mail. If you still cannot read these documents after they have been blown-up, I suggest you obtain a magnifying glass to assist your eyes when reviewing the documents.

As for your question below, we have produced to you the documents in our possession, custody or control that are responsive to your document requests. Thus, no documents are "missing" as you allege.

> -----Original Message-----
> **From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
> **Sent:** Thursday, May 15, 2008 8:35 PM
> **To:** Yost, Edward N.
> **Cc:** Woolf, David J. (Philadelphia Partner)
> **Subject:** Re: Zhang v. ING - Confidentiality Agreement
>
> Any updates?
>
>
> Thanks,
>
>
>
> Peter Zhang
>
>
> ----- Original Message ----
> From: Peter Zhang <peterzhang9999@yahoo.com>
> To: "Yost, Edward N." <Edward.Yost@dbr.com>
> Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
> Sent: Tuesday, May 13, 2008 7:54:58 PM
> Subject: Re: Zhang v. ING - Confidentiality Agreement
>
> Mr. Yost,
>
>
>
> I attach one page as example.

Those unreable documents are from ING-0002 to ING-0013, and ING-0174 is just barely readable. Please check and resend readable documents asap.

What do you mean for the following statements:  As for any documents you feel are "missing", I represent to you that, after a reasonable search, these documents were not found.

Please clarify asap.


Thanks,



Peter Zhang


----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Tuesday, May 13, 2008 7:28:16 AM
Subject: RE: Zhang v. ING - Confidentiality Agreement

Mr. Zhang,

We are unaware of any documents produced to you that are illegible.  Please provide to me the bates numbers (the number at the lower right hand corner of each page) of the pages you feel are illegible.  I can tell you, however, that I inspected each of the pages produced to you and none were illegible when they left our office.  As for any documents you feel are "missing", I represent to you that, after a reasonable search, these documents were not found.

    -----Original Message-----
    **From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
    **Sent:** Monday, May 12, 2008 11:39 PM
    **To:** Yost, Edward N.; peter
    **Cc:** Woolf, David J. (Philadelphia Partner)
    **Subject:** Re: Zhang v. ING - Confidentiality Agreement

    Mr. Yost,

    I have examined your documents responsive to my discovery requests and found some documents are still missing or not readable and some responsive is not complete even though you have promised to provide good copy of them. The following lists those documents:

    Request 1: No job ad. Please provide readable documents asap.

    Request 9: Not readable. Please provide readable documents asap.

    Request 10 & 11: Can not determine whether correct documents are provided or not

because they are not readable. Please provide readable documents asap.

Request 16: No documents. Please provide readable documents asap.

Request 17: No documents. Please provide readable documents asap.

Request 18: Missing one email. Please provide readable documents asap.

Request 22: No documents. Please provide readable documents asap.

Requests 23 & 28: Can not determine whether correct documents are provided or not because they are not readable. Please provide readable documents asap.

Please specify when I will get those documents.


Thanks,



Peter Zhang


----- Original Message ----
From: "Yost, Edward N." <Edward.Yost@dbr.com>
To: Peter Zhang <peterzhang9999@yahoo.com>
Cc: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
Sent: Wednesday, May 7, 2008 2:54:35 PM
Subject: Zhang v. ING - Confidentiality Agreement

Mr. Zhang,

Attached is a confidentiality agreement and protective order regarding materials to be exchanged by the parties during the discovery process in the lawsuit you have brought against ING Bank. Once you have reviewed and signed the agreement, please return it to my attention. When we receive the signed agreement, we will produce to you documents related to Dan Lu's performance evaluations as you have requested.

Also, we sent you documents responsive to your discovery requests yesterday via overnight mail. Thus, your continued refusal to respond fully to our discovery requests is absolutely without basis. Thus, we demand that you immediately provide us with proper responses to our discovery requests as outlined in my previous letter to you.

Also, we propose to take your deposition on Monday, June 9, 2008 at 10:00 a.m. in either our Berwyn, Philadelphia or Delaware offices. Please inform me immediately which office at which you wish to appear.

<<lj5d01_.DOC>>

-----------------------------------------------------------------

Disclaimer Required by IRS Rules of Practice:

Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

-----------------------------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail@dbr.com and delete the message.

Thank you very much.

-----------------------------------------------------------------

# EXHIBIT I

## Yost, Edward N.

| | |
|---|---|
| **From:** | Peter Zhang [peterzhang9999@yahoo.com] |
| **Sent:** | Tuesday, June 03, 2008 11:29 PM |
| **To:** | Yost, Edward N.; peter |
| **Cc:** | Woolf, David J. (Philadelphia Partner); Primack, David P. |
| **Subject:** | Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents |

**Attachments:** jobApp.doc; res05.doc; verif01.pdf

Dear Mr. Attorneys:

Since the start of discovery process, I have strictly followed the rules to fulfill my obligations on time. However, Defendant has done a very poor job to act the same way. For example I have still not got some documents that were promised by you on 4/28/2008 after over one month waiting. See my email sent to you on 5/27/2008 for details.

Nevertheless I still answer your issues listed in 4/18/2008 letter to show spirit of fair play and my willingness to fulfill my obligations in this case.

### Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents

**Issue # 1:** See my email sent to you on 4/24/2008. It is said in the form that a photocopy 'shall be effective as an original'. So just make 12 copies and fill those health care providers' names and send with subpoenas. In addition, you have already sent me copies of those subpoenas that are supposed to have been sent to those 12 health care providers. Why do you keep bothering me for this???

**Issue # 2:** I have replied to your discovery requests of Interrogatories and Request for Production of Documents Set One within timeline set by the law. Why do you keep bothering me for this???

**Issue # 3:** Since Defendant has not followed the rules to fulfill obligations on time during discovery process, there is no obligation for me to take the deposition defined by Defendant.

