In the U.S. District Court for the District of Delaware

Xianhua Zhang
Plaintiff

vs.

ING Direct
Defendant



Case No. 07-555

Jury Trial Demanded

**Plaintiff's Interrogatories Directed to Defendant - Set No. 2**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Xianhua Zhang, serve the within Interrogatories on Defendant, ING Direct and make demand on Defendant to answer Interrogatories under oath within thirty (30) days of the date of service hereof.

### Instructions

1. These Interrogatories are considered to be continuing and should be modified or supplemented as Defendant obtains additional information of this case. If Defendant obtains information from which you come to know that your response was incorrect or incomplete when made or that the response is no longer correct or complete, you must correct or supplement your answers, or both.

2. The answers to these Interrogatories shall reflect the cumulative knowledge of all representatives, agents, attorneys and employees of Defendant whom they are addressed.

3. Where exact information cannot be furnished, estimated information is to be supplied. Where an estimate is to be used, it should be identified as such and accompanied by an explanation as to the basis on which the estimate is made and the reason the exact information cannot be furnished.

4. Where knowledge, information or documents in the possession of Defendant are requested, such request includes knowledge, information or documents in the possession of Defendant's agent, representative or attorneys.

5. If any document was, but no longer is, in Defendant's possession or subject to Defendant's control, state what disposition has been made of it.

6. In responding to these interrogatories, you must make a diligent search of your databases, emails, records, papers, and materials in your possession, custody or control or otherwise available to you and furnish all information available to you or subject to your reasonable inquiry. If there is no information responsive to a particular interrogatory, state in writing.

7. Each interrogatory is to be answered separately and as completely as possible and all information responsive thereto is to be produced. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to produce all information currently in Defendant's possession, custody or control or otherwise available to Defendant.

8. If Defendant objects to the production of any information or portion thereof sought by these interrogatories as privileged or otherwise protected from discovery, Defendant must identify the privilege or protection asserted; the person asserting the privilege or protection; and the information sought to be withheld, including without limitation:

1

a) In the case of a document, the author and/or signatory of the document; the date of the document; the addressee(s) and the general subject matter of the document; b) In the case of a communication, identify the participants in the communication; the date of the communication; and the general subject matter of the communication.

9. If Defendant objects to any portion of an interrogatory, Defendant shall produce all information responsive to all other portions of the interrogatory to which Defendant asserts no objection.

10. In interpreting these interrogatories, definitions, and instructions, any masculine, feminine or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and the words "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

11. If, in responding to an interrogatory, Defendant encounters a perceived ambiguity, either in the interrogatory itself or in any applicable definition or instruction, answer the interrogatory fully, and include in Defendant's answer an identification of the perceived ambiguity and the construction thereof used in the answer.

12. Unless stated otherwise in a particular interrogatory, answer each interrogatory as of the date Defendant serve them and produce all information created, communicated or relating to any transaction or occurrence when that happened.

13. If Defendant exercise the option under Fed. R. Civ. P. 33(d) to produce documents in lieu of responding to any interrogatory, Defendant shall produce such documents separately, designate the interrogatory or interrogatories to which the documents respond, and identify the file or other source from which Defendant obtained the documents.

14. Identify, for each separate interrogatory, the person(s) who supplied the information provided.

15. Verification. The person who answers interrogatories or provides information for Defendant's attorneys to answer them must provide verification declared under penalty of perjury under the laws of the United States.

## Definitions

1. "Document" or "documents" includes, without limitation, writings and printed matter of any kind and description, emails, photographs and drawings, notes and records of oral communication, and recordings (tapes, discs or other) of oral communication. In all cases where originals are not available, "documents" also means copies of original documents and copies of non-identical copies.

2. "Identify" as applied to a person means to state the following: (a) full name; (b) title, if any; (c) present home address; (d) present business address; and (e) person, if any, for whom the person identified was acting at the time to which the Interrogatory relates.

3. "Identify" as applied to any writing means to state the following: (a) its date; (b) identity of its author(s); (c) identity of its sender(s); (d) identity of person(s), to whom it is addressed; (e) identity of recipient; (f) format; (g) title; (h) number of pages; (I) complete summary of contents; (j) identity of person(s) known or believed to have possession, custody or access to the writing.

4. "Identify" as applied to an oral statement, conversation or conference means to:
   (a) identify the person making each statement, the person to whom each statement was made, and all other persons present at the time of each statement; (b) state the date of such statement, conversation or conference; (c) state the place where such statement, conversation or conference was held; (d) if by telephone, identify the person receiving the telephone call, the

person making the call, and the places where the persons participating in the call were located; and (e) state in detail the substance of each statement, conversation or conference.

