**In the U.S. District Court for the District of Delaware**

Xianhua Zhang
Plaintiff

vs.

ING Direct
Defendant

FILED
JUN 19 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
PD scanned

Case No. 07-555

Jury Trial Demanded

**Plaintiff's Answer Brief in Opposition to Defendant's Motion to Compel Filed on 6/3/2008**

Plaintiff's Xianhua Zhang respectfully submits this Answer Brief in opposition to Defendant's motion to compel Plaintiff to respond its First Set Interrogatories # 2, 3, 5, 16, 17 and First Set Document Requests # 10, 11, 12, 17, 21, 22 and 23 pursuant to Federal Rules of Civil Procedure 26(c) and 30(d). In support of this Answer Brief, Plaintiff states following points and authorities:

1. Plaintiff has already electronically sent Defendant the mail 'Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents' on 6/3/2008. That mail states in details Plaintiff's responses and objections to those discovery issues consisting of the basis of Defendant's Motion. So this Motion has lost its legal ground and should be denied. **Please see Exhibit A.**

2. In addition to those points and authorities stated in 'Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents' attached as **Exhibit A** and Plaintiff's responses to Defendant's Interrogatories and Request Documents Set One sent to the Court on 4/25/2008, Plaintiff further objects or responds those discovery requests by Defendant in following details:

   - For Interrogatory # 2, it only took Plaintiff about 3.5 months to start a similar job on 11/28/2005 after he was suddenly discharged by Defendant illegally on 8/16/2005. Such a short period of time has already proved the fact that Plaintiff did work hard to find a new job during that miserable period of time. Plaintiff has sent Defendant a list of emails he sent to potential employers that are the only evidences left for those crazy job searches. Job applications online are automatically deleted shortly by web hosts. Those emails he got from those potential employers are also deleted long time ago to free space after he started the new job for CDI. If Defendant insists on more details, Plaintiff can forward those emails to them.

   - For Interrogatory # 5, Defendant claims that 'federal rules of evidence specifically provide that certain prior criminal convictions are admissible at trial under certain circumstances. See Fed. R. Evid. 608.' However Plaintiff has never been involved in any criminal cases. So there is no legal obligation for Plaintiff to answer this Interrogatory. As for that civil case of personal injury that Plaintiff sues the man who hit him from behind during auto accident on 1/24/03, Defendant has already obtained

medical records of my treatments for serious impairments/disabilities caused by that accident. Besides those records, that case has nothing to do with this one.

- For Interrogatory # 10, still N/A.

- For Interrogatory # 16, still N/A. Plaintiff has done the job on his own up to now.

- For Interrogatory # 17, still N/A. Plaintiff has done the job on his own up to now.

- For Document Request # 10, Plaintiff only claims wage loss between 8/16/2005 and 11/28/2005 at this time. Plaintiff only had $7472 of unemployment compensation as income during that time and will send a copy of UC-1099 to Defendant. Plaintiff has not asked for 'back pay' for the period of time since 11/28/2008 up to now at this time. So there is no legal obligation for Plaintiff to provide his income information. As a matter of fact, Defendant has already obtained all Plaintiff's detailed employment and income information from CDI through subpoena. There is no legal ground for Defendant to continue to harass Plaintiff for such information.

- For Document Request # 11, please see additional answers to Interrogatory # 2 above in this Brief and answer to this request in **Exhibit A** with supporting documents.

- For Document Request # 12, please see answer to this request sent to the Court on 4/25/2008 and additional response to Document Request # 10 above.

- For Document Request # 17, please see answers to this request sent to the Court on 4/25/2008 and in **Exhibit A** and additional answer to Document Request # 10 above.

- For Document Request # 21, please see answer to this request in **Exhibit A**. In addition, Defendant states that it already has 'Plaintiff's EEOC Charge of Discrimination and related documents' in Item B, Part II of its Initial Disclosures filed to the Court on 2/27/2008.

- For Document Request # 22, please see answer to this request in **Exhibit A**.

- For Document Request # 23, please see answer to this request in **Exhibit A**.

3. All the above evidences, points and authorities have shown that Plaintiff has strictly followed the rules to fulfill his obligations on time. However, Defendant has taken the chance to harass and intimidate Plaintiff by asking information very broad and general that is not relevant to the case, requires enormous time and resources, reveals confidential and privileged information and information it already has in its control. Defendant keeps empty talks about 'lead to the discovery of admissible evidence'. But it has never provided any legal supports that allow it to discover such information. Furthermore, Defendant has never provided legal connections between this case and information it requests allowed by law. In

summary, Defendant's Motion to compel only servers to harass and intimidate Plaintiff rather than to discover admissible evidences.

WHEREFORE, Plaintiff, Xianhua Zhang, respectfully requests that this Court deny Defendant, ING Direct's Motion to compel Plaintiff to respond its First Set Interrogatories # 2, 3, 5, 16, 17 and First Set Document Requests # 10, 11, 12, 17, 21, 22 and 23.

