## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| v. | : | |
| ING DIRECT | : | |
| Defendant. | : | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE COMPLETE, NON-EVASIVE RESPONSES TO INTERROGATORIES 2, 3, 5, 16, 17, AND DOCUMENT REQUESTS 10, 11, 12, 17, 21, 22, AND 23

Defendant ING Bank, fsb ("Defendant") submits this Reply Brief in further support of its Motion to Compel. Since Defendant filed its Motion to Compel on June 3, 2008, Plaintiff has produced a handful of documents, primarily "screen shots" of his personal email inbox and a tax document that reveals the amount of unemployment compensation Plaintiff received subsequent to the termination of his employment with Defendant. Plaintiff also confirms in his response to Defendant's Motion to Compel that he is limiting his damages claim to August 16, 2005 through November 28, 2005 because he obtained new employment on or about November 28, 2005. Plaintiff's production and confirmation of the limited nature of his damages claim have eliminated several issues, but several issues remain, including Plaintiff's refusal to provide documents responsive to Defendant's document requests 10 and 17 as well as Plaintiff's claim that "screen shots" of his email inbox satisfy his discovery obligations regarding Defendant's document request 11. Moreover, Plaintiff refuses to respond fully to several interrogatories and

document requests that seek nothing more than relevant information that is required to litigate this case.

## ARGUMENT

**A.    Defendant Will Withdraw Document Request 10 In Its Entirety And Document Request 17 As To Post 11/28/2005 Economic Damages If Plaintiff Has Indeed Confirmed He Seeks Economic Damages From Only 8/16/2005 Through 11/28/2005.**

Defendant's document request 10 seeks all documents related to the income Plaintiff received on or after August 16, 2005, the day his employment with Defendant ended.  Document request 17 seeks all documents related to any damages Plaintiff claims he has suffered as a result of the conduct of Defendant.  In response to these requests, Plaintiff has produced only one document that indicates the amount of unemployment compensation he received between August 16, 2005 and November 28, 2005.  Plaintiff claims that he has no obligation to produce any further documents related to his income or damages after November 28, 2005 (the date he obtained new employment with CDI Corporation) because "Plaintiff only claims wage loss between 8/16/2005 and 11/28/2005." *See* Pl's Opp. Br. at 2.  Subject to Plaintiff's confirmation that *his only economic damages claim* is back pay damages from August 16, 2005 to November 28, 2005, Defendant will withdraw document request 10 in its entirety and document request 17 only as to post November 28, 2005 economic damages.  Otherwise, Plaintiff continues to be in default of his discovery obligations under the Federal Rules of Civil Procedure.

**B.    Plaintiff's "Screen Shots" Do Not Satisfy His Obligations Regarding Document Request 11.**

Defendant's document request 11 seeks documents related to Plaintiff's job search efforts after August 16, 2005 when he separated from Defendant.  The only documents Plaintiff has

produced regarding this request are "screen shots" of his email inbox. See Exh. A. These documents do not provide any information regarding where Plaintiff looked for work, what kind of jobs he sought, if any, whether he participated in any interviews or was offered any positions. In sum, these documents do nothing to aid Defendant in determining whether Plaintiff satisfied his duty to mitigate his damages.

Plaintiff goes on to claim that he has no other documents related to this request because the emails he received from employers where he allegedly applied for work "are also deleted long time ago to free space." See Pl's Opp. at 1. Plaintiff does not explain, however, how he was able to take "screen shots" of these allegedly deleted emails but is unable to open the emails and print them out. Defendant is concerned that Plaintiff has deleted the actual evidence of his mitigation efforts sometime after he provided his initial discovery responses.

**C.     Plaintiff Continues to Refuse To Respond Fully To Several Other Interrogatories And Document Requests.**

Despite the passage of several months, countless entreaties from Defense counsel and Defendant's Motion to Compel, Plaintiff continues to refuse to respond fully to Defendant's interrogatories 2 and 3 (concerning Plaintiff's mitigation efforts) or to provide documents responsive to Defendant's document requests 12, 21, and 22 (concerning Plaintiff's mitigation efforts, the documents Plaintiff provided to any governmental agency regarding this case, and the documents Plaintiff took with him and or retained from Defendant after his employment with Defendant concluded). As stated in Defendant's Motion to Compel, these interrogatories and document requests seek relevant information and/or information reasonably likely to lead to the discovery of admissible evidence.

For the above reasons, and the reasons more fully stated in Defendant's initial Motion to Compel, Defendant respectfully requests that the Court grant its Motion to Compel.

Dated: June 30, 2008

_____ /s/ David P. Primack _____
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
(302) 467-4220
Attorneys for Defendant ING Bank, fsb

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that, on this date, I caused a true and correct copy of the foregoing document to be served on the plaintiff by electronic and first-class U.S. mail, postage prepaid, at the following address:

> Xianhua Zhang
> 212 Yorktown Court
> Malvern, PA 19355

Dated: June 30, 2008                   /s/ David P. Primack
                                       David P. Primack

# EXHIBIT A















