## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| v. | : | |
| ING DIRECT | : | |
| Defendant. | : | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO QUESTIONS POSED BY PLAINTIFF IN HIS MAY 27, 2008 LETTER TO DEFENSE COUNSEL

Defendant ING Bank, fsb ("Defendant" or the "Bank") improperly referred to as ING Direct, by and through its undersigned attorneys, hereby responds and objects to the questions contained in Plaintiff's May 27, 2008 letter to Defense counsel as if such questions ("Interrogatories") were properly propounded Interrogatories.

### INTRODUCTION

These Responses and Objections to Plaintiff's Interrogatories reflect Defendant's best present knowledge based upon its review and investigation of its files to date. Defendant reserves the right to amend or supplement these Responses and Objections as further review or the discovery of additional information may warrant.

These Responses and Objections are made explicitly subject to, and without in any manner limiting, waiving, or otherwise compromising, the General Objections set forth below. Defendant has answered Plaintiff's Interrogatories as fully and specifically as is reasonably possible without undue burden to it.

## GENERAL OBJECTIONS

1.    Defendant objects generally to the interrogatories insofar as they purport to seek information protected by the attorney-client privilege, the work-product doctrine, the trial preparation doctrine, or any other applicable privilege or protective doctrine.

2.    Defendant objects generally to the interrogatories to the extent that they are overly broad and/or seek the discovery of information not relevant to or not reasonably calculated to lead to the discovery of admissible evidence in this case.

3.    Defendant objects generally to the interrogatories to the extent that they attempt to impose an undue burden on Defendant.

4.    Defendant objects generally to the interrogatories to the extent that they contain vague, ambiguous, illogical, and/or undefined terms and/or phrases.

5.    Defendant objects generally to the interrogatories to the extent that they seek information outside the scope of information known or readily obtainable by Defendant.

6.    Defendant objects generally to the interrogatories to the extent they purport to impose duties and obligations upon Defendant beyond those imposed under the Federal Rules of Civil Procedure and local rules.

7.    Defendant objects generally to the interrogatories to the extent they are not limited in temporal scope to times relevant to this litigation.

8.    Defendant objects generally to the interrogatories because Plaintiff has exceeded the number of interrogatories permitted under the Federal Rules of Civil Procedure. Defendant reserves the right to refuse to answer any additional interrogatories in that such interrogatories exceed the amount of interrogatories permitted under the Rules.

Defendant incorporates the foregoing general objections by reference into its responses and objections to each and every one of the specific interrogatories below

## RESPONSES TO INTERROGATORIES

21.    If there are no written documents (related to Plaintiff's conversation with Kelley Yohe on 7/29/2005) please describe in details the meeting processes and decisions made.

**RESPONSE:**

Defendant objects to this interrogatory on the basis that the phrase "meeting processes and decisions made" is vague, undefined and subject to multiple interpretations. Subject to and without waiving this or any other applicable objection, as best as Ms. Yohe can recall, during the July 29, 2005 meeting, Ms. Yohe conducted a job coaching session with Plaintiff to discuss Plaintiff's progress on previously assigned tasks.

22.    If there are no written documents (related to Plaintiff's discharge meeting with Kelley Yohe and Naomi Seramone on 8/16/2005), please describe in details the meeting processes and decisions made.

**RESPONSE:**

Defendant objects to this interrogatory on the basis that the phrase "meeting processes and decisions made" is vague, undefined and subject to multiple interpretations. Subject to and without waiving this or any other applicable objection, as best as Ms. Yohe and Ms. Seramone can recall at present, the August 16, 2005 meeting referred to in this interrogatory was conducted in a conference room in Defendant's corporate headquarters located in Wilmington, Delaware and attended by Kelley Yohe, Naomi Seramone and Plaintiff. Ms. Yohe began the meeting and explained to Plaintiff that the Bank had extended his introductory probationary period because

3

his job performance was subpar. Ms. Yohe further explained that since his introductory period was extended she received several complaints regarding Plaintiff including, but not limited to, (1) that he had fallen asleep at his desk during work hours, (2) he had fallen asleep on another occasion during a mandatory training session, and (3) he had used Defendant's computer and printed out reams of paper to work on his own personal projects. Thus, Ms. Yohe told Plaintiff that despite recent modest improvements in his performance, his employment with the Bank was terminated. Ms. Yohe then left the room.

