IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| v. | : | |
| ING DIRECT | : | |
| Defendant. | : | |

## MOTION TO ENTER CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Defendant ING Bank, fsb ("ING"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned counsel, hereby moves this Court to enter the Confidentiality Agreement and Protective Order ("Agreement") attached hereto as Exhibit A. In support thereof, ING avers as follows:

1. The terms of the Agreement have been negotiated in good faith by both parties.

2. Both ING and Plaintiff have executed the Agreement and desire to have it entered to protect confidential information including personnel records related to other ING employees at issue in this matter.

3. Courts in the Third Circuit have recognized on several occasions that "personnel files are confidential and discovery should be limited." Morton v. F.H. Paschen, Inc., No. 96-7179, 1998 U.S. Dist. LEXIS 228, at *6 (E.D. Pa. Jan. 15, 1998) (citations omitted).

4. For this reason, courts in the Third Circuit have routinely granted protective orders designed to maintain the confidentiality of personnel records. See Province v. Pep Boys, No. 99-2162, 2000 U.S. Dist. LEXIS 4929, at *5-7 (E.D. Pa. Apr. 12, 2000) (protective order

granted as to personnel records); County Council v. SHL Systemhouse Corp., 182 F.R.D. 161, 163-64 (E.D. Pa. 1998) (same).

WHEREFORE, Defendant ING Bank, fsb respectfully requests that this Court enter an Order in the form attached at Exhibit A.

Dated: June 30, 2008

/s/ David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com
Attorneys for Defendant ING Bank, fsb

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG<br><br>Plaintiff,<br><br>v.<br><br>ING DIRECT<br><br>Defendant. | :<br>:<br>:<br>:   Case No. 07-555 (JJF)<br>:<br>:<br>:<br>:<br>: |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Defendant ING Bank, fsb, incorrectly referred to as ING Direct ("Defendant") through its counsel and Plaintiff Xianhua Zhang ("Plaintiff") pro se, hereby stipulate and agree as follows:

    1.    When Plaintiff or Defendant produce or provide documents at any time during the above-captioned litigation and reasonably believe that such documents contain confidential information, Plaintiff or Defendant shall stamp *or write on* all such documents with the word "CONFIDENTIAL" and such documents shall thereafter be protected under this Confidentiality Agreement and Protective Order. Stamping *or writing* such a legend on the cover of any multi-page document shall so designate all pages of such document unless otherwise indicated by Plaintiff or Defendant.

    2.    In addition to the documents stamped *or written with* "CONFIDENTIAL" as provided in paragraph 1, all records produced by Plaintiff's medical providers or CDI Corporation – IT Solutions pursuant to subpoena shall be stamped *or written with* "CONFIDENTIAL" by Defendant and thereafter shall be protected under this Confidentiality Agreement and Protective Order.

3. The inadvertent production of any responsive document, material, or information without the "CONFIDENTIAL" designation shall not operate as a waiver of its confidential status under this Confidentiality Agreement and Order, so long as any such inadvertent production is brought to the attention of opposing counsel promptly after its discovery.

4. If Plaintiff or Defendant wish to use any deposition testimony concerning documents, material, or information designated as Confidential, the portion of the deposition transcript which relates to such documents, material or information shall be designated and treated as Confidential and subject to the confidentiality provisions hereof.

5. Documents, material or information (including portions of deposition transcripts) received from the opposing party and designated as Confidential, or information derived therefrom (collectively "Confidential Information"), may be disclosed or made available by Plaintiff or Defendant (or their respective counsel) only to the following:

  A. Plaintiff and any agents or employees of Defendant (current or former) with whom Defendant's counsel reasonably believes the information is necessary to share in order to prepare the defense or evaluation of Plaintiff's claims;

  B. The Court and its personnel (in the manner provided by paragraph 7 hereof);

  C. Counsel of record and the attorney(s), paralegal(s), and clerical and secretarial staff employed by them;

  D. Court reporters utilized in this litigation;

  E. Any expert or consultant engaged or consulted in this action;

    F. Any other person as agreed upon by the parties or ordered by the Court.

6. Confidential Information shall be used by the persons receiving it only for the purposes of preparing for and conducting this litigation.

7. Prior to disclosure of Confidential Information protected by this Agreement and Order to an expert or consultant, Plaintiff or Defendant or their respective counsel shall supply any such persons with copies of this Agreement and Order and secure their written promise that they will not disclose any information protected by this Agreement and Order to anyone other than counsel and the parties. All other persons designated to receive and review Confidential Information under Paragraph 4 hereof, shall be instructed regarding the terms of the Agreement and Order, and he or she shall acknowledge its terms before disclosure of Confidential Information to such person.

8. All Confidential Information that is filed with the Court, and any pleadings, motions or other pleadings or papers filed with the Court disclosing any Confidential Information, shall be labeled "Confidential – Subject to Confidentiality Agreement and Order," filed under seal and kept under seal until further order of the Court. The original and all copies of any document filed under seal, including all copies served on parties to this action, shall be marked on the first page of the document, and each page thereof containing Confidential Information, with the above-referenced legend. Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. If at trial any party attempts to introduce into evidence or use in cross-examination Confidential Information, whether a document, deposition testimony

or otherwise, the opposing party may request that the Court preserve the confidentiality of that Confidential Information to the extent and by the means the Court deems necessary and appropriate. Use of Confidential Information at trial shall not destroy, or waive, the confidentiality of such information.

10. Nothing herein shall be construed as a concession by either party of the relevance or lack of relevance of any information or documents or to require either party to produce information or documents that it contends to be privileged or otherwise non-discoverable.

11. Upon termination of this action, including all appeals, the parties shall destroy or return to opposing counsel all documents or material designated as Confidential Information and all copies thereof (including such copies as may have been marked as deposition exhibits and/or exhibits to any motion, pleadings or other court documents).

12. Nothing in this Confidentiality Agreement and Order shall prevent either party from applying to the Court for any additional protection with respect to the confidentiality of documents, material or information as either party may consider appropriate.

13. The provisions of this Agreement and Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and the Court handling this action shall retain continuing jurisdiction in order to enforce the terms of this Agreement and Order.

14. In the event that a party has an objection to a confidentiality designation, counsel for the objecting party or the objecting party (if unrepresented) shall

notify opposing counsel in writing of the objection and the basis therefor. If the parties cannot resolve the dispute among themselves, then the party that objects to the Confidential designation will present the dispute to the Court by motion within 10 business days or waive his or its objection to confidentiality. During the pendency of any such motion or other process by which the Court considers the dispute, the document or information in question shall be treated as Confidential Information and subject to the provisions of this Agreement and Order.

15. In the event of a breach of this Agreement and Order, the non-breaching party shall be entitled to pursue any available remedy at law or equity.

16. Nothing contained herein shall be construed as a waiver by the parties of the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or duties. The parties agree that should issues relating to these duties and/or privileges arise, they will meet and confer to discuss the particular disclosure sought and, in any event, retain the right to present the issue to the Court for resolution.

Attorneys for Defendant

David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market St.
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com

DATED: June 30, 2008

Plaintiff Pro Se

Xianhua Zhang
212 Yorktown Court
Malvern, PA 19355

Dated: June 23, 2008

---

Joseph J. Farnan, Jr., U.S.D.J.

5

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that, on this date, I caused a true and correct copy of the foregoing document to be served on the plaintiff by electronic and first-class U.S. mail, postage prepaid, at the following address:

> Xianhua Zhang
> 212 Yorktown Court
> Malvern, PA 19355

Dated: June 30, 2008

/s/ David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com
Attorneys for Defendant ING Bank, fsb