IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIANHUA ZHANG | : | |
| Plaintiff, | : | Case No. 07-555 (JJF) |
| v. | : | |
| ING DIRECT | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS ADDRESSED
TO DEFENDANT – SET NO. 2**

Defendant ING Bank, fsb ("Defendant"), improperly referred to as ING Direct, by and through its undersigned attorneys, hereby responds and objects to Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 2.

## INTRODUCTION

These Responses and Objections to Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 2 reflect Defendant's present knowledge based upon a reasonable search. Defendant reserves the right to amend or supplement these Responses and Objections as further review or the discovery of additional documents may warrant.

These Responses and Objections are made explicitly subject to, and without in any manner limiting, waiving, or otherwise compromising, the General Objections set forth below. Defendant has answered Plaintiff's Requests for Production of Documents Addressed to Defendant – Set No. 2 as fully and specifically as is reasonably possible without undue burden to it.

## GENERAL OBJECTIONS

The following General Objections shall be deemed to be incorporated into Defendant's responses to each and every document Request. These objections will not be waived by the furnishing of information responsive to a document Request. Defendant reserves the right to amend, supplement, or revise these General Objections.

1. Defendant objects generally to the Requests to the extent they purport to seek information protected by the attorney-client privilege, the work-product doctrine, or are otherwise privileged or protected from discovery.

2. Defendant objects generally to the Requests and the instructions and definitions to the extent they purport to impose duties and obligations upon Defendant beyond those imposed under the Federal Rules of Civil Procedure and local rules.

3. Defendant objects generally to the Requests insofar as they seek duplicative information or otherwise would impose undue burden.

4. Defendant objects generally to the Requests as overly broad, unduly burdensome and as seeking information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Requests to the extent that they are unclear, confusing, vague and/or ambiguous.

## RESPONSES

1. All documents related to those Defendant's former employees except Plaintiff with their contact information including but not limited to home address, email and home phone number who are discharged by Defendant between 8/1/2004 and 9/1/2006.

**RESPONSE:**

Defendant objects to this Request on the basis that it is not limited in scope and seeks documents regarding all former employees discharged by Defendant no matter the reason for the termination, the department in which they worked, or the position that they held. Thus, the Request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. All documents related to those Defendant's current or former employees except Plaintiff with their contact information including but not limited to home address, email and home phone number who attended that routine company Probation Ending meeting held around 8/10/2005.

**RESPONSE:**

Defendant objects to this Request on the basis that it assumes a "Probation Ending meeting" occurred around August 10, 2005. Subject to and without waiving this or any other applicable objection, Defendant did not hold a "Probation Ending" meeting on August 10, 2005 for Plaintiff. Consequently, after reasonable investigation, Defendant is not aware of the existence of any documents in its possession, custody or control that are responsive to this Request.

3. Copies of Termination/Separation Form for those Defendant's former employees including Plaintiff who are discharged by Defendant between 8/1/2004 and 9/1/2006.

**RESPONSE:**

Defendant restates and incorporates its response to Request number 1. By way of further answer, Defendant has produced responsive documents related to Plaintiff.

4. All documents related to Mr. Dan Lu's annual performance reviews and salary adjustments from 10/2005 up to now.

**RESPONSE:**

Defendant produced all documents responsive to this Request in its possession, custody or control on July 16, 2008.

5.  All documents related to Plaintiff's discharge by Defendant except those sent to PA Bureau of UC Benefits and Allowances.

**RESPONSE:**

Defendant produced documents responsive to this Request in its possession, custody or control on April 28, 2008.

Dated: July 22, 2008

/s David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
Attorneys for Defendant/Counterclaim Plaintiff
ING Bank, fsb

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

## CERTIFICATE OF SERVICE

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of the foregoing Defendant's Objections and Responses to Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 2 was timely served by first class mail, postage prepaid, upon the following:

> Xianhua Zhang
> 212 Yorktown Court
> Malvern, PA 19355

Dated: July 22, 2008

/s David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com