IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ING DIRECT<br><br>　　　　Defendant. | Case No. 07-555 (JJF) |

**SUPPLEMENT TO DEFENDANT'S MOTION TO COMPEL
PLAINTIFF'S APPEARANCE AT DEPOSITION AND REQUEST FOR
LIMITED DISCOVERY EXTENSION**

Defendant ING Bank, fsb ("ING"), incorrectly identified in the Complaint as ING Direct, by and through its undersigned counsel, hereby supplements its June 16, 2008 motion to the Court to compel Plaintiff Xianhua Zhang to present himself for deposition ("Original Motion") because the discovery deadline in this matter is once again imminent and Plaintiff continues to refuse without any justification to be deposed until he is so ordered by the Court. Moreover, despite his own refusal to cooperate in the discovery process, Plaintiff continues to serve ING with discovery requests and harass ING regarding discovery requests that ING has already answered.

Accordingly, ING supplements its Original Motion and avers as follows:

1.　As set forth in its Original Motion, for the past four months ING has tried no less than six times to schedule Plaintiff's deposition without success. Time and again, Plaintiff either refused to be deposed or made his appearance contingent on the satisfaction of several unreasonable demands, including having ING reimburse him for time missed from work and

travel expenses and conducting the deposition in his Malvern, Pennsylvania home, or via telephone.

2. Plaintiff's latest refusal to be deposed makes it plain that he desires nothing more than to make discovery a completely one-sided affair. On June 16, 2008, the day ING filed its Original Motion, Plaintiff offered to "do deposition later next month." *See* Exh. A, 6/16/2008 Email Chain.

3. On July 15, 2008, Defense counsel followed-up with Plaintiff on his promise and asked him to provide several dates when he would be available to be deposed in July. *Id.*

4. Plaintiff replied the same day that he will not make himself available to be deposed until the Court rules on ING's motion to compel his appearance. *Id.*

5. ING, for its part, has continued to cooperate fully in the discovery process and has answered all of Plaintiff's discovery requests, including Plaintiff's Second Set of Document Requests and Second Set of Interrogatories, *after* Plaintiff refused to be deposed absent court intervention. *See* D.I. # 38, 41.

6. Plaintiff, however, despite his own refusal to participate in the discovery process, has not stopped from continuing to serve ING with additional discovery requests and harassing ING regarding discovery requests that ING has repeatedly answered. *See* Exh. B, Plaintiff's Third Set of Document Requests; Exh. C, 7/14/2008 Zhang Email to Defense Counsel.

7. Plaintiff's obdurate behavior makes clear his motive – he wishes to plague ING with repetitive and irrelevant discovery requests, while at the same time obstructing ING's right to take the most basic of discovery – Plaintiff's own deposition.

8. As a last resort, ING now turns to the Court and solicits it to end Plaintiff's time-consuming, costly sham by forcing him to appear for his deposition, under penalty of dismissal

with prejudice, for any further failure to appear. ING further requests that the Court relieve ING from having to answer Plaintiff's repetitive and irrelevant discovery requests until his deposition has been completed.

9. Additionally, discovery is currently scheduled to close on August 25, 2008, having once previously been extended because of Plaintiff's refusal to sit for deposition. So as to eliminate the prejudice Plaintiff caused to ING by virtue of his refusal to appear, we ask that the Court extend the discovery deadline for an additional thirty (30) days for the limited purpose of taking Plaintiff's deposition and any follow-up discovery Defendant needs thereafter.

WHEREFORE, Defendant ING Bank respectfully requests that this Court enter an Order that (1) compels Plaintiff Xianhua Zhang to present himself for deposition at Drinker Biddle & Reath LLP's Wilmington, Philadelphia or Berwyn office, for a full day of no longer than seven (7) hours, excluding breaks, within the next ten (10) calendar days, or his Complaint shall be dismissed with prejudice; (2) relieves ING from having to answer Plaintiff's discovery requests until Plaintiff's deposition has been completed; and (3) extends the discovery deadline an additional thirty (30) days for the limited purpose of taking Plaintiff's deposition and any follow-

up discovery Defendant needs thereafter.

