IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIANHUA ZHANG, <br><br> Plaintiff, <br><br> v. <br><br> ING DIRECT <br><br> Defendant. | Case No. 07-555 (JJF) |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT – SET NO. 3

Defendant ING Bank, fsb ("Defendant"), improperly referred to as ING Direct, by and through its undersigned attorneys, hereby responds and objects to Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 3.

### INTRODUCTION

Plaintiff's latest round of document requests, which were served on Defendants on August 3, 2008, are outside the August 25, 2008 discovery deadline imposed by the Court. Further, Plaintiff's continued refusal to participate in the discovery process in good faith also renders his latest round of document requests improper. Plaintiff has refused to make himself available for deposition. Plaintiff also has refused to provide complete, non-evasive responses to either Defendant's interrogatories or its document requests. Both of these issues are the subject of motions to compel which are currently before the Court. Consequently, Defendant responds to Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 3 only to preserve its objections to same, which are made explicitly subject to, and without in any manner limiting, waiving, or otherwise compromising, the General Objections set forth below.

## **GENERAL OBJECTIONS**

The following General Objections shall be deemed to be incorporated into Defendant's responses to each and every document Request. These objections will not be waived by the furnishing of information responsive to a document Request. Defendant reserves the right to amend, supplement, or revise these General Objections.

1. Defendant objects generally to the Requests to the extent they purport to seek information protected by the attorney-client privilege, the work-product doctrine, or are otherwise privileged or protected from discovery.

2. Defendant objects generally to the Requests and the instructions and definitions to the extent they purport to impose duties and obligations upon Defendant beyond those imposed under the Federal Rules of Civil Procedure and local rules.

3. Defendant objects generally to the Requests insofar as they seek duplicative information or otherwise would impose undue burden.

4. Defendant objects generally to the Requests as overly broad, unduly burdensome and as seeking information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Requests to the extent that they are unclear, confusing, vague and/or ambiguous.

6. Defendant objects to the Requests because Plaintiff has refused to participate in the discovery process in good faith by not providing complete, non-evasive responses to Defendant's interrogatories or document requests and by refusing to make himself available to be deposed.

7.      Defendant objects to the Requests because they are outside of the August 25, 2008 discovery deadline imposed by the Court.

## RESPONSES

1.      All documents in details related to EEO training materials used by Defendant from the startup of company up to 9/1/2005.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that the phrase "EEO training materials" is undefined, vague, and subject to multiple interpretations. Defendant also objects to this Request on the basis that it is overly broad and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

2.      All documents in details related to EEO trainings held by Defendant for all of its employees of HR and IT departments from the startup of company up to 9/1/2005.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that the phrase "EEO trainings" is undefined, vague, and subject to multiple interpretations. Defendant also objects to this Request on the basis that it is overly broad and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

3.      All documents in details related to all any OTHER charges of employment discrimination filed in EEOC against Defendant from the startup of company up to now. Those documents include but are not limited to charging parties' contact information of name, home address, email and home phone number, EEOC charge numbers, copies of charges sent to Defendant by EEOC, outcomes of charges and decisions made by EEOC.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request – which is not limited temporally, by bank department, or by

implicated employees – on the basis that it is overly broad and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney client privilege.

4. All documents in details related to all any OTHER complaints of employment discrimination filed against Defendant from the startup of company up to now. Those documents include but are not limited to Plaintiffs' contact information of name, home address, email and home phone number, courts filed with docket/case number, copies of complaints filed by Plaintiffs, settlements papers, verdicts by courts or jurors and Defendant's responses to Plaintiffs' discovery requests.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request – which is not limited temporally, by bank department, or by implicated employees – on the basis that it is overly broad and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney/client privilege. Moreover, many of the documents this Request seeks are a matter of public record and may be obtained by Plaintiff without Defendant's intervention. The burden to obtain documents and information in discovery is equally shared between Plaintiff and Defendant.

5. All intra-company documents/memoranda in details including emails and hand written notes related to Plaintiff issued among or between Defendant's managers of various levels and HR Department managers/employees.

**RESPONSE:**

Defendant objects to this Request - which is not limited to facts at issue in this case - on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent that it seeks documents protected by the attorney client privilege.

