```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE
```

XIANHUA ZHANG,                        :
                                      :
          Plaintiff,                  :
                                      :
     v.                               :   Civil Action No. 07-555-JJF
                                      :
ING DIRECT,                           :
                                      :
          Defendant.                  :

## MEMORANDUM ORDER

Pending before the Court are Defendant's Motion To Compel Plaintiff To Provide Complete Non-Evasive Responses To Interrogatories 2, 3, 5, 16, 17 And Document Requests 10, 11, 12, 17, 21, 22 and 23 (D.I. 28), and Defendant's Motion To Compel Appearance At Deposition (D.I. 31). For the reasons discussed, Defendant's Motions will be granted.

**1.  Defendant's Motion To Compel Responses to Interrogatories and Document Requests (D.I. 28)**

Defendant's Interrogatory Nos. 2 and 3 and Document Request Nos. 10-12 and 17 are directed to Plaintiff's efforts, if any, to secure employment following termination and the extent to which Plaintiff was successful in these efforts. (D.I. 28, Exh. A.) Defendant contends, and the Court agrees, that this information is relevant to the issue of damages and/or mitigation of damages. Defendant's responses to these discovery requests have thus far been deficient. For instance, in response to Interrogatory No. 2 and Document Request No. 11, Plaintiff has provided only a list of e-mails and screenshots from his computer indicating that he

sent some e-mails in pursuit of employment. Plaintiff did not provide the actual e-mails. Similarly, with respect to Document Request Nos. 10 and 17, Plaintiff has produced only one document: a summary of Plaintiff's unemployment compensation between August 16, 2005, when his employment was terminated, and November 28, 2005, when he began consulting for the CDI corporation.[1] For Document Requests No. 11 and 12, Plaintiff has produced no documents. Because the Court finds that these discovery requests seek relevant discoverable information and because Plaintiff has not yet provided adequate responses, Defendant's Motion shall be granted with respect to these discovery requests. Plaintiff shall produce all documents in his possession, custody or control responsive to Document Request Nos. 10-12 and 17 on or before February 11, 2009. Plaintiff shall further supplement his responses to Interrogatory Nos. 2 and 3 so as to provide a more complete response on or before February 11, 2009.

Defendant's Interrogatory No. 5 and Document Request No. 23 seek information pertaining to any previous civil or criminal litigation that Plaintiff has been involved in. Pertinent to

---

[1] Plaintiff states in his Answer to Defendant's Motion To Compel that "at this time" he is only seeking back pay until he found employment with CDI corporation on November 28, 2005. (D.I. 35 at 2.) On the assumption that Plaintiff is limiting his claims, Defendant has offered to narrow the scope of its discovery requests. However, the Court is not confident that Plaintiff actually intends to limit his claims. Accordingly, the Court will allow Defendant to seek discovery commensurate with the full scope of its original discovery requests.

this request is litigation stemming from a January 2003 auto accident in which Plaintiff sustained injuries that allegedly caused him to require accommodations while employed by Defendant. Though Plaintiff alleges that Defendant already has some documents related to this litigation, the Court finds that information regarding this litigation is relevant to Plaintiff's disabilities and the scope of accommodations Defendant was required to provide, if any. Accordingly, Defendant's Motion shall be granted with respect to these discovery requests. To the extent Plaintiff has not already produced them, Plaintiff shall produce all documents in his possession, custody, or control responsive to Document Request No. 23 on or before February 11, 2009. In addition, Plaintiff shall provide a more complete response to Interrogatory No. 5 on or before February 11, 2009.

Defendant's Interrogatory No. 16 seeks information regarding the identities of any individuals with whom Plaintiff has discussed the instant litigation and the substance of those discussions. Defendant's Interrogatory No. 17 further asks the Plaintiff to identify the individuals who supplied information or otherwise assisted in the preparation of his interrogatory responses. In response, Plaintiff merely states that he "has done the job on his own up to now." (D.I. 35 at 2.) Because the requested information is relevant and may lead to the discovery

of additional relevant information, the Court will grant Defendant's Motion with respect to these discovery requests. Though Plaintiff has indicated that he has thus far litigated this case on his own, Defendant's discovery requests seek information beyond this fact. Plaintiff shall supplement his responses to Interrogatory Nos. 16 ad 17 so as to provide a more complete response on or before February 11, 2009.

