```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

XIANHUA ZHANG,                  :
                                :
              Plaintiff,         :
                                :
     v.                         :  Civil Action No. 07-555-JJF
                                :
ING DIRECT,                     :
                                :
              Defendant.        :
```

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion To Compel Defendant To Provide Complete And Non-Evasive Responses To Plaintiff's Discovery Requests (D.I. 47). For the reasons discussed, Plaintiff's Motion will be granted in part and denied in part.

I. **Plaintiff's First Set Of Interrogatories (D.I. 24) And Document Requests (D.I. 23)**

   A. **Plaintiff's Document Request Nos. 19, 33 And 34**

Plaintiff's Document Request Nos. 19, 33, and 34 seek documents related to Defendant's processes and procedures for terminating employees, and, in particular, documents relating to rules pertaining to the seizure of terminated employees' personal items. Defendant has failed to produce any documents responsive to these requests, alleging that no such documents exist. (D.I. 47 at 2.) Plaintiff responds to this lack of production by noting that the ING Employee Handbook refers to a "termination procedure" that is coordinated with the Human Resources Department. (Id.) Plaintiff further notes that in response to

one of his interrogatories, Defendant stated that it "carried out the termination of Plaintiff's employment in a lawful manner and consistent with its personnel policies and past practice." (D.I. 26 at 11.) In light of the above evidence suggesting the existence of a "termination procedure" and "personnel policy," the Court will grant Plaintiff's motion with respect to these document requests. Though Defendants state that there are no documents responsive to these requests, the Court will order Defendants to construe Plaintiff's document requests broadly and conduct an additional search for documents responsive to these requests. Defendant shall produce any responsive documents on or before April 3, 2009.

B.  **Plaintiff's Document Request No. 23**

Plaintiff's Document Request No. 23 seeks documents related to his Personal Time Off and Business Time Off hours. Defendant has agreed to produce documents responsive to this request and has, in fact, already done so. (See D.I. 47, Exh. B.) Defendant now states that it has produced all documents responsive to this request. (D.I. 52 at 4.) Nevertheless, Plaintiff seeks additional documents pertaining to "4-hour Business Time Off as promised by Defendant" that he claims have not yet been produced. At the same time, Plaintiff claims that documents already produced by Defendant demonstrate that he "had already been approved to use this 4-hour Business Time Off together with 12-

2

hour Personal Time Off Scheduled on 8/18/2005 . . . ." (D.I. 47 at 2.) On reviewing the parties' submissions, the Court sees no reason to believe that Defendant has additional documents responsive to this request. Accordingly, the Court will deny Plaintiff's Motion with respect to this request.

    C.    **Plaintiff's Document Request Nos. 24 And 25**

Plaintiff's Document Request Nos. 24 and 25 seek documents pertaining to a meeting between Plaintiff and representatives of Defendant regarding the end of Plaintiff's introductory probationary employment period. In particular, Plaintiff seeks e-mails sent among employees of Defendant regarding such a meeting. (D.I. 47 at 3.) Defendant has failed to produce any documents responsive to this request, alleging that after a reasonable search it was unable to identify responsive documents. (D.I. 52 at 4.) Furthermore, in response to Plaintiff's Interrogatory No. 24, Defendant has stated that it does not hold "Probation Ending" meetings or send invitations to such meetings. (Id., Exh. 7 at 5.) Defendant further identified an employee, Kelley Yohe, that conducted a job coaching session with Plaintiff at about the time Plaintiff alleges the "Probation Ending" meeting took place. (Id. at 6.) Defendant also set forth the substance of that meeting, and further explained the process by which Defendant takes employees off introductory probationary periods. (Id. at 6.) In general, the Court finds that Defendant

has made a good faith effort to respond to these discovery requests. Nevertheless, there does not appear to be a dispute that there was a relevant meeting of some sort on or around August 10, 2005, and no documents have yet been produced pertaining to this meeting. Accordingly, the Court will, in part, grant Plaintiff's Motion with respect to this request. Specifically, Defendant shall confirm that no e-mails were exchanged regarding an August 10, 2005 meeting between Plaintiff and representatives of Defendant. Any such e-mails shall be produced on or before April 3, 2009.

