```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

XIANHUA ZHANG,                    :
                                  :
           Plaintiff,             :
                                  :
     v.                           :  Civil Action No. 07-555-JJF
                                  :
ING DIRECT,                       :
                                  :
           Defendant.             :
```

### MEMORANDUM ORDER

Pending before the Court is a letter from Plaintiff Xianhua Zhang in which he writes "to request Your Honor to compel defendant to provide complete and non-evasive responses to Document Requests numbered 1 to 18 in my Third Set Request for Production of Documents." (D.I. 59.) The Court shall construe this letter as a motion to compel. In response to Plaintiff's motion, Defendant contends that the third set of document requests was untimely because it required Defendant to respond after the August 25, 2008 discovery deadline. (See D.I. 61.) The Court agrees with Defendant that the discovery requests were untimely. Nevertheless, because Plaintiff proceeds pro se, the Court will consider Plaintiff's motion to compel and determine whether additional discovery is warranted.

After reviewing Plaintiff's third set of document requests (D.I. 47, Exh. J), the Court concludes that some additional limited discovery is warranted. Specifically, the Court will grant Plaintiff's motion with respect to Document Request No. 5, which seeks intra-company documents pertaining to Plaintiff that

were exchanged by his managers and/or supervisors.  To the extent Defendant has not already produced documents responsive to Request No. 5, Defendant shall do so no later than April 24, 2009.

However, Plaintiff's motion shall be denied in all other respects.  With respect to Document Request Nos. 1-4, 6, 10, 11, 14-15, and 16-18, the Court concludes that they are either overbroad, unduly burdensome, and/or unlikely to lead to the discovery of relevant information.  With respect to Document Request Nos. 7-10 and 12-14, the Court further concludes that they are duplicative of previous discovery requests, many of which the Court considered in ruling on Plaintiff's previous motions to compel.  (See D.I. 58.)

Other than Defendant's possible production of documents responsive to Document Request No. 5, no additional discovery among the parties shall be allowed.  In addition, the Court will not entertain any additional discovery motions by either party.

## ORDER

For the reasons discussed, in accordance with the guidance set forth in this Memorandum Order, it is hereby ordered that:

1. Plaintiff's motion to compel (D.I. 59) is **GRANTED** with respect to Document Request No. 5;

2. Plaintiff's motion to compel (D.I. 59) is **DENIED** in all other respects.

April 3, 2009
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE

3