IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

XIANHUA ZHANG,                  :
                                :
        Plaintiff,              :
                                :
   v.                           :  Civil Action No. 07-555-JJF
                                :
ING DIRECT,                     :
                                :
        Defendant.              :

Xianhua Zhang, Pro se Plaintiff, Malvern, Pennsylvania.

David J. Woolf, Esquire and Amy L. Bashore, Esquire of DRINKER BIDDLE & REATH LLP, Philadelphia, Pennsylvania.

David P. Primack, Esquire of DRINKER BIDDLE & REATH LLP, Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

July 15, 2010
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is a Motion For Summary Judgment Pursuant To Fed. R. Civ. P. 56 (D.I. 73) filed by Defendant, ING Direct. For the reasons discussed, the Court will grant Defendant's Motion.[1]

## I. BACKGROUND

Plaintiff filed this action against Defendant alleging that he was he was illegally terminated from his employment with Defendant based on disability, age, and race. (D.I. 1.) Plaintiff is a male of Asian descent who was 47 years old at the time that he was hired by Defendant as a Database Support Engineer. A Database Support Engineer position requires significant computer database knowledge and experience and is "responsible for the ongoing support, administration, security and procedures for all enterprise database Sql Servers used to support ING Direct. This includes, but is not limited to controls and support of both data and code." (D.I. 74 Ex. F.)

---

[1] Plaintiff also filed a Motion (D.I. 75) requesting an extension of time to file his Answer Brief to Defendant's Motion For Summary Judgment, and Defendant filed a Motion To Compel (D.I. 65) requesting certain discovery and sanctions against Plaintiff. The Court will grant Plaintiff's Motion for an extension of time and has considered Plaintiff's Answer Brief in rendering this decision. In addition, in light of the Court's decision to grant summary judgment in favor of Defendant, the Court will deny as moot Defendant's Motion To Compel. The Court further concludes that the discovery disputes in this case do not rise to the level of warranting sanctions, and therefore, the request for sanctions will be denied.

In accordance with Defendant's corporate policy, Plaintiff was placed on a 90 day probationary period following his hiring. (Id. Ex. I §3.3.) Plaintiff's supervisor, Kelley Yohe, evaluated his performance at 30, 60 and 90 day benchmarks. (Id. Ex. J, K, L.) Although Plaintiff's performance reviews contain some positive comments, each one also contains significant critiques about Plaintiff's ability to perform his job. (Id.) As a result of these concerns, Plaintiff was continued on probation for an additional 30 days after his 90 day probationary period expired. (Id. Ex. L.) At the close of the 30 day extended probationary period, Ms. Yohe decided to terminate Plaintiff's employment with Defendant because "[h]e had difficulty applying his knowledge and skills to his assignments, used shell script to complete assignments contrary to clear instructions to use perl, did not learn SQL Server or make any progress in learning the database, and continued to lack a sense of urgency or commitment to his work despite his repeated failure to meet deadlines." (Id. Ex. D ¶ 29 (Yohe Decl.).)

Plaintiff acknowledges that this rationale was given for his termination, but disputes that it accurately describes the actual cause of his termination, which he contends was motivated by unlawful discrimination. (D.I. 79 at 10.) According to Plaintiff he works slower than the average employee due to right hand pain and fatigue caused by a herniated disk injury that he

suffered in a 2003 car accident. (D.I. 79.)

At the time Plaintiff was hired, he did not make his injury known to Defendant. However, at both his 30 and 60 day reviews, Plaintiff discussed his injury with Ms. Yohe. At the 30 day review, Ms. Yohe noted that Plaintiff's typing skills needed to improve (Id. Ex. J); however, she attributed Plaintiff's difficulty in typing to the two fingered typing technique he was using. (Id. Ex. D. ¶ 12.) At his 60 day review, Plaintiff asked for several accommodations for his typing speed. (Id. Ex. B, K.) Plaintiff acknowledges that the accommodations he requested were provided. In addition, Plaintiff acknowledges that Ms. Yohe suggested that he speak with the human resources department to arrange for any physical accommodations he may require; however, Plaintiff did not pursue any discussions with human resources because he was satisfied with Ms. Yohe's actions. (Id.)

## II. STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," then the court should grant summary judgment. Fed. R. Civ. P. 56(c). When considering whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-movant,

and resolve all reasonable inferences in the non-movant's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person would conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n. 1 (3d Cir. 1995) (internal citations omitted).

The movant bears the burden of proving the absence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986). Once the movant offers such proof, the non-movant "must come forward with 'specific facts showing [a] genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)). The mere existence of some evidence in support of the non-movant will not be sufficient to survive a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, in ruling on a summary judgment motion, the court must perform the "threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be

resolved in favor of either party." Id. at 250.