**Issue # 4:** No objection.

**Issue # 5:** All facts stated in Complaint are evidences.

**Issue # 6: Answers as the followings:**

Interrogatory # 2:  Plaintiff still objects this interrogatory on the ground that as it exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. For example, it requires 'the date of each such effort,' etc. Such detailed demands are clearly broad, unreasonable, burdensome and unduly oppressive to the Plaintiff and has nothing to do with the case. Subject to and without waiving this or any other applicable objections, it only took Plaintiff about 3.5 months to get a new job that is a very short time based on the job situation at that time mainly because of Plaintiff's hard effort. Nevertheless, Plaintiff here is willing to provide more information for my job searching efforts. I only used job web resources to find and apply the new job. Those web sites are www.jobcircle.com, www.dice.com, www.monster.com and www. CareerBuilder.com. My resume and emails sent to potential employers are attached. I even drove to DC area to get an interview with

Fannie Mae. All these are proved evidences for my hard efforts to get the new job.

Interrogatory # 5:  Federal Rules of Evidence 608. Evidence of Character and Conduct of Witness has nothing to do with your claims. Nevertheless, I have never been involved in any criminal litigations. Even though I do have a civil case of personal injury pending that I sue the man who hit me from behind during an auto accident 1/24/03, that case has nothing to do with this one.

Interrogatory # 10:  N/A.

Interrogatory # 16:  N/A.

Interrogatory # 17:  N/A.

Document Request # 10:  Plaintiff still objects this interrogatory on the ground that as it exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. For example, it requires 'pay stubs' etc. Such detailed demands are clearly broad, unreasonable, burdensome and unduly oppressive to the Plaintiff and has nothing to do with the case. Subject to and without waiving this or any other applicable objections, Plaintiff only has two sources of incomes since 8/2005. One is unemployment pay and the other is wage income as Consultant for CDI since end of 11/05 up to now. Since Defendant has already subpoenaed CDI, there is no base to require Plaintiff to repeat the same job. BTW, Plaintiff is entitled to get an exact copy of all documents from subpoena to CDI as required by law. In addition, Plaintiff does not claim any wage loss damage against Defendant for the time between 11/2005 and now at this point. Therefore I am not required by law to provide my income information for this period of time.

Document Request # 11:  See answers to Interrogatory # 2, attached my resume as of 2005 and screenshots for all emails related to job search efforts.

Document Request # 12:  See answers to Document Request # 10.

Document Request # 17:  I have answered this request in details with evidences presented in responses to Defendant's discovery requests such as Job Offer Letter and Employee Handbook (2005). In addition, document ING-0174 and all documents from subpoena to CDI are also severed as supporting documentation. What documents of legal evidences permitted by law do you want?

Document Request # 21:  Plaintiff still objects this request because there are no legal connections between the documents in Charge filed to EEOC and this case.

Document Request # 22:  Plaintiff still objects this request because it is pure allegation. It is Defendant, not me that takes others' belongings. Even I wanted to follow Defendant's example after I was illegally discharged, I could not because I had lost the control of my personal belongings and was at the mercy of Defendant to get only part of them back.

Document Request # 23: See answers to Interrogatory # 5.

**Xianhua Zhang**
------------------------------
**Plaintiff**

Date:___6/3/2008_____

6/12/2008

BTW, I forgot to attach Verification for 'Plaintiff 's Answers and Objections to Defendant's Interrogatories Directed to Plaintiff - Set No. 1' last time. It is attached this time.

In addition, I sent you two emails with attachments for some discovery issues on 5/27/2008. I am sure you have got them. But I have not got any responses for them from you yet. Please follow the rules set by law to respond them at your earliest convenience.

Sincerely,

Xianhua Zhang

# EXHIBIT J

**Yost, Edward N.**

| | |
|---|---|
| **From:** | Yost, Edward N. |
| **Sent:** | Wednesday, June 04, 2008 10:13 AM |
| **To:** | 'Peter Zhang' |
| **Cc:** | Woolf, David J. (Philadelphia Partner); Primack, David P. |
| **Subject:** | RE: Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents |
| **File:** | -1 |

Mr. Zhang:

In issue #3 below, you seem to suggest that you will not be attending your deposition scheduled for June 12, 2008. Please confirm for me ASAP whether you will be attending your deposition on June 12, 2008. We have scheduled a court reporter, reserved a conference room and cleared our schedules for your deposition. We expect that, as a point of common courtesy, you will inform us immediately whether or not you will appear at your deposition as agreed.

As for the remaining discovery "issues" you have recently sent us, we plan on dealing with them yet again shortly. Nonetheless, these issues are irrelevant regarding whether you have an obligation to make yourself available to be deposed.

---

**From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
**Sent:** Tuesday, June 03, 2008 11:29 PM
**To:** Yost, Edward N.; peter
**Cc:** Woolf, David J. (Philadelphia Partner); Primack, David P.
**Subject:** Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents

Dear Mr. Attorneys:

Since the start of discovery process, I have strictly followed the rules to fulfill my obligations on time. However, Defendant has done a very poor job to act the same way. For example I have still not got some documents that were promised by you on 4/28/2008 after over one month waiting. See my email sent to you on 5/27/2008 for details.

Nevertheless I still answer your issues listed in 4/18/2008 letter to show spirit of fair play and my willingness to fulfill my obligations in this case.

### Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents

**Issue # 1:** See my email sent to you on 4/24/2008. It is said in the form that a photocopy 'shall be effective as an original'. So just make 12 copies and fill those health care providers' names and send with subpoenas. In addition, you have already sent me copies of those subpoenas that are supposed to have been sent to those 12 health care providers. Why do you keep bothering me for this???

**Issue # 2:** I have replied to your discovery requests of Interrogatories and Request for Production of

Documents Set One within timeline set by the law. Why do you keep bothering me for this???

**Issue # 3:** Since Defendant has not followed the rules to fulfill obligations on time during discovery process, there is no obligation for me to take the deposition defined by Defendant.