5. "Explain" or "state" means to set forth every fact relevant to the answer to the Interrogatory and to set forth each such fact fully and unambiguously.

6. Term "Defendant," "you," and "your" refer to the named Defendant, ING Direct, and its employees, attorneys and representatives. Term "Plaintiff," refer to the named Plaintiff, Xianhua Zhang.

7. Term "communication" means the transfer of information, ideas, opinions or thoughts by any means, whether oral, written, electronic or other, from or to any person.

8. Phrase "describe in details" requires, with respect to an act, transaction, relationship, thing or occurrence:

> a) A full description of such act, transaction, relationship, thing or occurrence by reference to underlying facts (rather than to ultimate facts or conclusions of fact or law), including identification of dates, places, persons involved, and manner or means employed; b) Identification of the source or sources of information concerning such act, transaction, relationship, thing or occurrence, including the date on which you received or learned of such information; c) Identification and general description of each document reflecting, relating to, referring to or evidencing such act, transaction, relationship, thing or occurrence; d) Identification of each person likely to have knowledge of or information relating to such act, transaction, relationship, thing or occurrence.

11. Phrase "state all facts" requires, with regard to a contention you have made against Plaintiff:

> a) Specify each and every fact or other information that you believe supports or provides the foundation or basis for the contention in question; b) Identify each and every source of the information, including each date you received or learned of such information; c) Identify each document that reflects or relates in any way to such facts or other information; d) Identify each person who is likely to have knowledge of such facts or other information.

### Interrogatories

1. For each interrogatory in 'Plaintiff's Interrogatories Directed to Defendant - Set No. 1', please provide name and title of person who answers them. For those interrogatories answered by Defendant's attorneys, please provide name and title of person who provides information and evidences.

2. In answer to Interrogatory # 10 of 'Plaintiff's Interrogatories Directed to Defendant - Set No. 1', it is said that 'A Bank employee then reviewed the contents of Plaintiff's cubicle …'. Please provide name, title and contact information for this Bank employee. If this Bank employee is no longer with Defendant, please provide his or her contact information including but not limited to home address, email and home phone number.

3. This Interrogatory is for the Defendant employee who 'reviewed the contents of Plaintiff's cubicle' on 8/16/05. Please state in details who asked you and/or gave you rights to do this without Plaintiff's permission and knowledge that is against the law. If there are written procedures and steps, please provide detailed documents. If there are only oral procedures and steps, please describe them in details.

3

4. This Interrogatory is for the Defendant employee who reviewed the contents of Plaintiff's 'cubicle' on 8/16/05. Please describe in details how you 'reviewed the contents of Plaintiff's cubicle'. What stuff you took away as Bank property and how do you know that they are Bank property?

5. Please provide name and contact information of the security guard who was used by Defendant during the process to illegally discharge Plaintiff on 8/16/2005. If that security guard is no longer with Defendant, please provide his contact information including but not limited to home address, email and home phone number.

6. This Interrogatory is for the Defendant security guard who was used by Defendant to confine Plaintiff's freedom such as to follow Plaintiff to the restroom during the process to illegally discharge Plaintiff on 8/16/2005. Please state in details who gave you rights to do this that is against the law. If there are written procedures and steps, please provide detailed documents. If there are only oral procedures and steps, please describe them in details.

7. Please state in details Mr. Dan Lu's annual performance reviews and salary adjustments from 10/2005 up to now with supporting documents.

8. In Defendant's response to Interrogatory #2 of Plaintiff's Interrogatories Directed to Defendant - Set No. 1, Defendant states that 'an individual in this position must be able to type at a proficient and productive level'. The answer is too vague. Please provide requirement in details with supporting documents.

9. Please state in details about Defendant's 'Wages in lieu of notice' and 'Salary Continuation' policies listed in Defendant's Termination/Separation Form and its executions in details with verified supporting evidences of those discharged employees by Defendant between 8/1/2004 and 9/1/2006.

10. Please state in details why Plaintiff was denied of those separation benefits in Interrogatory #9.

11. Please provide Verification declared under penalty of perjury under the laws of the United States from each person who answers Plaintiff's Interrogatories Directed to Defendant Sets 1 and 2 or provides information for Defendant's attorneys to answer them.

12. For each interrogatory in 'Plaintiff's Interrogatories Directed to Defendant - Set No. 2', please provide name and title of person who answers them. For those interrogatories answered by Defendant's attorneys, please provide name and title of person who provides information and evidences.

*Xianhua Zhang*

**Xianhua Zhang**
-------------------------------
**Plaintiff**

Date: 6/12/2008

4