Respectfully submitted,

*Xianhua Zhang*

Xianhua Zhang, pro se

-------------------------------

Plaintiff

Date: 6/17/2008

CERTIFICATE OF SERVICE

I, Xianhua Zhang, hereby certify that a true and correct copy of Plaintiff's Answer Brief in Opposition to Defendant's Motion to Compel Filed on 6/3/2008 has been electronically and timely mailed upon the following:

David P. Primack    David.Primack@dbr.com – Attorney for Defendant
David J. Woolf      David.Woolf@dbr.com – Attorney for Defendant
Edward N. Yost      Edward.Yost@dbr.com – Attorney for Defendant


                                                    Xianhua Zhang, pro se
                                                    ---------------------------
Date: 6/17/2008                                     Plaintiff

<u>Exhibit A</u>

**From:** Peter Zhang (peterzhang9999@yahoo.com)
**To:** Yost, Edward N.; peter
**Date:** Tuesday, June 3, 2008 8:28:41 PM
**Cc:** Woolf, David J. (Philadelphia Partner); David.Primack@dbr.com
**Subject:** Zhang v. ING Bank -- Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents

Dear Mr. Attorneys:

Since the start of discovery process, I have strictly followed the rules to fulfill my obligations on time. However, Defendant has done a very poor job to act the same way. For example I have still not got some documents that were promised by you on 4/28/2008 after over one month waiting. See my email sent to you on 5/27/2008 for details.

Nevertheless I still answer your issues listed in 4/18/2008 letter to show spirit of fair play and my willingness to fulfill my obligations in this case.

**Plaintiff's Reply to Defendant's Letter on 4/18/2008 for Issues Related to Discoveries Including Interrogatories and Request for Production of Documents**

**Issue # 1:** See my email sent to you on 4/24/2008. It is said in the form that a photocopy 'shall be effective as an original'. So just make 12 copies and fill those health care providers' names and send with subpoenas. In addition, you have already sent me copies of those subpoenas that are supposed to have been sent to those 12 health care providers. Why do you keep bothering me for this???

**Issue # 2:** I have replied to your discovery requests of Interrogatories and Request for Production of Documents Set One within timeline set by the law. Why do you keep bothering me for this???

**Issue # 3:** Since Defendant has not followed the rules to fulfill obligations on time during discovery process, there is no obligation for me to take the deposition defined by Defendant.

**Issue # 4:** No objection.

**Issue # 5:** All facts stated in Complaint are evidences.

**Issue # 6: Answers as the followings:**

Interrogatory # 2: Plaintiff still objects this interrogatory on the ground that as it exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. For example, it requires 'the date of each such effort,' etc. Such detailed demands are clearly broad, unreasonable, burdensome and unduly oppressive to the Plaintiff and has nothing to do with the case. Subject to and without waiving this or any other applicable objections, it only took Plaintiff about 3.5 months to get a new job that is a very short time based on the job situation at that time mainly because of Plaintiff's hard effort. Nevertheless, Plaintiff here is willing to provide more information for my job searching efforts. I only used job web resources to find and apply the new job. Those web sites are www.jobcircle.com, www.dice.com, www.monster.com and www. CareerBuilder.com. My resume and emails sent to potential employers are attached. I even drove to DC area to get an interview with Fannie Mae. All these are proved evidences for my hard efforts to get the new job.

Interrogatory # 5: Federal Rules of Evidence 608. Evidence of Character and Conduct of Witness has nothing to do with your claims. Nevertheless, I have never been involved in any criminal litigations. Even though I do have a civil case of personal injury pending that I sue the man who hit me from behind during an auto accident 1/24/03 , that case has nothing to do with this one.

Interrogatory # 10: N/A.

Interrogatory # 16: N/A.

Interrogatory # 17: N/A.

Document Request # 10: Plaintiff still objects this interrogatory on the ground that as it exceeds the scope of permissible discovery related to this case as being broad, unreasonable, burdensome and unduly oppressive. For example, it requires 'pay stubs' etc. Such detailed demands are clearly broad, unreasonable, burdensome and unduly oppressive to the Plaintiff and has nothing to do with the case. Subject to and without waiving this or any other applicable objections, Plaintiff only has two sources of incomes since 8/2005. One is unemployment pay and the other is wage income as Consultant for CDI since end of 11/05 up to now. Since Defendant has already subpoenaed CDI, there is no base to require Plaintiff to repeat the same job. BTW, Plaintiff is entitled to get an exact copy of all documents from subpoena to CDI as required by law. In addition, Plaintiff does not claim any wage loss damage against Defendant for the time between 11/2005 and now at this point. Therefore I am not required by law to provide my income information for this period of time.

Document Request # 11: See answers to Interrogatory # 2, attached my resume as of 2005 and screenshots for all emails related to job search efforts.

Document Request # 12: See answers to Document Request # 10.

Document Request # 17: I have answered this request in details with evidences presented in responses to Defendant's discovery requests such as Job Offer Letter and Employee Handbook (2005). In addition, document ING-0174 and all documents from subpoena to CDI are also severed as supporting documentation. What documents of legal evidences permitted by law do you want?

Document Request # 21: Plaintiff still objects this request because there are no legal connections between the documents in Charge filed to EEOC and this case.

Document Request # 22: Plaintiff still objects this request because it is pure allegation. It is Defendant, not me that takes others' belongings. Even I wanted to follow Defendant's example after I was illegally discharged, I could not because I had lost the control of my personal belongings and was at the mercy of Defendant to get only part of them back.

Document Request # 23: See answers to Interrogatory # 5.

                                                          **Xianhua Zhang**
                                                        -------------------------------
                                                         **Plaintiff**

Date:___6/3/2008_____

BTW, I forgot to attach Verification for 'Plaintiff's Answers and Objections to Defendant's Interrogatories Directed to Plaintiff - Set No. 1' last time. It is attached this time.

In addition, I sent you two emails with attachments for some discovery issues on 5/27/2008. I am sure you have got them. But I have not got any responses for them from you yet. Please follow the rules set by law to respond them at your earliest convenience.

Sincerely,

Xianhua Zhang