Ms. Seramone then began to explain to Plaintiff the effect the termination of his employment would have on his employee benefits. At this point, Ms. Seramone noticed that Plaintiff had become more and more agitated. She asked Plaintiff if he had any concerns. Plaintiff complained to Ms. Seramone that he thought his termination was unfair, and he refused to leave the room unless he could speak with a "higher-up" in the Bank. Ms. Seramone explained to Plaintiff that the Bank had made a good-faith effort to help him be successful in his position when it extended his probationary period, assigned him a mentor and conducted twice-weekly job coaching sessions with him, but that his performance level and the recent complaints Ms. Yohe received regarding his sleeping during work hours and using company property for personal projects merited the termination of his employment. Plaintiff listened to Ms. Seramone's explanation, but still refused to leave the room. Ms. Seramone then had no choice but to leave the room and seek help from Human Resources Director Rick Perles and Rob Weaver, Defendant's head of security. Ms. Seramone explained to Mr. Perles and Mr. Weaver that Plaintiff refused to leave the conference room.

Ms. Seramone then found Ms. Yohe, who was helping Yan Shi pack up Plaintiff's belongings in a box. Mr. Shi remarked that Plaintiff's desk was very disorganized and that it

was taking him a long time to separate out Plaintiff's papers from Defendant's papers. Once Mr.

Shi and Ms. Yohe finished packing up Plaintiff's belongings, Ms. Seramone took Plaintiff's

property to him and told him to go through it and inform her if there were any items that were

missing. Mr. Perles and Mr. Weaver then entered the room and asked Plaintiff to accompany

them to his car. Once Plaintiff arrived at his car, he sat in it for approximately five minutes

without making an effort to leave. Mr. Weaver then approached Plaintiff and asked him again to

leave the building, at which time Plaintiff started his car and left Defendant's premises.

23.    Please state whether documents filed with DE Department of Labor for other

discharged employees by Defendant.

**RESPONSE:**

This interrogatory seeks information concerning all Bank employees and a range of

different possible subject areas (e.g., worker's compensation, industrial affairs, vocational

rehabilitation and wage hour). Therefore, Defendant objects to this interrogatory on the basis

that it is overly broad, unduly burdensome and seeks information neither relevant to this action

nor reasonably likely to lead to the discovery of admissible evidence.

24.    Invitations to company's Probation Ending meeting held around 8/10/2005 are

sent through emails as well to the best of my knowledge. Please provide list of those employees

who got the invitation emails and attended the meeting.

**RESPONSE:**

Defendant objects to this interrogatory on the basis that it assumes a "Probation Ending

meeting" occurred around August 10, 2005. Subject to and without waiving this or any other

applicable objection, Defendant does not have "Probation Ending" meetings or send invitations

to such meetings. On or about August 10, 2005, Ms. Yohe conducted a job coaching session with Plaintiff and explained to him that his performance was beginning to improve and that she might be able to take him off probation if his progress continued. Ms. Yohe did not, at any time during this meeting, tell Plaintiff that he was no longer on probationary status.

By way of further answer, the only way for an employee to be taken off of the probationary introductory period is to have another Introductory Performance Appraisal wherein the employee's supervisor indicates on the form that the employee has successfully completed the introductory period. Plaintiff never received such an Introductory Performance Appraisal.

25.    Please provide the detailed list of those documents and materials that Defendant did 'seek the return' from Plaintiff's personal working area on 8/16/2005.

**RESPONSE:**

Defendant objects to this interrogatory on the basis that it seeks information neither relevant to this action nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiver of this, or any other applicable objection Defendant restates and incorporates its response to interrogatory 22.