Dated: August 6, 2008

/s/ David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700
Attorneys for Defendant ING Bank, fsb

4

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that, on this date, I caused a true and correct copy of the foregoing document to be served on the plaintiff by electronic and first-class U.S. mail, postage prepaid, at the following address:

>Xianhua Zhang
>212 Yorktown Court
>Malvern, PA 19355

Dated: August 6, 2008

/s/ David P. Primack
David P. Primack

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG<br><br>    Plaintiff,<br><br>v.<br><br>ING DIRECT<br><br>    Defendant. | Case No. 07-555 (JJF) |

## ORDER

AND NOW, this ___ day of _____, 2008, upon consideration of Defendant's Motion to Compel Plaintiff's Appearance at Deposition, all supplements and responses thereto, and for good cause shown, it is hereby ORDERED that the motion is granted. Accordingly, it is FURTHER ORDERED that

(1) Plaintiff Xianhua Zhang shall make himself available for deposition at the Wilmington, Philadelphia or Berwyn office of Drinker Biddle & Reath LLP for a full day of no longer than seven (7) hours, excluding breaks, within the next ten (10) calendar days;

(2) should Plaintiff fail or refuse to appear as ordered, the Complaint will be dismissed with prejudice;

(3) Defendant ING Bank, fsb shall have no obligation to answer Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 3, or any other discovery request from Plaintiff, until Plaintiff's deposition has been completed; and

(4) the discovery deadline, currently August 25, 2008, is hereby extended for the limited purpose of allowing Defendant to take Plaintiff's deposition and conduct any follow-

up discovery sought by Defendant after the conclusion of the deposition.

                                                                                                _____
                                                                                                Joseph J. Farnan, Jr., U.S.D.J.

# EXHIBIT A

### Yost, Edward N.

| | |
|---|---|
| **From:** | Yost, Edward N. |
| **Sent:** | Tuesday, July 15, 2008 9:53 AM |
| **To:** | 'Peter Zhang' |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | RE: Plaintiff's Interrogatories Directed to Defendant - Set No. 2 and Plaintiff's Request for Production of Documents Addressed to Defendant - Set No. 2 |
| **File:** | -1 |

Mr. Zhang,

In the below email, you offered to make yourself available to be deposed in the month of July. It is now the middle of July and you have not provided us with any dates when you are available to be deposed. Please provide several dates to me ASAP when you are available to be deposed over the next two weeks.

---

**From:** Peter Zhang [mailto:peterzhang9999@yahoo.com]
**Sent:** Monday, June 16, 2008 1:07 AM
**To:** Primack, David P.; Woolf, David J. (Philadelphia Partner); Yost, Edward N.
**Cc:** peter xianhua zhang
**Subject:** Plaintiff's Interrogatories Directed to Defendant - Set No. 2 and Plaintiff's Request for Production of Documents Addressed to Defendant - Set No. 2

Dear Mr. Attorneys:


This is resending of Plaintiff's Interrogatories Directed to Defendant - Set No. 2 and Plaintiff's Request for Production of Documents Addressed to Defendant - Set No. 2 to make sure you will get them. Please respond within 30 days starting 6/16/2008 required by law. Please reply with a courteous email to let me know that you have got them. Otherwise I will hold it as evidence that you have got them.


BTW, I have been busy those days to prepare Anwer Brief to your motion to compel and evaluating your responses to my emails dated 5/27/2008. I need time to prepare for deposition. So I suggest we can do deposition later next month.



Sincerely,

Peter Xianhua Zhang

8/4/2008

## Yost, Edward N.

| | |
|---|---|
| **From:** | Peter Zhang [peterzhang9999@yahoo.com] |
| **Sent:** | Tuesday, July 15, 2008 10:06 PM |
| **To:** | Yost, Edward N.; peter |
| **Cc:** | Woolf, David J. (Philadelphia Partner) |
| **Subject:** | Re: Plaintiff's Interrogatories Directed to Defendant - Set No. 2 and Plaintiff's Request for Production of Documents Addressed to Defendant - Set No. 2 |
| **Attachments:** | resp05272008letter.doc |

Mr. Attorneys:

Since you have filed a motion, I am still waiting for court decision.