6. All documents in details related to personal files of Kelley Yohe and Naomi Seramone who discharged Plaintiff, including but not limit to performance evaluation and disciplinary memoranda, if any.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request seeks personal and private information related to other Bank employees.

7. All emails and other documents in details sent to its IT Department between 5/15/05 and 8/15/05 from Defendant's CIO Rudy Wolfs for this 4 hour business time off credited by IT Department's successful pass of government audit.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8. All sample/blank documents/memoranda in details used by Defendant in the processes to discharge its employees.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7.

9. All documents in details related to that 'mandatory training session'/Probation Ending meeting hosted by Defendant HR Department around 8/10/2005 including but not limited to the date of the session/meeting, invitation for the session/meeting, session/meeting procedures, gifts at the end of the session/meeting, purpose of the session/meeting, list of attendants, contact

information for attendants that include home addresses, home phones, work emails and home emails.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects on the ground that this Request is duplicative of requests that Plaintiff served previously and to which Defendant has already responded.

10. All documents related to contact information of Defendant's former and current employees except Plaintiff who attended that routine company 'mandatory training session'/Probation Ending meeting held around 8/10/2005. Information includes but not limits to home address, email and home phone number. Mr. Ted Coyle and Mr. Preston Burroughs are two of those Defendant's former/current employees who attended the session meeting.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11. All documents related to contact information of Defendant's former and current employees except Plaintiff who were hired by Defendant between 4/1/2005 and 6/1/2005. Information includes but not limits to home address, email and home phone number. Mr. Ted Coyle and Mr. Preston Burroughs are two of those Defendant's former/current employees who attended the session/meeting.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

12. All documents/memoranda and emails in details sent to Plaintiff from Defendant HR Department between 4/11/05 and 8/16/05.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that it is overly broad and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

13. All documents related to home address of Defendant's former employee Mr. Yan Shi. All documents in details, except those already provided by Defendant, related to personal files of Mr. Dan Lu including but not limit to New Employee 30 day, 60 Day and 90 day performance reviews, annual and quarterly performance reviews, documents or salary adjustments and bonuses, and disciplinary memoranda, if any.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects on the ground that this Request is duplicative of requests that Plaintiff served previously and to which Defendant has already responded.

14. All documents in details related to the list of those documents and materials that Defendant did 'seek the return of documents and materials that belong to the Bank' from Plaintiff's personal working area on 8/16/2005.

**RESPONSE:**

Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects on the ground that this Request is duplicative of requests that Plaintiff served previously and to which Defendant has already responded.

15. All documents related to contact information of team members including part time employee and contractor for Defendant's Database Services from 4/1/05 to 8/31/05 except

Mr. Yan Shi and Mr. Preston Burroughs. Information includes but not limits to home address, email and home phone number.

**RESPONSE:**

    Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request on the basis that the phrase "team members" is undefined, vague, confusing and subject to multiple interpretations. Defendant also objects to this Request on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

    16.    All documents in details related to data concerning the composition of Defendant's current and past workforce by race and age on annual bases.

**RESPONSE:**

    Defendant objects to this Request on the basis of General Objections 6 and 7. Defendant further objects to this Request because it is not limited in terms of temporal scope or relevant department. Consequently, this Request is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

    17.    All documents in details related to data concerning the composition by race and age of Defendant's former employees discharged by Defendant from the startup of company up to now.

**RESPONSE:**

Defendant restates and incorporates its response to Request No. 16.


Dated: Sept. 2, 2008
/s David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
Attorneys for Defendant/Counterclaim Plaintiff
ING Bank, fsb

OF COUNSEL:
David J. Woolf (admitted *pro hac vice*)
Edward N. Yost (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

## CERTIFICATE OF SERVICE

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of the foregoing Defendant's Objections and Responses to Plaintiff's Request for Production of Documents Addressed to Defendant – Set No. 3 was timely served by first class mail, postage prepaid, upon the following:

>Xianhua Zhang
>212 Yorktown Court
>Malvern, PA 19355

Dated: Sept. 2, 2008

/s David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com

PHLIT/ 961601.1