Defendant's Document Request No. 21 seeks all documents and information that Plaintiff submitted to the EEOC in connection with his allegations against Defendant. Accordingly, this request seeks key documents directly relevant to this case. However, Plaintiff erroneously contends that these documents have no legal connection to this case. (D.I. 35, Exh. A.) Plaintiff further contends that Defendant already has the EEOC charge and related documents. (Id. at 2.) Though Defendant may have indeed acquired some of these documents through means other than a discovery request to Plaintiff, given the relevance of the requested documents, the Court will grant Defendant's Motion with respect to this discovery request. To the extent Plaintiff has not already done so, he shall produce all documents in his custody, possession, or control responsive to Document Request No. 21 on or before February 11, 2009.

Defendant's Document Request No. 22 seeks all documents that Plaintiff took with him upon termination of his employment.

Plaintiff objects to this request as "pure allegation." (D.I. 35, Exh. A.) Nevertheless, documentation that Plaintiff retained upon leaving ING may provide information regarding the circumstances of his termination, which is directly relevant to the instant dispute and may lead to the discovery of additional relevant information. Accordingly, Defendant's Motion will be granted with respect to this discovery request. Defendant shall produce all documents in his custody, possession, or control responsive to this document request on or before February 11, 2009.

2. **Defendant's Motion To Compel Appearance At Deposition (D.I. 31)**

Defendant has made repeated efforts to obtain Plaintiff's deposition. Over the course of four months, Defendant has tried six times to schedule Plaintiff's deposition and, in the process, has made numerous concessions in an attempt to reach agreement on the scheduling of a deposition. For instance, after Defendant proposed taking Plaintiff's deposition in Philadelphia, which is only about 26 miles from Plaintiff's home, Plaintiff complained that Philadelphia was too far from his home. Counsel for Defendant then agreed to depose Plaintiff at an office that was only about 7 miles from Plaintiff's home. (D.I. 31, Exh. C.) Likewise, Defendant showed great flexibility in repeatedly rescheduling the deposition at least three times in response to Plaintiff's persistent stonewalling. (See id., Exhs. A-G, L.)

5

Finally, after Plaintiff declined to sit for his deposition because certain documents in Defendant's production were allegedly unreadable, Defendant provided enlarged versions of the documents so that Plaintiff could read them easier.  (<u>Id.</u>, Exh. H.)  Despite these efforts, Plaintiff has yet to appear for a deposition.  Because the case cannot move forward until Plaintiff sits for his deposition, the Court will grant Defendant's Motion To Compel Plaintiff's deposition.

Plaintiff shall decide whether to sit for his deposition on February 16, 17 or 20 of 2009.  Plaintiff shall then appear for his deposition on the selected date.  Plaintiff's failure to comply with this procedure shall result in him being held in contempt of Court.

### **ORDER**

For the reasons discussed, it is hereby ordered that Defendant's Motion to Compel Plaintiff To Provide Complete Non-Evasive Responses To Interrogatories 2, 3, 5, 16, 17 And Document Requests 10, 11, 12, 17, 21, 22 and 23 (D.I. 28) is **GRANTED**, and Defendant's Motion To Compel Appearance At Deposition (D.I. 31) is **GRANTED**, in accordance with this Order.  Defendant shall be permitted to pursue discovery under this order until April 3, 2009.  In addition, Defendant shall have until April 3, 2009 to pursue follow-up discovery that reasonably flows from information discovered directly under this order.

6

With regard to Plaintiff's outstanding Rule 37(a) Motion To Compel Defendant To Provide Complete And Non-Evasive Responses to Plaintiff's Discovery Requests Detailed In This Motion (D.I. 47), Plaintiff shall have until February 6, 2009 to file and serve his Reply Brief. The Court will issue an Order on this Motion upon considering Plaintiff's Reply.

January 29, 2009
DATE

UNITED STATES DISTRICT JUDGE