### D. Plaintiff's Interrogatory No. 8

Plaintiff's Interrogatory No. 8 seeks a description of how Defendant discharges employees, focusing on Defendant's procedures, if any, for handling terminated employees' personal items. In response to this Interrogatory, Defendant explained that it does not seize the property of discharged employees, but does seek the return of documents and materials that belong to Defendant. (D.I. 52, Exh. 4 at 7.) Defendant further explained its policy regarding payment for accrued time off. (Id.) Plaintiff contends that this response is unsatisfactory because it fails to fully address that "plaintiff was cheated by defendant as how to handle his personal belongings during discharge process . . . ." (D.I. 57 at 2.) The Court has reviewed Defendant's response to Plaintiff's Interrogatory No. 8

and concludes that supplementation is not warranted. Accordingly, the Court will deny Plaintiff's Motion with respect to this request.

### E.  Plaintiff's Interrogatory Nos. 10, 11 and 12

Plaintiff's Interrogatory Nos. 10, 11 and 12 seek information regarding the handling of his personal property when Defendant terminated his employment. In particular, Defendant seeks an explanation as to why his personal property was allegedly searched upon his termination. In response to the Interrogatory, Defendant explained that upon terminating Plaintiff's employment, an employee of Defendant reviewed the contents of Plaintiff's cubicle, collected his personal items, and returned them to him before he left the termination meeting. (D.I. 52, Exh. 4 at 8.) Furthermore, in response to Plaintiff's Interrogatory No. 9, Defendant stated that this was done for the purpose of returning his personal material to him. (Id. at 7-8.) After reviewing Defendant's answers to these Interrogatories, the Court finds that supplementation is not warranted. Accordingly, the Court will deny Plaintiff's Motion with respect to this request.

### F.  Plaintiff's Interrogatory No. 15

Plaintiff's Interrogatory No. 15 seeks information regarding the "seizure" of his Personal Time Off and Business Time Off Pay. In particular, Plaintiff seeks to learn "who gave Defendant

5

rights" to "unlawfully seize" his personal time off hours. (D.I. 47 at 6.) In response, Defendant explained that employees do not accrue personal time off during their introductory probationary period. Defendant further explained that Plaintiff never emerged from the probationary period and thus did not accrue personal time off. (Id. at 10.) In addition, in response to Plaintiff's Document Request No. 23, Defendants produced documentation describing the personal time off Plaintiff would have accrued had he not been terminated prior to the end of the introductory probationary period. (See D.I. 47, Exh. B.) On reviewing these responses, the Court concludes that additional supplementation is not warranted. Accordingly, the Court will deny Plaintiff's Motion with respect to this request.

### G. Plaintiff's Interrogatory No. 16

Plaintiff's Interrogatory No. 16 seeks information regarding the amount of "lead time" employees must provide before leaving Defendant and the amount of "lead time" Defendant must provide prior to discharging employees. In response, Defendant explained that it asks – but does not require – employees to provide 10-day notice prior to leaving Defendant, but does not have a policy for providing notice to at-will employees prior to discharging them. (D.I. 52, Exh. 4 at 11.) On reviewing this response, the Court concludes that additional supplementation is not warranted.

Accordingly, the Court will deny Plaintiff's Motion with respect to this request.

### H. Plaintiff's Interrogatory No. 17

Plaintiff's Interrogatory No. 17 seeks to learn whether it discharged Plaintiff in the same way that it discharges other employees. In response, Defendant explained that it terminated Plaintiff's employment according to its personnel policies and "past practice." (D.I. 52, Exh. 4 at 11.) To the extent Plaintiff seeks additional information regarding personnel policies, the Court notes that it has ordered Defendant to produce any additional documents regarding such policies. (See supra Part 1.A.) Furthermore, in light of Defendant's statement that Plaintiff's termination was consistent with "past practice," the Court concludes that additional supplementation is not warranted. Additional supplementation would, as Defendant contends, require a case-by-case comparison of previous terminations to Plaintiff's termination, a process that, in the Court's view, would be unduly burdensome. Accordingly, the Court will deny Plaintiff's Motion with respect to this request.