## III. DISCUSSION

By its Motion, Defendant contends that it is entitled to summary judgment on Plaintiff's claims of disability, age, and race discrimination. Specifically, Defendant contends that Plaintiff is precluded from asserting his claims because he testified during proceedings involving his car accident that he was terminated from Defendant due to poor performance. (D.I. 74 at 15.) Defendant also contends that Plaintiff cannot establish a prima facie case of unlawful discrimination and cannot establish that Defendant's legitimate business reasons for his termination are a pretext for unlawful discrimination. The Court will address Defendant's arguments in turn.[2]

    A.    Legal Framework for Discrimination Claims

Title VII prohibits discriminatory employment practices based upon an individual's "race, color, religion, sex, or national origin." See 42 U.S.C. § 2000e-2(c). Plaintiff carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under the burden shifting analysis of McDonnell-Douglas, once a plaintiff establishes a prima facie case of discrimination, the burden [shifts] to the employer to

---

[2] Because the Court concludes that Plaintiff cannot establish his discrimination claims, the Court declines to address Defendant's estoppel argument.

articulate some legitimate, nondiscriminatory reason for the adverse employment action. Id. at 802. Thereafter, Plaintiff must show by a preponderance of the evidence that the legitimate, nondiscriminatory reasons Defendant offers are merely pretext for discrimination. See Jones v. School Dist. of Phil., 198 F.3d 403, 410 (3d Cir. 1999) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981)). To make a successful showing of pretext, Plaintiff must present evidence that either: (1) casts sufficient doubt upon each of the legitimate reasons Defendant proffers so that a factfinder could reasonably conclude that each reason was a fabrication; or (2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause for the adverse employment action. See Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).

Plaintiff's "evidentiary burden at [the prima facie] stage is rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent-i.e., that discrimination could be a reason for the employer's action." Marzano v. Computer Science Corp., 91 F.3d 497, 508 (3d Cir. 1996). This initial burden is not intended to be onerous. Id. Similarly, Defendant's burden is relatively light and is satisfied if Defendant articulates a legitimate reason for the adverse employment action. See e.g., Woodson v. Scott Paper Co., 109 F.3d 913, 920 n. 2 (3d Cir. 1997).

articulate some legitimate, nondiscriminatory reason for the adverse employment action. Id. at 802. Thereafter, Plaintiff must show by a preponderance of the evidence that the legitimate, nondiscriminatory reasons Defendant offers are merely pretext for discrimination. See Jones v. School Dist. of Phil., 198 F.3d 403, 410 (3d Cir. 1999) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981)). To make a successful showing of pretext, Plaintiff must present evidence that either: (1) casts sufficient doubt upon each of the legitimate reasons Defendant proffers so that a factfinder could reasonably conclude that each reason was a fabrication; or (2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause for the adverse employment action. See Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).

Plaintiff's "evidentiary burden at [the prima facie] stage is rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent-i.e., that discrimination could be a reason for the employer's action." Marzano v. Computer Science Corp., 91 F.3d 497, 508 (3d Cir. 1996). This initial burden is not intended to be onerous. Id. Similarly, Defendant's burden is relatively light and is satisfied if Defendant articulates a legitimate reason for the adverse employment action. See e.g., Woodson v. Scott Paper Co., 109 F.3d 913, 920 n. 2 (3d Cir. 1997).

B.  Whether Defendant Is Entitled To Summary Judgment On Plaintiff's Discrimination Claims

As a threshold matter, the Court concludes that Plaintiff cannot demonstrate a prima facie case of disability or race discrimination.[3] With regard to his claim of disability discrimination, the Court concludes that Plaintiff has not demonstrated that he has a physical or mental impairment that substantially limits a major life activity, a record of such an impairment or that Defendants regarded him as having such an impairment. 42 U.S.C. § 12102(2) (statute prior to 2008 amendments).[4] Plaintiff has testified that his injury causes him to type slower and he is unable to play certain sports with his right hand; however, such claims are insufficient as a matter of law to establish a disability within the meaning of the ADA. See e.g. Benko v. Portage Area Sch. Dist., 241 Fed. App'x 842, 847 (3d Cir. 2007) (holding that "the asserted limitations - being 'slowed down' and not being able to perform exactly as he had in the past with respect to bending, stooping, walking long distances, and other similar taxing activities - likewise fail to

---

[3] Defendant does not challenge Plaintiff's ability to demonstrate a prima facie case of age discrimination, and argues only that Plaintiff cannot demonstrate that Defendant's legitimate business reasons for his discharge are pretextual. (D.I. 74 at 27.)

[4] The 2008 amendments to the ADA do not apply retroactively to Plaintiff's claims, which arose in 2005. Kania v. Potter, 2009 U.S. App. LEXIS 28202, *9-10 n.5 (3d Cir. Dec. 22, 2009).

rise to the level of a severe restriction"); Bielek v. Allegheny Ludlum Corp., 2006 U.S. Dist. LEXIS 7335, *35, n.2 (W.D. Pa. Sept. 22, 2006).

In addition, the Court concludes that Plaintiff cannot establish, for purposes of a prima facie case of race discrimination, that similarly situated persons who are not members of the protected class were treated more favorably, or the adverse job action occurred under the circumstances that give rise to an inference of discrimination. See Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003); Jones v. School Dist. of Phila., 198 F.3d at 410-11. After his termination, Plaintiff was replaced by another individual of Asian decent, and three of the seven Database Support Engineers who report to Ms. Yohe are Asian. Coulton v. Univ. of Pa., 2006 U.S. Dist. LEXIS 12459, *19 (E.D. Pa. Mar. 22, 2006), aff'd 237 Fed. App'x 741 (3d Cir. 2007) (acknowledging that the replacement of the plaintiff by someone of the same race undercuts a claim of racial discrimination); see also Boice v. SEPTA, 2007 U.S. Dist. LEXIS 74566, *35-36 (E.D. Pa. Oct. 5, 2007) (same); Burch v. WDAS AM/FM, 2002 U.S. Dist. LEXIS 12290, *24-25 (E.D. Pa. July 1, 2002) (holding that plaintiff could not establish the fourth element of the prima facie case where he was replaced by a person of the same protected class and presented no evidence of racially discriminatory motive). Plaintiff offers no evidence suggesting

an inference of racial discrimination and no evidence that other similarly situated individuals who were not in a protected class were treated more favorably, and therefore, the Court concludes, as a matter of law, that Plaintiff cannot establish a prima facie case of race discrimination.

However, even if Plaintiff can establish a prima facie case of race and disability discrimination, the Court concludes that Defendant is entitled to summary judgment on all of his discrimination claims, including his claim of age discrimination, because Plaintiff has failed to create a genuine issue of material fact concerning the pretext prong of the McDonnell-Douglas framework. Defendant maintains that Plaintiff was terminated due to performance issues. Defendant has produced substantial documentation that Plaintiff lacked proficiency with regard to writing scripts and learning the SQL Server, failed apply his technical knowledge to projects, failed to timely complete projects, and lacked a sense of urgency concerning his job duties. (D.I. 74, Ex. K.) These deficiencies were noted at each of Plaintiff's performance reviews, and Plaintiff has offered no evidence to counter Defendant's legitimate assertion that Plaintiff's termination was based on poor performance. The skills Plaintiff lacked were essential to his job duties as described in the job description for his position, and Plaintiff has admitted to these deficiencies during depositions in these

proceedings and other legal proceedings.[5] (D.I. 74, Ex. B, Zhang Tr. at 130:24-131:24, 137:10-11; 167:15-22, 203:2-13, 221:1-22, 222:17-224:2, 226:4-228:13; Ex. C., Bradburn Decl. at Tab 1, Zhang Tr. (Car Accident Case) at 52:14-23, 152:6-9, Tab 2, Zhang Pretrial Memo at 3; Ex. D, Yohe Decl. at 3, 16-17; Ex. F, Zhang Job Description.)

In sum, the Court concludes that Plaintiff has presented no evidence of specific facts demonstrating a genuine issue for trial that would permit a jury to either disbelieve Defendant's articulated legitimate reasons for Plaintiff's termination or to believe that it is more likely than not that Defendant acted with invidious discriminatory intent towards Plaintiff. Accordingly, the Court will grant Defendant's Motion For Summary Judgment.

## IV. CONCLUSION

For the reasons discussed, the Court will grant Defendant's Motion For Summary Judgment.

An appropriate order will be entered.

---

[5] To the extent that Plaintiff now contends that he was a strong performer, the Court concludes that Plaintiff's conclusory and unsupported assertions are insufficient as a matter of law to establish pretext. See e.g. Hunter v. Rowan Univ., 299 Fed. App'x 190 (3d Cir. 2008); Thompson v. Sears, Roebuck & Co., 2006 U.S. Dist. LEXIS 79354 (E.D. Pa. Oct. 30, 2006). As the Supreme Court has recognized "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999) (citations omitted).