**Issue # 4:** No objection.

**Issue # 5:** All facts stated in Complaint are evidences.

**Issue # 6: Answers as the followings:**

Interrogatory # 2:  Plaintiff still objects this interrogatory on the ground that as it exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. For example, it requires 'the date of each such effort,' etc. Such detailed demands are clearly broad, unreasonable, burdensome and unduly oppressive to the Plaintiff and has nothing to do with the case. Subject to and without waiving this or any other applicable objections, it only took Plaintiff about 3.5 months to get a new job that is a very short time based on the job situation at that time mainly because of Plaintiff's hard effort. Nevertheless, Plaintiff here is willing to provide more information for my job searching efforts. I only used job web resources to find and apply the new job. Those web sites are www.jobcircle.com, www.dice.com, www.monster.com and www. CareerBuilder.com. My resume and emails sent to potential employers are attached. I even drove to DC area to get an interview with Fannie Mae. All these are proved evidences for my hard efforts to get the new job.

Interrogatory # 5:  Federal Rules of Evidence 608. Evidence of Character and Conduct of Witness has nothing to do with your claims. Nevertheless, I have never been involved in any criminal litigations. Even though I do have a civil case of personal injury pending that I sue the man who hit me from behind during an auto accident 1/24/03, that case has nothing to do with this one.

Interrogatory # 10:  N/A.

Interrogatory # 16:  N/A.

Interrogatory # 17:  N/A.

Document Request # 10:  Plaintiff still objects this interrogatory on the ground that as it exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. For example, it requires 'pay stubs' etc. Such detailed demands are clearly broad, unreasonable, burdensome and unduly oppressive to the Plaintiff and has nothing to do with the case. Subject to and without waiving this or any other applicable objections, Plaintiff only has two sources of incomes since 8/2005. One is unemployment pay and the other is wage income as Consultant for CDI since end of 11/05 up to now. Since Defendant has already subpoenaed CDI, there is no base to require Plaintiff to repeat the same job. BTW, Plaintiff is entitled to get an exact copy of all documents from subpoena to CDI as required by law. In addition, Plaintiff does not claim any wage loss damage against Defendant for the time between 11/2005 and now at this point. Therefore I am not required by law to provide my income information for this period of time.

Document Request # 11:  See answers to Interrogatory # 2, attached my resume as of 2005 and screenshots for all emails related to job search efforts.

Document Request # 12:  See answers to Document Request # 10.

Document Request # 17:  I have answered this request in details with evidences presented in responses

6/12/2008

to Defendant's discovery requests such as Job Offer Letter and Employee Handbook (2005). In addition, document ING-0174 and all documents from subpoena to CDI are also severed as supporting documentation. What documents of legal evidences permitted by law do you want?

Document Request # 21:  Plaintiff still objects this request because there are no legal connections between the documents in Charge filed to EEOC and this case.

Document Request # 22:  Plaintiff still objects this request because it is pure allegation. It is Defendant, not me that takes others' belongings. Even I wanted to follow Defendant's example after I was illegally discharged, I could not because I had lost the control of my personal belongings and was at the mercy of Defendant to get only part of them back.

Document Request # 23: See answers to Interrogatory # 5.


                                                    **Xianhua Zhang**
                                                    -------------------------------
                                                    **Plaintiff**

Date:___6/3/2008_____


BTW, I forgot to attach Verification for 'Plaintiff 's Answers and Objections to Defendant's Interrogatories Directed to Plaintiff - Set No. 1' last time. It is attached this time.

In addition, I sent you two emails with attachments for some discovery issues on 5/27/2008. I am sure you have got them. But I have not got any responses for them from you yet. Please follow the rules set by law to respond them at your earliest convenience.


Sincerely,


Xianhua Zhang

**EXHIBIT K**

## Yost, Edward N.

**From:**     Peter Zhang [peterzhang9999@yahoo.com]
**Sent:**     Monday, June 09, 2008 9:55 PM
**To:**       Woolf, David J. (Philadelphia Partner)
**Cc:**       Yost, Edward N.
**Subject:** Re: Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents

Mr. Attorneys:
Discovery process is an obligatios to the two parties. I am not against taking depsotion, but not now because I am still waiting the satisfactory responses to my emails sent on 5/27/2008. I will take deposition only after Dfendant fulfills their obligations in the discovery process.


Thanks,



Peter Zhang


----- Original Message ----
From: "Woolf, David J. (Philadelphia Partner)" <David.Woolf@dbr.com>
To: peterzhang9999@yahoo.com
Cc: "Yost, Edward N." <Edward.Yost@dbr.com>
Sent: Monday, June 9, 2008 5:28:27 PM
Subject: Re: Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents

Mr. Zhang,  This email also came back as undeliverable so I am resending. David Woolf


------------------------------------------------------------------
Disclaimer Required by IRS Rules of Practice:
Any discussion of tax matters contained herein is not intended or written to be
used, and cannot be used, for the purpose of avoiding any penalties that may be
imposed under Federal tax laws.
------------------------------------------------------------------
This message contains information which may be confidential and privileged.
Unless you are the intended addressee (or authorized to receive for the intended
addressee), you may not use, copy or disclose to anyone the message or any
information contained in the message. If you have received the message in error,
please advise the sender at Drinker Biddle & Reath LLP by reply e-mail@dbr.com
and delete the message.
Thank you very much.
------------------------------------------------------------------

----- Original Message -----
From: Woolf, David J. (Philadelphia Partner)
To: 'Peter Zhang' <peterzhang9999@yahoo.com>

6/12/2008

Cc: Yost, Edward N.
Sent: Mon Jun 09 15:52:13 2008
Subject: RE: Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries
Including Interrogatories and Request for Production of Documents

Mr. Zhang,

Are you attending your deposition this Thursday in Berwyn?  We need to know ASAP.

Thank you.

David Woolf

David J. Woolf | DrinkerBiddle | One Logan Square | Philadelphia, PA 19103 | t:215.988.2614 | f:215.988.2757 |
david.woolf@dbr.com | www.drinkerbiddle.com <http://www.drinkerbiddle.com/>

--------------------------

From: Yost, Edward N.
Sent: Wednesday, June 04, 2008 10:13 AM
To: 'Peter Zhang'
Cc: Woolf, David J. (Philadelphia Partner); Primack, David P.
Subject: RE: Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries
Including Interrogatories and Request for Production of Documents

Mr. Zhang:

In issue #3 below, you seem to suggest that you will not be attending your deposition scheduled for June 12, 2008.  Please
confirm for me ASAP whether you will be attending your deposition on June 12, 2008.  We have scheduled a court reporter,
reserved a conference room and cleared our schedules for your deposition.  We expect that, as a point of common courtesy,
you will inform us immediately whether or not you will appear at your deposition as agreed.

As for the remaining discovery "issues" you have recently sent us, we plan on dealing with them yet again shortly.
Nonetheless, these issues are irrelevant regarding whether you have an obligation to make yourself available to be deposed.

--------------------------

From: Peter Zhang [mailto:peterzhang9999@yahoo.com]
Sent: Tuesday, June 03, 2008 11:29 PM
To: Yost, Edward N.; peter
Cc: Woolf, David J. (Philadelphia Partner); Primack, David P.
Subject: Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries
Including Interrogatories and Request for Production of Documents

Dear Mr. Attorneys:

Since the start of discovery process, I have strictly followed the rules to fulfill my obligations on time. However, Defendant
has done a very poor job to act the same way. For example I have still not got some documents that were promised by you on
4/28/2008 after over one month waiting. See my email sent to you on 5/27/2008 for details.

6/12/2008

Nevertheless I still answer your issues listed in 4/18/2008 letter to show spirit of fair play and my willingness to fulfill my obligations in this case.

Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents

Issue # 1: See my email sent to you on 4/24/2008. It is said in the form that a photocopy 'shall be effective as an original'. So just make 12 copies and fill those health care providers' names and send with subpoenas. In addition, you have already sent me copies of those subpoenas that are supposed to have been sent to those 12 health care providers. Why do you keep bothering me for this???

Issue # 2: I have replied to your discovery requests of Interrogatories and Request for Production of Documents Set One within timeline set by the law. Why do you keep bothering me for this???

Issue # 3: Since Defendant has not followed the rules to fulfill obligations on time during discovery process, there is no obligation for me to take the deposition defined by Defendant.

Issue # 4: No objection.

Issue # 5: All facts stated in Complaint are evidences.

Issue # 6: Answers as the followings:

Interrogatory # 2:  Plaintiff still objects this interrogatory on the ground that as it exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. For example, it requires 'the date of each such effort,' etc. Such detailed demands are clearly broad, unreasonable, burdensome and unduly oppressive to the Plaintiff and has nothing to do with the case. Subject to and without waiving this or any other applicable objections, it only took Plaintiff about 3.5 months to get a new job that is a very short time based on the job situation at that time mainly because of Plaintiff's hard effort. Nevertheless, Plaintiff here is willing to provide more information for my job searching efforts. I only used job web resources to find and apply the new job. Those web sites are www.jobcircle.com <http://www.jobcircle.com/> , www.dice.com <http://www.dice.com/> , www.monster.com <http://www.monster.com/> and www. CareerBuilder.com. My resume and emails sent to potential employers are attached. I even drove to DC area to get an interview with Fannie Mae. All these are proved evidences for my hard efforts to get the new job.

Interrogatory # 5:  Federal Rules of Evidence 608. Evidence of Character and Conduct of Witness has nothing to do with your claims. Nevertheless, I have never been involved in any criminal litigations. Even though I do have a civil case of personal injury pending that I sue the man who hit me from behind during an auto accident 1/24/03, that case has nothing to do with this one.

Interrogatory # 10:  N/A.

6/12/2008

Interrogatory # 16:  N/A.


Interrogatory # 17:  N/A.


Document Request # 10:  Plaintiff still objects this interrogatory on the ground that as it exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. For example, it requires 'pay stubs' etc. Such detailed demands are clearly broad, unreasonable, burdensome and unduly oppressive to the Plaintiff and has nothing to do with the case. Subject to and without waiving this or any other applicable objections, Plaintiff only has two sources of incomes since 8/2005. One is unemployment pay and the other is wage income as Consultant for CDI since end of 11/05 up to now. Since Defendant has already subpoenaed CDI, there is no base to require Plaintiff to repeat the same job. BTW, Plaintiff is entitled to get an exact copy of all documents from subpoena to CDI as required by law. In addition, Plaintiff does not claim any wage loss damage against Defendant for the time between 11/2005 and now at this point. Therefore I am not required by law to provide my income information for this period of time.


Document Request # 11:  See answers to Interrogatory # 2, attached my resume as of 2005 and screenshots for all emails related to job search efforts.


Document Request # 12:  See answers to Document Request # 10.


Document Request # 17:  I have answered this request in details with evidences presented in responses to Defendant's discovery requests such as Job Offer Letter and Employee Handbook (2005). In addition, document ING-0174 and all documents from subpoena to CDI are also severed as supporting documentation. What documents of legal evidences permitted by law do you want?


Document Request # 21:  Plaintiff still objects this request because there are no legal connections between the documents in Charge filed to EEOC and this case.


Document Request # 22:  Plaintiff still objects this request because it is pure allegation. It is Defendant, not me that takes others' belongings. Even I wanted to follow Defendant's example after I was illegally discharged, I could not because I had lost the control of my personal belongings and was at the mercy of Defendant to get only part of them back.


Document Request # 23: See answers to Interrogatory # 5.


&n bsp;                                    Xianhua Zhang

                              -------------------------------

Plaintiff

Date:___6/3/2008_____

BTW, I forgot to attach Verification for 'Plaintiff 's Answers and Objections to Defendant's Interrogatories Directed to Plaintiff - Set No. 1' last time. It is attached this time.

In addition, I sent you two emails with attachments for some discovery issues on 5/27/2008. I am sure you have got them. But I have not got any responses for them from you yet. Please follow the rules set by law to respond them at your earliest convenience.

Sincerely,

Xianhua Zhang

# EXHIBIT L

# DrinkerBiddle&Reath
L L P

Edward N. Yost
Associate
215-988-1122 Direct
215-988-2757 Fax
edward.yost@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

June 11, 2008

***VIA FEDERAL EXPRESS***

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

**Re:    Zhang v. ING Direct**

Dear Mr. Zhang:

   In the email you sent to my colleague David Woolf and I dated June 9, 2008, you cancelled your deposition scheduled for June 12, 2008.  In that email you claim that you are unwilling to be deposed because you are "still waiting the satisfactory responses to [your] emails sent on 5/27/2008."  Your reason for cancelling your deposition is both unreasonable and unsupported by the Federal Rules of Civil Procedure.

   Nonetheless, in an effort to yet again address your claimed discovery issues, we sent you the enclosed letter and its attachments yesterday afternoon via regular mail and twice attempted to send it to you via electronic mail.  Our attempts to send the document to you via electronic mail were unsuccessful.  Thus, we are resending the letter today via federal express.  You will notice that the enclosed letter addresses all of the discovery issues raised in your letter and email dated May 27, 2008.  Therefore, we have addressed the last condition you have placed on appearing at your deposition.

   Due to the aforementioned communication issues, we are willing to give you one more chance to appear for your deposition before we file a motion to compel your appearance.  We are available to take your deposition on June 19, 24 and 26 in our Wilmington, Philadelphia or Berwyn offices.  Please let me know by Friday, June 13 at 5:00 p.m. whether you will make yourself available to be deposed on any of these dates. If we do not hear from you, or you respond that you are unwilling to make yourself available, given the long history of problems in attempting to schedule your deposition, we will file a motion to compel your appearance with the Court.

Very truly yours,

Edward N. Yost

ENY
Enclosures
cc:    David J. Woolf, Esquire

*Established 1849*

PHLIT/ 916014.1

# DrinkerBiddle&Reath
#### L L P

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

June 10, 2008

*__Via E-mail and Regular Mail__*

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

Re:    **Zhang v. ING Direct**

Dear Mr. Zhang:

I have recently received two emails from you, one dated May 27, 2008 and one dated June 3, 2008. I have also received a letter from you dated May 27, 2008. As promised, this letter responds to each of the issues that you raised in these communications, tracking the order in which you raise each issue.

### I.    __Your May 27, 2008 Email__

In your May 27, 2008 email, you again request that we produce documents to you that are responsive to your document request 16. As I have informed you several times in the past, we do not have any documents responsive to this request. You now ask us to "please describe in details the meeting processes and decisions made" regarding your alleged meeting with Kelley Yohe on July 29, 2005. Written discovery, however, is not a continuing dialogue where follow-up questions are posed by one party after the other gives a response, with the expectation of an immediate response. We will nevertheless treat your follow-up question as a new interrogatory under the Federal Rules of Civil Procedure ("the Rules") and, pursuant to Rule 33(b)(2), respond within 30 days.

Likewise, you request that we produce documents to you that are responsive to your document request 17. Again, I have informed you in the past several times that we do not have any documents that are responsive to this request. You then ask us to "please describe in details the meeting processes and decisions made" regarding your alleged meeting with Kelley Yohe and Naomi Seramone on August 16, 2005. This request is also, at best, an interrogatory and will be treated as such under the Rules.

Next, you request that we produce to you documents that were filed with the "DE Department of Labor." As with the requests above, we do not have any documents responsive to this request. We have nevertheless already produced the documents that ING sent to the Pennsylvania Department of Labor of Industry, the state in which you reside, in an attempt to provide you with the documents you seek.

*Established 1849*

DrinkerBiddle&Reath
LLP

Xianhua Zhang
June 10, 2008
Page 2

As to your last point in your email, we have sent you several blow-ups of our documents. At this point, since you want additional blow-ups, we recommend that you have your own copy service do it. We have produced to you clearly legible documents as they have been kept in the usual course of business pursuant to Federal Rule of Civil Procedure 34(E)(i), which satisfies our obligation.

## II.    Your May 27, 2008 Letter

In your May 27, 2008 letter, you request that we send you "education and employment verification that is a proof for Mr. Lu's qualifications for this job that is the lead to the discovery of admissible evidences." We have already sent you Mr. Lu's resume (*see* ING-0033). Nonetheless, and subject to our prior objections, we will produce to you the part of Mr. Lu's background check that verifies his education and employment. These documents are enclosed.

As for the confidentiality agreement, your contention that we are somehow responsible for your failure to execute the document is misplaced. We sent the document to you on April 28, 2008. You have not signed and returned the agreement to us as requested. Please sign the document and return it to us, and we will produce documents to you related to Mr. Lu's performance evaluations. With regard to your demand that all of the attorneys at this firm who are working on the case sign the Agreement, that is not necessary and your demand is not reasonable. The signature of any one of us binds not just the three of us, but my firm.

Regarding your document requests 19, 33, and 34, I have informed you several times that we do not have any documents responsive to these requests. This remains the case. The additional requests and interrogatories for which you contend we have failed to meet our discovery obligations are listed below, as are our responses to your objections.

Request No. 23: We previously produced to you document bates labeled ING-0174, which lists the personal time off you took while employed by Defendant. We have no further documents responsive to this request.

Requests No. 24 and 25: As part of your objection, you ask us to "please provide list [sic] of those employees who got the invitation emails and attended the meeting." This request is a new interrogatory and will be treated as such under the Rules.

Request No. 29: We have informed you several times that we have no documents responsive to this request.

Request No. 31: In objecting to our response to this request, you ask that we produce "All documents in details showing correspondences [sic] between Defendant's Data Warehouse team and Plaintiff and between Defendant's Data Warehouse team and Kelley Yohe, Defendant's Team Lead Database Services from 04/11/05 to 10/1/05."

DrinkerBiddle&Reath
L L P

Xianhua Zhang
June 10, 2008
Page 3

This is a new document request, and we will investigate whether we have and responsive documents. At any rate, we have 30 days pursuant to Federal Rule of Civil Procedure 34(b) (2)(A) to respond.

Interrogatory No. 8:  In objecting to our response to Interrogatory No. 8, you request that we "please provide the detailed list of those documents and materials that Defendant did 'seek the return' from Plaintiff's personal working area on 8/16/2005." This is an additional interrogatory, and we will respond to it as such pursuant to the Rules.  You then assume that "Defendant does have procedures and steps to follow during the process to discharge its employees."  Based on this assumption, you then request documents regarding "written procedures and steps" regarding Defendant's presupposed termination procedures.  We have addressed this request in the past as it is similar to your document request number 19.  In response to that request, we informed you that we do not have any documents specifically related to Defendant's discharge processes and procedures.  This is still the case.  You then request that "[i]f there are only oral procedures and steps, please describe them in details."  This request simply reiterates Interrogatory No. 8, which we have previously answered in full in our Answers and Objections to Plaintiff's Interrogatories Directed to Defendant Set No. 1.

Interrogatory Nos. 10, 11, and 12:  You simply restate Interrogatory No. 12, which we have previously answered in full in our Answers and Objections to Plaintiff's Interrogatories Directed to Defendant Set No. 1.

Interrogatory No. 15:  You allege that Defendant "unlawfully seized" "PTO" to which you claim you were entitled.  Then you restate Interrogatory No. 15, which we have previously answered in full in our Answers and Objections to Plaintiff's Interrogatories Directed to Defendant Set No. 1.

Interrogatory No. 16:  You first make the incorrect assumption that Defendant's employee handbook somehow creates "an implied employment agreement that requires advance notice of employment termination."  Then you ask whether Defendant has a "Wages in lieu of notice' [sic] policy?  If such policy exists, please describe its executions in details with three proved samples and state why it does not apply to Plaintiff."  This question is a new interrogatory and we will respond to it as such under the Federal Rules of Civil Procedure.

Interrogatory No. 17:  You request that we again answer Interrogatory No. 17.  We have previously answered this interrogatory in full in our Answers and Objections to Plaintiff's Interrogatories Directed to Defendant Set No. 1.

Finally, contrary to your assertion, there is no legal obligation for Ms. Seramone to verify our responses to your interrogatories.  We have already provided the appropriate verification from Ms. Yohe.

DrinkerBiddle&Reath

Xianhua Zhang
June 10, 2008
Page 4

### III.  Your June 3, 2008 Email

#### A.  Your Obligation to Make Yourself Available to Be Deposed

In your June 3, 2008 email, you suggested that you will not be appearing for your deposition this Thursday as previously scheduled. You then reiterated your position in an email last night, stating that you will not appear because you are dissatisfied with our discovery responses and seek additional information. Your unilateral cancellation of your depositions is unreasonable.

First, the fact that you disagree with our discovery responses or seek supplemental information does not obviate your need to appear for deposition as noticed. *See* Federal Rule of Civil Procedure 26(d)(2). If you believe our responses deficient, you are free to file the appropriate motion with the Court, provided you do so in good faith.

Second, you have turned our attempts to schedule and take your deposition into a charade. When we first noticed your deposition, you insisted for some period of time that we conduct it at your house even though we had given you a choice of three offices all of which are within 15 miles of your house. When you finally relented, you insisted that we compensate you for lost work time, mileage, and parking associated with the deposition. You then refused to make any firm commitment to appear (you stated only that you would "basically agree" to appear), which forced us to chase you with email after email asking for confirmation.

Your course of conduct is very problematic, Mr. Zhang. You have filed this case making very serious accusations against ING Bank, and ING is entitled to explore them in detail through your deposition. We have worked with you for weeks on locations and dates, and now enough is enough. You had no basis to refuse to appear until you received this letter, but now that you have it, we expect that you will appear for deposition, as previously committed, in our Berwyn office this Thursday, June 12, 2008 at 10 a.m. If you again choose not to make yourself available to be deposed, we will file a motion to compel your appearance with the Court.

#### B.  Your Responses to Our Discovery Remain Deficient

As my colleague David Woolf explained to you in his email yesterday, your responses to our requests for production of documents remain deficient. In particular, you are continuing to refuse to produce documents responsive to Request Nos. 10, 12, 17, 21, 22 and 23. As explained in our pending Motion to Compel and David's email, we are entitled to these documents and you have an obligation under the Federal Rules of Civil Procedure to produce them to us.

The supplemental production of "screenshots" that you sent to us in response to Request No. 11 is virtually useless. Document request 11 seeks all documents relating to

DrinkerBiddle&Reath
L L P

Xianhua Zhang
June 10, 2008
Page 5

attempts you made to obtain employment or other work for compensation at any time on or after August 16, 2005. The "screenshots" you sent to us do not indicate, for example, what jobs you sought, what companies you applied to and where you looked for work. Indeed, they provide no substance at all, other than that they show that an email of unknown content was sent or received on a certain date. We thus have no choice but to continue to pursue our Motion to Compel.

Very truly yours,

Edward N. Yost

ENY

Enclosures

cc:    David J. Woolf, Esquire

## Verification Results - Dan V Lu

Your Reference #: A0006962
Cost Center: 1004
Request #: PS-0913-2523
Turnaround time: 3. days
Reporting date: 9/16/2005 1:33 PM

POWERED BY 

ING Direct
1 South Orange St.
Wilmington, DE 19801
Phone: (302) 225-3018
Fax:

HireRight, Inc.
2100 Main Street, Suite 400
Irvine, CA 92614-6263
Phone: 888-521-6995, 949-428-5804
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

Requested By: Naomi Seramone
Phone: (302) 255-3023
Date Request Submitted: 9/13/2005 12:52 PM
Request Completion Date: 9/16/2005 1:12 PM

Your Account Representative:
Customer Service
Phone: (866) 521-6995
Local: (949) 428-5804
E-mail: customerservice@hireright.com

Name: Dan V Lu
SSN/ID:

## Results Summary

| Verification | Status | Discrepancy |
|---|---|---|
| Education | Complete | Yes |
| Employment | Complete | Yes |
| References | Complete | No |

### Education

**Complete - Discrepancy [1]**

School: La Salle University
Location: Unknown, PA, USA
Phone:
Name (When you attended school):
Social Security Number:
Spoke With: Transaction ID: 003694588

Comments:
Note: Claudia Quezada - 14-Sep-2005, 12:37 - School verifies via the NSCH.
Note: TW Shane Fernandes - 14-Sep-2005, 12:39 - Submitted request. Transaction ID: 003694588. Surcharge applies.
Note: TW Shane Fernandes - 14-Sep-2005, 12:41 - Information provided by automated system with discrepancy found in degree information.
Note: Claudia Quezada - 14-Sep-2005, 13:43 - Contacted applicant via email requesting clarification.
Note: Claudia Quezada - 15-Sep-2005, 08:49 - Contacted applicant at via email requesting clarification.
Delay: Claudia Quezada - 15-Sep-2005, 08:52
——Email notification sent to requestor: 15-Sep-2005, 08:52
——Reason: Unanticipated delay - UPDATE~Awaiting response from applicant.
——Estimated Completion Date: 16-Sep-2005
Note: Claudia Quezada - 15-Sep-2005, 11:59 - Received return email from applicant stated it was a mistake on his behalf, and the correct date is 5/1997.
Note: Claudia Quezada - 15-Sep-2005, 12:00 - Information provided by school has been verified with discrepancy found in dates of enrollment. (ds)

| School: | Information Provided<br>La Salle University | Information Verified<br>La Salle University |
|---|---|---|
| Dates Attended: | - | 7/8/1993 - 12/15/2001 |
| Major/Area of Study: | Management Information System | Management Information System |
| Degree Received/Hours Completed: | Bachelor of Science | Bachelor Degree |
| Date Degree Received: | 5/1/2005 | 5/11/1997 |

### Employment (1)

**Complete - Data Verified [1]**

Employer: Corporation Service Company
Location: Wilmington, DE, USA
Phone: (800) 927-9800
Social Security Number:
Spoke With: Cherry G./ Human Resource

Comments:
Note: Claudia Quezada - 14-Sep-2005, 09:22 - Verified. Applicant currently employed. {vs}

| Employer: | Information Provided<br>Corporation Service Company | Information Verified<br>Corporation Service Company |
|---|---|---|
| Job Title: | DBA | DBA |
| Dates of Employment: | 1/1/2005 - 8/1/2005 | 1/31/2005 - |
| Salary Rate: | 900000 per year | Unable to Disclose |

### Employment (2)

ING-0386

Verification Results

Complete - Data Verified [1]

Employer: SAIC
Location: Egg Harbor, NJ, USA
Phone: (609) 813-3333
Social Security Number:
Spoke With: Chris A./ Lead Data Base Administrator

Comments:
Note: Claudia Quezada - 14-Sep-2005, 08:38 - Called (858) 826-2526. Verifying source requires our request to be faxed to: (858) 826-4853, Attn:
Rebeca . Turnaround time: unkown. Time/Date fax sent: Need a hand signed release.
Delay: Claudia Quezada - 14-Sep-2005, 08:44
———Email notification sent to requestor: 14-Sep-2005, 08:44
———Reason: Source requires a signed authorization. Awaiting response from requestor.
———Estimated Completion Date: 15-Sep-2005
Note: Claudia Quezada - 15-Sep-2005, 06:05 - Faxed with release.
Delay: Claudia Quezada - 15-Sep-2005, 08:13
———Email notification sent to requestor: 15-Sep-2005, 08:13
———Reason: Source requested faxed authorization form/there is a processing delay.
———Estimated Completion Date: 16-Sep-2005
Note: Claudia Quezada - 16-Sep-2005, 10:17 - Called (858) 826-2526; left a detailed message requesting verification.
Note: Claudia Quezada - 16-Sep-2005, 10:19 - Contacted applicant at via email dlu6@yahoo.com, requesting documentation.
Note: Claudia Quezada - 16-Sep-2005, 12:28 - Verified by employer. {vs}

|  | Information Provided | Information Verified |
|---|---|---|
| Employer: | SAIC | SAIC |
| Job Title: | DBA | DBA |
| Dates of Employment: | 10/1/2004 - 1/1/2005 | 10/1/2004 - 1/1/2005 |
| Salary Rate: | 984000 per year | Unable to Disclose |

**Employment (3)**

Complete - Discrepancy [1]

Employer: ARAMARK
Location: Philadelphia, PA, USA
Phone: (215) 413-4000
Social Security Number:
Spoke With: Automated system / Ref 179508685

Comments: Note: Claudia Quezada - 14-Sep-2005, 08:36 - Per HireRight database, company verifies via the work cc# 10579.
Note: TW Aaron Deep - 14-Sep-2005, 10:21 - Submitted request. Ref 179508685. Surcharge applies.
Note: TW Aaron Deep - 14-Sep-2005, 10:21 - Unable to verify job title. This information cannot be provided by the source.
Note: TW Aaron Deep - 14-Sep-2005, 10:21 - Information provided by automated system has been verified with a discrepancy found in dates of
employment. {de}

|  | Information Provided | Information Verified |
|---|---|---|
| Employer: | ARAMARK | ARAMARK |
| Job Title: | DBA | Data Not Provided |
| Dates of Employment: | 10/1/2000 - 8/31/2005 — *entered in wrong* | 10/16/2000 - 8/20/2004 |
| Salary Rate: | 854400 per year | 1,371.15 Weekly |

**Employment (4)**

Complete - Data Verified [1]

Employer: Pep Boys
Location: Philadelphia, PA, USA
Phone: (180) 073-7269 Ext: 7
Social Security Number:
Spoke With: Automated System/Ref 179508684

Comments:
Note: Claudia Quezada - 14-Sep-2005, 08:44 - Per HireRight database, company verifies via the work number cc 10172.
Note: TW Stuart Akkadan - 14-Sep-2005, 10:41 - Submitted request.
Note: TW Stuart Akkadan - 14-Sep-2005, 10:41 - Verified by automated system. Unable to verify job title. This information cannot be provided by the
automated system. {vs}

|  | Information Provided | Information Verified |
|---|---|---|
| Employer: | Pep Boys | Pep Boys |
| Job Title: | DBA | Data Not Provided |
| Dates of Employment: | 10/1/1997 - 10/1/2000 | 12/22/1997 - 10/13/2000 |
| Salary Rate: | 732000 per year | 1,031.65 Weekly |

**Employment (5)**

Closed - Not Verified per Client Guidelines [1]

Employer: Glaxo SmithKline
Location: Philadelphia, PA, USA
Phone:
Social Security Number:
Spoke With:

Comments:

Verification Results

Note: Carlo David - 13-Sep-2005, 13:26 - In accordance with HireRight's guidelines, this request is being closed. (upg)

| | Information Provided | Information Verified |
|---|---|---|
| Employer: | Glaxo SmithKline | |
| Job Title: | Management Associate | |
| Dates of Employment: | 7/1/1997 - 9/1/1997 | - |
| Salary Rate: | 432000 per year | |

**Stankiewicz, Karen M.**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Thursday, June 12, 2008 9:52 AM |
| **To:** | Stankiewicz, Karen M. |
| **Subject:** | FedEx Shipment 790032531110 Delivered |

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | Drinker Biddle & Reath LLP |
| Name: | Edward Yost |
| E-mail: | 'not provided by requestor' |

Our records indicate that the following shipment has been delivered:

| | |
|---|---|
| Reference: | 034987.236030-YOSTEN |
| Ship (P/U) date: | Jun 11, 2008 |
| Delivery date: | Jun 12, 2008 9:47 AM |
| Sign for by: | Signature Release on file |
| Delivered to: | Residence |
| Service type: | FedEx Priority Overnight |
| Packaging type: | FedEx Pak |
| Number of pieces: | 1 |
| Weight: | 1.00 lb. |
| Special handling/Services: | Residential Delivery |
| | Deliver Weekday |

Tracking number:    790032531110

Shipper Information           Recipient Information
Edward Yost                      Xianhua Zhang
Drinker Biddle & Reath LLP       212 Yorktown Ct
One Logan Square;24th Floor      Malvern
Philadelphia             PA
PA                       US
US                       193558523
19103

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 8:51 AM CDT on 06/12/2008.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the status of this shipment online, please use the following:
https://www.fedex.com/insight/findit/nrp.jsp?tracknumbers=790032531110

1

**EXHIBIT M**

## Yost, Edward N.

| | |
|---|---|
| **From:** | Peter Zhang [peterzhang9999@yahoo.com] |
| **Sent:** | Monday, June 16, 2008 1:07 AM |
| **To:** | Primack, David P.; Woolf, David J. (Philadelphia Partner); Yost, Edward N. |
| **Cc:** | peter xianhua zhang |
| **Subject:** | Plaintiff's Interrogatories Directed to Defendant - Set No. 2 and Plaintiff's Request for Production of Documents Addressed to Defendant - Set No. 2 |

**Attachments:** Int02.pdf; DocReq02Certificate.pdf

Dear Mr. Attorneys:


This is resending of Plaintiff's Interrogatories Directed to Defendant - Set No. 2 and Plaintiff's Request for Production of Documents Addressed to Defendant - Set No. 2 to make sure you will get them. Please respond within 30 days starting 6/16/2008 required by law. Please reply with a courteous email to let me know that you have got them. Otherewise I will hold it as evidence that you have got them.


BTW, I have been busy those days to prepare Anwer Brief to your motion to compel and evaluating your responses to my emails dated 5/27/2008. I need time to prepare for deposition. So I suggest we can do deposition later next month.



Sincerely,


Peter Xianhua Zhang

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|                          |   |                      |
|--------------------------|---|----------------------|
| XIANHUA ZHANG            | : |                      |
| Plaintiff,               | : | Case No. 07-555 (JJF) |
| v.                       | : |                      |
| ING DIRECT               | : |                      |
| Defendant.               | : |                      |

## ORDER

AND NOW, this ___ day of _____, 2008, upon consideration of

Defendant's Motion to Compel Plaintiff's Appearance at Deposition, all responses thereto, and

for good cause shown, it is hereby ORDERED that the motion is granted.  Accordingly, it is

FURTHER ORDERED that Plaintiff Xianhua Zhang shall make himself available for deposition

at the Wilmington, Philadelphia or Berwyn office of Drinker Biddle & Reath LLP for a full day

of no longer than seven (7) hours, excluding breaks, within the next ten (10) calendar days or be

subject to sanctions as the Court might impose.


_____
Joseph J. Farnan, Jr., U.S.D.J.

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that, on this date, I caused a true and correct copy of the foregoing document to be served on the plaintiff by electronic and first-class U.S. mail, postage prepaid, at the following address:

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

Dated: June 16, 2008

_____
David P. Primack