26.    If there are only oral procedures and steps (regarding the process involved with discharging an employee), please describe them in details.

**RESPONSE:**

Defendant objects to this interrogatory on the basis that it exceeds the number of interrogatories permitted under the Federal Rules of Civil Procedure. Defendant further objects to this interrogatory on the basis that it assumes that Defendant has formal policies and procedures in place that it employs when discharging employees. Subject to and without waiver

6

of these or any other applicable objections, Defendant restates and incorporates its response to Plaintiff's interrogatory number 8.

27.    Defendant states that 'A Bank employee then reviewed the contents of Plaintiff's cubicle . . .'. Defendant did all this without Plaintiff's permission and knowledge. Please state in details who gave Defendant rights to do this that is against the law. If there are written procedures and steps, please provide detailed documents. If there are only oral procedures and steps, please describe them in details.

**RESPONSE:**

Defendant objects to this interrogatory on the basis that it exceeds the number of interrogatories permitted under the Federal Rules of Civil Procedure. Defendant further objects to this interrogatory to the extent that it assumes that Defendant engaged in any unlawful conduct. Subject to and without waiver of these or any other applicable objections, Defendant restates and incorporates its response to Plaintiff's interrogatory number 8.

28.    Plaintiff did successfully complete his Introductory Period and accumulate 124 hours of PTO as evidenced by Document ING-0174 provided by Defendant and other evidences. There is also 4 hours of BTO that is the reward to IT employees for their successful pass of government IT audit and has nothing to do with probation. All these hours are unlawfully seized by Defendant. Please state in details who gave Defendant right to do this that is against the law. If there are written procedures and steps, please provide detailed documents. If there are only oral procedures and steps, please describe them in details.

**RESPONSE:**

Defendant objects to this interrogatory on the basis that it exceeds the number of interrogatories permitted under the Federal Rules of Civil Procedure. Defendant further objects to this interrogatory on the basis that it assumes that Plaintiff accrued paid personal time off with Defendant and that Defendant somehow illegally "seized" these hours. Subject to and without waiver of these or any other applicable objections, Defendant restates and incorporates its response to Plaintiff's interrogatory number 15.

29.    Does Defendant have 'Wages in lieu of notice' policy? If such policy exists, please describe its executions in details with three proved samples and state why it does not apply to Plaintiff.

**RESPONSE:**

Defendant objects to this interrogatory on the basis that it exceeds the number of interrogatories permitted under the Federal Rules of Civil Procedure. Defendant further objects because the phrase "wages in lieu of notice" is vague, undefined and subject to multiple interpretations. Assuming the phrase "wages in lieu of notice" refers to an agreement between an employee who gives notice to his/her employer that he/she is ending his/her employment and the employer wherein the employer agrees to end the employment of the employee immediately but continues to pay the employee's wages for a certain period of time, Defendant has no formal

"wages in lieu of notice" policy.

Dated: June 30, 2008

/s/ David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax

Attorneys for Defendant
ING Bank, fsb

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

**VERIFICATION**

I verify, under penalty of perjury under the laws of the United States, that the facts and information set forth in Defendant ING Bank fsb's Answers and Objections to Plaintiff's Interrogatories Dated May 27, 2008 are true and correct to the best of my information, knowledge and belief.

Dated:  June 30, 2008

By: Naomi Seramone

## CERTIFICATE OF SERVICE

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of the foregoing Defendant's Answers and Objections to Plaintiff's Interrogatories Dated May 27, 2008 was timely served by first class mail, postage prepaid, upon the following:

> Xianhua Zhang
> 212 Yorktown Court
> Malvern, PA 19355

Dated: June 30, 2008                           /s/ David P. Primack
                                      David P. Primack (I.D. No. 4449)
                                      DRINKER BIDDLE & REATH LLP
                                      1100 N. Market Street
                                      Wilmington, DE 19801-1254
                                      (302) 467-4220
                                      (302) 467-4201 fax
                                      david.primack@dbr.com