BTW, I emailed you a letter in email format for your responses to my letter sent on 5/27 yesterday. The letter as word format is attached. Please send me a courteous email as proof of receiving it. Otherwise I will assume that you have got it.

Thanks,


Peter Zhang

8/4/2008

# EXHIBIT B

**In the U.S. District Court for the District of Delaware**

Xianhua Zhang
Plaintiff

Case No. 07-555

vs.

ING Direct
Defendant

Jury Trial Demanded

**Plaintiff's Request for Production of Documents
Addressed to Defendant - Set No. 3**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Xianhua Zhang requests that Defendant ING Direct produce documents hereinafter described and permit Plaintiff to inspect them and copy them. Plaintiff requests that the documents be made available to Plaintiff at 212 Yorktown Court, Malvern, PA 19355 within 30 days from date of service hereof. This request is intended to cover all documents in the possession, custody, and control of any Defendant, Defendant's agents, employees, insurance carriers, and attorneys.

**NOTE: A response of "will be supplied" or "will supplement" or "discovery is continuing" is not responsive. You have a duty to provide all items of which you are aware.**

**Definitions**
"Document" or "documents" includes, without limitation, writings and printed matter of any kind and description, photographs, emails and drawings, notes and records of oral communication, and recordings (tapes, discs or other) of oral communication. In all cases where originals are not available, "documents" also means copies of original documents and copies of non-identical copies.

The documents covered by this request are as follows:

1. All documents in details related to EEO training materials used by Defendant from the startup of company up to 9/1/2005.

2. All documents in details related to EEO trainings held by Defendant for all its employees of HR and IT departments from the startup of company up to 9/1/2005.

3. All documents in details related to all any OTHER charges of employment discrimination filed in EEOC against Defendant from the startup of company up to now. Those documents include but are not limited to charging parties' contact information of name, home address, email and home phone number, EEOC charge numbers, copies of charges sent to Defendant by EEOC, outcomes of charges and decisions made by EEOC.

4. All documents in details related to all any OTHER complaints of employment discrimination filed against Defendant from the startup of company up to now. Those documents include but are not limited to Plaintiffs' contact information of name, home address, email and home phone number, courts filed with docket/case number, copies of

complaints ~~made~~ *Filed* by Plaintiffs, settlements papers, verdicts by courts or jurors and Defendant's responses to Plaintiffs' discovery requests.

5. All intra-company documents/memoranda in details including emails and hand written notes related to Plaintiff issued among or between Defendant's managers of various levels and HR Department managers/employees.

6. All documents in details related to personal files of Kelley Yole and Naomi Seramone who discharged Plaintiff, including but not limit to performance evaluation and disciplinary memoranda, if any.

7. All emails and other documents in details sent to its IT Department between 5/15/05 and 8/15/05 from Defendant's CIO Rudy Wolfs for this 4 hour business time off credited by IT Department's successful pass of government audit.

8. All sample/blank documents/memoranda in details used by Defendant in the processes to discharge its employees.

9. All documents in details related to that 'mandatory training session'[1]/Probation Ending meeting hosted by Defendant HR Department around 8/10/05 including but not limited to the date of the session/meeting, invitation for the session/meeting, session/meeting procedures, gifts at the end of the session/meeting, purpose of the session/meeting, list of attendants, contact information for attendants that include home addresses, home phones, work emails and home emails.

10. All documents related to contact information of Defendant's former and current employees except Plaintiff who attended that routine company 'mandatory training session'/Probation Ending meeting held around 8/10/2005. Information includes but not limits to home address, email and home phone number. Mr. Ted Coyle and Mr. Preston Burroughs are two of those Defendant's former/current employees who attended the session/meeting.

11. All documents related to contact information of Defendant's former and current employees except Plaintiff who were hired by Defendant between 4/1/2005 and 6/1/2005. Information includes but not limits to home address, email and home phone number. Mr. Ted Coyle and Mr. Preston Burroughs are two of those Defendant's former/current employees who attended the session/meeting.

12. All documents/memoranda and emails in details sent to Plaintiff from Defendant HR Department between 4/11/05 and 8/16/05.

13. All documents related to home address of Defendant's former employee Mr. Yan Shi.

---

[1] The occurrence of this session is verified in Response filed by Defendant on 6/30/08 to Plaintiff's letter for open discovery issues sent on 5/27/08

2

14. All documents in details, except those already provided by Defendant, related to personal files of Mr. Dan Lu including but not limit to New Employee 30 day, 60 Day and 90 day performance reviews, annual and quarterly performance reviews, documents for salary adjustments and bonuses, and disciplinary memoranda, if any.

15. All documents in details related to the list of those documents and materials that Defendant did 'seek the return of documents and materials that belong to the Bank'[2] from Plaintiff's personal working area on 8/16/2005.

16. All documents related to contact information of team members including part time employee and contractor for Defendant's Database Services from 4/1/05 to 8/31/05 except Mr. Yan Shi and Mr. Preston Burroughs. Information includes but not limits to home address, email and home phone number.

17. All documents in details related to data concerning the composition of Defendant's current and past workforce by race and age on annual bases.

18. All documents in details related to data concerning the composition by race and age of Defendant's former employees discharged by Defendant from the startup of company up to now.

Xianhua Zhang, pro se
Plaintiff

Date: 8/13/2008

---

[2] See Defendant's response to Interrogatory No. 8 of Plaintiff's Interrogatories Set No. 1.

3

## CERTIFICATE OF SERVICE

I, Xianhua Zhang, hereby certify that a true and correct copy of the third set of Request for Production of Documents Addressed to Defendant has been electronically and timely mailed upon the following:

David P. Primack   David.Primack@dbr.com – Attorney for Defendant
David J. Woolf     David.Woolf@dbr.com – Attorney for Defendant
Edward N. Yost     Edward.Yost@dbr.com – Attorney for Defendant

*Xianhua Zheng*
Xianhua Zhang, pro se
Plaintiff

Date: 8/3/2008

# EXHIBIT C

## Yost, Edward N.

| | |
|---|---|
| **From:** | Peter Zhang [peterzhang9999@yahoo.com] |
| **Sent:** | Monday, July 14, 2008 10:29 PM |
| **To:** | Primack, David P.; Woolf, David J. (Philadelphia Partner); Yost, Edward N.; peterzhang9999@yahoo.com |
| **Subject:** | Issues with Response filed by Defendant on 6/30 to Plaintiff's letter for open discovery issues sent on 5/27/2008 |

Monday, July 14, 2008


**Xianhua Zhang**
212 Yorktown Court
Malvern, PA 19355

Drinker Biddle & Reath LLP
Attorneys for Defendant

RE:   Xianhua Zhang v. ING Direct, No. 07-555 (Dist. Del.)

Dear Mr. Attorneys:


After carefully reviewing your Response filed by Defendant on 6/30 to Plaintiff's letter for open discovery issues sent on 5/27/2008, I find following issues:


1. Documents for Request No. 14 are still missing after the execution of confidentiality agreement.


2. Documents for Request No. 23 are still missing. There is an email sent to the IT department from CIO Rudy Wolfs for this 4 hour business time off after IT department successfully passed government audit. There have been also several additional emails from him related to this time off. So documents do exist for this 4 hour business time off. Defendant has full legal obligations to provide them and Plaintiff has full legal rights to get them.


3. Documents for Request No. 24 & 25 are still missing. In you Response filed on 6/30, you treated it as an Interrogatory and even denied the existence of such a meeting. However in your response to Interrogatory 22 that is originally a Documents Request, you allege that Plaintiff fell asleep □during a mandatory training session□. That □mandatory training session□ is □Probation Ending meeting□. Please provide all detailed documents for that □mandatory training session□/□Probation Ending meeting□ including but not limited to the date of the session/meeting, written invitations to the session/meeting, session/meeting procedures, purpose of the session/meeting, list of attendants, contact information for attendants that include home addresses, home phones, work emails and personal emails.


8/4/2008

4. Documents for Request No. 29 are still missing.

5. Documents for Request No. 31 are still missing.

In addition, Defendant still refuses to answer Interrogatories No. 8, 10, 11, 12, 15, 16 and 17 or provide evasive answers. Please provide detailed documents and answers to interrogatories within **10 calendar days** of the date of this letter. Otherwise Plaintiff has to file motion to compel with the Court.


Sincerely,


Xianhua Zhang

8/4/2008