## II. Plaintiff's Second Set Of Interrogatories (D.I. 33) And Document Requests (D.I. 34)

### A. Plaintiff's Document Request Nos. 1 and 3

Plaintiff's Document Request No. 1 seeks all documents related to employees who were terminated by Defendant between August 1, 2004 and September 1, 2006. Plaintiff's Document

7

Request No. 3 further seeks copies of all Termination/Separation forms for these employees. The Court agrees with Defendant that these requests are overbroad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has offered to limit these requests to only the "first 20 former employees" who were discharged during the stated time frame. (D.I. 47 at 8.) In the Court's view, this does not make these Requests meaningfully less objectionable. Accordingly, the Court will deny Plaintiff's Motion with respect to these requests.

### B.   Plaintiff's Interrogatory No. 2

Plaintiff's Interrogatory No. 2 seeks the contact information for the employee that searched Plaintiff's cubicle when he was discharged by Defendant. In particular, though Defendant has provided this employee's name and e-mail address, (D.I. 52, Exh. 11 at 3), Plaintiff further seeks this employee's home address. Defendant states that it does not object to providing this information. (Id. at 7.) Accordingly, the Court will grant Plaintiff's Motion with respect to this request.

### C.   Plaintiff's Interrogatory Nos. 3 and 6

Plaintiff's Interrogatory No. 3 seeks the identity of the individuals who directed an employee of Defendant to review Plaintiff's cubicle for his personal belongings when Plaintiff was terminated. Plaintiff's Interrogatory No. 6 seeks the

identity of the individuals who ordered an employee of Defendant to escort Plaintiff to the restroom during the discharge process. In response to these Interrogatories, Defendant explained that Kelly Yohe authorized Yan Shi to review Plaintiff's cubicle. Defendant further points to its responses to Plaintiff's Interrogatory Nos. 8, 13, 10, 22, 27, 31 and 34, which provide additional details regarding Defendant's termination of Plaintiff's employment and the individuals involved in the process. On reviewing these responses, the Court concludes that additional supplementation of these Interrogatory Responses are not warranted. Accordingly, the Court will deny Plaintiff's Motion with respect to this request.

### D.   Plaintiff's Interrogatory No. 11

Plaintiff's Interrogatory No. 11 seeks verification from every person who supplied information used to respond to Plaintiff's discovery requests. Defendant states that it has in fact provided verifications from the employees who assisted in responding to Plaintiff's discovery requests. The Court has reviewed Defendant's Interrogatory Responses and confirmed that the requested verifications were provided. (See D.I. 52 at Exhs. 4, 7, 11). Accordingly, the Court will deny Plaintiff's Motion with respect to this request.

**ORDER**

For the reasons discussed, in accordance with the guidance set forth in this Memorandum Order, it is hereby ordered that:

1. Plaintiff's Motion To Compel Defendant To Provide Complete And Non-Evasive Responses To Plaintiff's Discovery Requests (D.I. 47) is **GRANTED** with respect to Document Request Nos. 19, 33 and 34 of Plaintiff's Request For Production Of Documents Addressed To Defendant - Set No. 1 (D.I. 23);

2. Plaintiff's Motion To Compel Defendant To Provide Complete And Non-Evasive Responses To Plaintiff's Discovery Requests (D.I. 47) is **GRANTED IN PART** with respect to Document Request Nos. 24 and 25 of Plaintiff's Request For Production Of Documents Addressed To Defendant - Set No. 1 (D.I. 23);

3. Plaintiff's Motion To Compel Defendant To Provide Complete And Non-Evasive Responses To Plaintiff's Discovery Requests (D.I. 47) is **GRANTED** with respect to Interrogatory No. 2 of Plaintiff's Interrogatories Directed To Defendant - Set No. 2 (D.I. 33);

4. Plaintiff's Motion To Compel Defendant To Provide Complete And Non-Evasive Responses To Plaintiff's Discovery Requests (D.I. 47) is **DENIED** in all other respects.

February 10, 2009
DATE

Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE